**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| **In re:** | § | |
| | § | |
| | § | |
| **ILS Income Fund I LP,** | § | **Case No. 25-37277 (EVR)** |
| | § | |
| **Debtor.** | § | **Chapter 7** |
| | § | |
| **In re:** | § | |
| | § | |
| | § | |
| **ILS Growth Fund I LP,** | § | **Case No. 25-37281 (JPN)** |
| | § | |
| **Debtor.** | § | **Chapter 7** |
| | § | |

**CHAPTER 7 TRUSTEE'S EMERGENCY MOTION FOR ENTRY OF AN ORDER**
**(I) DIRECTING JOINT ADMINISTRATION OF CHAPTER 7 CASES AND**
**(II) GRANTING RELATED RELIEF**

**This Motion seeks an order that may adversely affect you. If you oppose the Motion, you should immediately contact the moving party to resolve the dispute. If you and the Moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response within 21 days of the date this was served on you. Your response must state why the motion should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the motion and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the Court may consider evidence at the hearing and may decide the motion at the hearing.**

**Represented parties should act through their attorney.**

**\*\*\*Emergency relief has been requested. If the Court considers the motion on an emergency basis, then you will have less than 21 days to answer. If you object to the requested relief or if you believe that the emergency consideration is not warranted, you should file an immediate response.\*\*\***

**<u>Relief is requested no later than Monday, December 16, 2025, at 5:00 p.m.</u>**

Ronald J. Sommers, Chapter 7 Trustee (the "***Trustee***") for the bankruptcy estates of ILS

Income Fund I LP and ILS Growth Fund I LP, files this *Emergency Motion for Entry of an Order*

1

*(I) Directing Joint Administration of Chapter 7 Cases and (II) Granting Related Relief* (the

"***Motion***").  In support of the Motion, the Trustee shows as follows:

## Relief Requested

1.      The Trustee requests entry of an order: (a) directing procedural consolidation and

joint administration of these Chapter 7 Cases (defined below); and (b) granting related relief.  The

Trustee requests that one file and one docket be maintained for both of the jointly administered

cases under the case of ILS Income Fund 1, LP, Case No. 25-37277 (EVR) and that the cases be

administered under a consolidated caption, as follows:

| | | |
|---|---|---|
| **In re:** | § | |
| | § | **Chapter 7** |
| | § | |
| **ILS Income Fund I LP,** *and* | § | **Case No. 25-37277 (EVR)** |
| **ILS Growth Fund I LP,** | § | |
| | § | |
| | § | |
| **Debtors.** | § | **(Jointly Administered)** |
| | § | |

2.      The Trustee also requests that a docket entry, substantially similar to the following

be entered on the docket of ILS Growth Fund I LP to reflect the joint administration of the Chapter

7 Cases:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of
> Bankruptcy Procedure and Rule 1015-1 of the Local Rules of the Bankruptcy Local Rules
> for the Southern District of Texas directing joint administration for procedural purposes
> only of the chapter 7 cases of: ILS Income Fund I LP, Case No. 25-37277 (EVR) and ILS
> Growth Fund I LP, Case No. 25-37281 (JPN). **All further pleadings and other papers
> shall be filed in and all further docket entries shall be made in Case No. 25-37277
> (EVR)**.

## Emergency Consideration

3.      The Trustee requests emergency consideration of this Motion.  The Chapter 7

Cases involve multiple real properties across Texas and other states.  The Debtors appear to have

overlapping liens and other interest in those real properties.  The Trustee needs to take immediate

action to protect the Bankruptcy Estates' interest and ensure that any value belonging to the Bankruptcy Estates in connection with those properties is preserved for their respective creditors. Any delay in granting the relief requested could hinder the Trustee's actions in these Chapter 7 Cases and cause irreparable harm. For this reason, the Trustee believes that emergency consideration is necessary and request that this Motion be heard on or before December 16, 2025.

## Jurisdiction

4. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. § 1334. Consideration of this matter is a core matter pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper in this district under 28 U.S.C. §§ 1408 and 1409(a) as the above-captioned bankruptcy case is pending before this Court.

## Background Facts

**A.     General Debtor Background**

5. ILS Income Fund I LP ("***ILS Income***") and ILS Growth Fund I LP ("***ILS Growth***" and together with ILS Income, the "***Debtors***") are limited partnerships formed under the laws of the State of Texas. The Debtors share the same general partner, ILS GP LLC. According to its website, the CEO of the ILS group of companies, which includes the Debtors, is Tom Berry.

6. Prepetition, the Debtors operated as investment funds that primarily invested in promissory notes secured by liens on commercial real property. Based on the Trustee's initial investigation, the Debtors appear to have liens on a number of properties across the United States, including in Texas, Oklahoma, Alabama, Kansas, North Carolina, Ohio, and Georgia. On many of the properties, the Debtors appear to hold multiple liens of varying priority.

**B.     Bankruptcy**

7. On December 1, 2025 (the "***Petition Date***"), ILS Income and ILS Growth each

3

filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code initiating bankruptcy cases under case numbers 25-37277 and 25-37281, respectively (the "***Chapter 7 Cases***") and creating the bankruptcy estates of ILS Income Fund I LP and of ILS Growth Fund I LP (collectively, the "***Bankruptcy Estates***").

