**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § § § | |
| **ILS Income Fund I LP,** | § § § | **Case No. 25-37277 (EVR)** |
| **Debtor.** | § § § | **Chapter 7** |
| **In re:** | § § § | |
| **ILS Growth Fund I LP,** | § § § | **Case No. 25-37281 (JPN)** |
| **Debtor.** | § § § | **Chapter 7** |

<u>**ORDER FOR JOINT ADMINISTRATION**</u>

Upon the emergency motion ("***Motion***")[1] of Ronald J. Sommers, Chapter 7 Trustee (the "***Trustee***") of the bankruptcy estates of ILS Income Fund I LP and ILS Growth Funds I LP, for entry of an order pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1, directing the joint administration of the chapter 7 cases for procedural purposes only, as more fully described in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the Amended Standing Order of Reference from the United States District Court for the Southern District of Texas; and this matter being a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and the Court being able to issue a final order consistent with Article III of the United States Constitution; and venue of this proceeding being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and appropriate notice of and opportunity for a hearing on the Motion having been given; and the relief requested in the Motion being in the best interests of the Debtors' Bankruptcy

---

[1] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to them in the Motion

Estates, their creditors and other parties in interest; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT:**

1. The above referenced cases are jointly administered for procedural purposes only and shall be jointly administered by the Court under the case number assigned to ILS Income Fund I LP, Case No. 25-37277 (EVR).

2. Additionally, the following checked items are ordered:

   ☒ Case No. 25-37281 (JPN) shall be transferred to Chief Judge Eduardo V. Rodriguez, who has the lower numbered case.

   ☒ Parties may request joint hearings on matters pending in any of the jointly administered cases.

   ☒ Other: See below.

3. The caption of the jointly administered Chapter 7 Cases shall read as follows:

| | | |
|---|---|---|
| **In re:** | § § § | **Chapter 7** |
| **ILS Income Fund I LP,** *and* **ILS Growth Fund I LP,** | § § § | **Case No. 25-37277 (EVR)** |
| **Debtors.** | § § § § | **(Jointly Administered)** |

4. A docket entry, substantially similar to the following, shall be entered on the docket in the ILS Growth Fund I LP case, Case No. 25-37281 (JPN) substantially as follows:

   An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Rules of the Bankruptcy Local Rules for the Southern District of Texas directing joint administration for procedural purposes only of the chapter 7 cases of: ILS Income Fund I LP, Case No. 25-37277 (EVR) and ILS Growth Fund I LP, Case No. 25-37281 (JPN). **All further pleadings and other papers**

**shall be filed in and all further docket entries shall be made in Case No. 25-37277 (EVR)**.

5.      In addition to the above docket entry, a copy of this Order shall be filed in the bankruptcy case of ILS Growth Fund I LP, Case No. 25-37281 (JPN).

6.      The Clerk of the United States Bankruptcy Court for the Southern District of Texas shall keep one consolidated docket, one file, and one consolidated service list for the Chapter 7 Cases.

7.      Any party in interest may request joint hearings on matters pending in any of these Chapter 7 Cases.

8.      Nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of these Chapter 7 Cases, and this order shall be without prejudice to the rights of the Trustee to seek entry of an order substantively consolidating the Bankruptcy Cases.

9.      Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion under the circumstances and the requirements of Bankruptcy Rule 6004(a) and the Bankruptcy Local Rules are satisfied by such notice.

10.     The Trustee is authorized to take all such actions as are necessary or appropriate to implement the terms of this order.

11.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this order.

_____
Eduardo V. Rodriguez
Chief United States Bankruptcy Judge