8. Ronald J. Sommers was appointed the chapter 7 trustee of the Bankruptcy Estates.

9. On December 8, 2025, the Debtors filed their verified creditor matrices in their respective Chapter 7 Cases [Case No. 25-37277, Docket No. 5 and Case No. 25-37281, Docket No. 5] (collectively, the "***Creditors Matrices***").  An analysis of the Creditor Matrices indicates that the Bankruptcy Estates share a significant number of creditors/parties in interest.  For example, approximately 76% of the creditors listed on the ILS Income matrix are also listed on the ILS Growth matrix.

### Basis for Relief Requested

10. Bankruptcy Rule 1015(b) provides, in pertinent part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." FED. R. BANKR. P. 1015.  The Debtors share the same general partner and CEO.  The Debtors in these Chapter 7 Cases are "affiliates" as that term is defined in section 101(2) of the Bankruptcy Code.  Section 105(a) of the Bankruptcy Code empowers the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a).  Accordingly, the Court is authorized to grant the requested relief by virtue of the fact that ILS Income is an affiliate of ILS Growth.  Bankruptcy Local Rule 1015-1 provides additional authority for the Court to order joint administration of these Chapter 7 Cases. The Trustee has filed this Motion in compliance with the Bankruptcy Local Rules.

11.     Given the provisions of the Bankruptcy Rules and the Local Rules and the Debtors' affiliation with each other, joint administration is warranted and will provide significant administrative convenience without harming the substantive rights of any party in interest. Joint administration would avoid the preparation, replication, service, and filing, as applicable, of duplicative notices, applications, and orders, thereby saving the Bankruptcy Estates considerable expense and resources.

12.     Based on the Trustee's investigation to date, the Debtors' financial affairs and business operations appear to be closely related. For example, the Debtors hold liens secured by many of the same properties. Any action taken by the Trustee affecting an interest in a property will, by necessity, need to be noticed to the other Debtor's creditors, as it may impact the interest of the other Bankruptcy Estate in the subject property. Many of the motions, hearings, and orders in the Chapter 7 Cases will affect both Debtors and their respective estates. Creditors will not be adversely affected by the requested relief, as this Motion requests only administrative, and not substantive, consolidation. Each creditor shall still file its claim against a particular estate. In fact, all creditors would benefit by the reduced costs that will result from the joint administration. Joint administration will also reduce the uncertainty of having to file the same motion before two separate courts in this division. The Court will also be relieved of the burden of entering duplicative orders and maintaining duplicative files. Finally, supervision of the administrative aspects of the Chapter 7 Cases by the Office of the United States Trustee for the Southern District of Texas (the "*U.S. Trustee*") would be simplified.

13.     In view of the fact that joint administration is a procedural matter only, the Trustee respectfully requests that the Court direct any creditor filing a proof of claim to clearly assert its

claim against the particular Debtor obligated on such claim, and not against the jointly-administered estates.

14.     **Note: The Trustee is <u>not</u> requesting consolidation of the claim registers of the two bankruptcy cases.  Any creditor filing a claim must file its proof of claim in the claims register for the Debtor against whom the claim is asserted.**

15.     For these reasons, the Trustee submits that the relief requested herein is in the best interests of the Debtors, their Bankruptcy Estates, their respective creditors, and other parties in interest and, therefore, should be granted.

<u>Notice</u>

16.     The Debtors will provide notice of this Motion to: (a) the U.S. Trustee; (b) the creditors and parties in interest listed on the Debtors Creditor Matrices; (c) counsel to the Debtors; (d) the United States Attorney's Office for the Southern District of Texas; (e) the Internal Revenue Service; and (g) any party that has requested notice pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested, no other or further notice need be given

Ronald J. Sommers, Chapter 7 Trustee (the "***Trustee***") of the ILS Income Fund 1, LP and the ILS Growth Funds 1, LP bankruptcy estates request entry of an order, substantially in the form attached hereto, granting the relief requested herein and granting such other relief as is just and proper.

[*THE REMAINDER OF THIS PAGE HAS BEEN INTENTIONALLY LEFT BLANK*]

Respectfully submitted,

*/s/ Simon R. Mayer*
Elizabeth M. Guffy
Texas Bar Number 08592525
Simon R. Mayer
Texas Bar Number 24060243
**TROUTMAN PEPPER LOCKE LLP**
600 Travis Street, Suite 2800
Houston, TX 77002
Telephone:  713-226-1200
Facsimile:  713-226-3717
Email: Elizabeth.Guffy@troutman.com
           Simon.Mayer@troutman.com

***Proposed Counsel for***
***Ronald J. Sommers, Trustee***

## Rule 9013-1(i) Certificate

I certify that the foregoing statements are true and accurate to the best of my knowledge. This statement is being made pursuant to Bankruptcy Local Rule 9013-1(i).

*/s/ Simon R. Mayer*
Simon R. Mayer

## Certificate of Service

I certify that on December 12, 2025, a copy of the foregoing document was served electronically via the Court's Electronic Case Filing System on all parties registered for such service listed below.

- Melissa Anne Haselden on behalf of ILS Income Fund I LP
- Melissa Anne Haselden on behalf of ILS Growth Fund I LP
- Ronald J Sommers
- US Trustee

*/s/ Simon R. Mayer*
Simon R. Mayer

7