**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | § | |
|---|---|---|
| **In re:** | § | **Chapter 7** |
| | § | |
| **ILS Income Fund I LP,** *and* | § | **Case No. 25-37277 (EVR)** |
| **ILS Growth Fund I LP,** | § | |
| | § | |
| **Debtors.** | § | **(Jointly Administered)** |
| | § | |

**CHAPTER 7 TRUSTEE'S EMERGENCY MOTION TO**
**ENFORCE THE AUTOMATIC STAY UNDER 11 U.S.C. § 362**

**This Motion seeks an order that may adversely affect you.  If you oppose the Motion, you should immediately contact the moving party to resolve the dispute.  If you and the Moving party cannot agree, you must file a response and send a copy to the moving party.  You must file and serve your response within 21 days of the date this was served on you.  Your response must state why the motion should not be granted.  If you do not file a timely response, the relief may be granted without further notice to you.  If you oppose the motion and have not reached an agreement, you must attend the hearing.  Unless the parties agree otherwise, the Court may consider evidence at the hearing and may decide the motion at the hearing.**

**Represented parties should act through their attorney.**

**\*\*\*Emergency relief has been requested. If the Court considers the motion on an emergency basis, then you will have less than 21 days to answer. If you object to the requested relief or if you believe that the emergency consideration is not warranted, you should file an immediate response.\*\*\***

**Relief is requested no later than Tuesday, December 30, 2025, at 5:00 p.m.**

Ronald J. Sommers, Chapter 7 Trustee (the "***Trustee***") for the bankruptcy estates of ILS Income Fund I LP and ILS Growth Fund I LP, files this *Emergency Motion to Enforce the Automatic Stay Under 11 U.S.C. § 362* (the "***Motion***") seeking enforcement of the automatic stay to protect property of the Bankruptcy Estates and preserve value for their creditors.  In support of the Motion, the Trustee shows as follows:

1

**Relief Requested**

1.      The Trustee requests entry of an order confirming that the automatic stay extends to the Bankruptcy Estates' lienholder interests in a number of commercial real properties.  The Trustee makes this request because it appears that certain parties asserting senior liens against these same properties are in the process of foreclosing their asserted senior liens, and foreclosure of those liens is a violation of the automatic stay under 11 U.S.C. § 362.

2.      The Trustee seeks entry of an order confirming that the automatic stay extends to the Bankruptcy Estates' lienholder interests in part because it appears that at least some parties asserting senior liens against these properties believe that the automatic stay does not apply to the Bankruptcy Estates' interest in the properties because the Debtors do not hold title to real property subject to their liens.

**Emergency Consideration**

3.      The Trustee requests emergency consideration of this Motion.  These jointly administered cases were filed on December 1, 2025.  The Debtors' schedules were filed on December 15, 2025.  The Chapter 7 Cases involve interests in multiple real properties located across Texas and in other states.  The Debtors' Schedules reflect the specific properties on which the Debtors have liens.  However, the Schedules do not identify all the liens on the respective properties that may exist.  On December 16, 2025, the Trustee was notified that at least one purported senior lienholder (and there may be others) has posted a notice of foreclosure sale of a property against which the ILS Income Bankruptcy Estate also holds a lien.  That foreclosure sale is scheduled to occur on January 6, 2025.  Without emergency consideration, the foreclosure may eliminate the Estate's junior lien interest, thus preventing the Trustee from capturing any value in that property that maybe available to the Estates.  Given the number of properties and liens across

the United States, there may be other foreclosure sales scheduled to occur that the Trustee is unaware of.  For these reasons, the Trustee believes that emergency consideration is necessary and request that this Motion be heard on or before December 30, 2025.

4.     The Trustee does seek to prevent all foreclosures on any property going forward. The Trustee only asks for enforcement of the automatic stay to provide the Trustee with time to determine the Estates' lien positions with regard to the respective properties and whether there is sufficient value in those properties to allow a recovery for the benefit of the Bankruptcy Estates' creditors.  **To the extent a senior lien holder on a particular property demonstrates (i) it has a superior lien on the property and (ii) that the fair market value of the property is insufficient to provide a return to the Estate(s) on its respective lien(s), the Trustee would not oppose relief from the stay for that entity to proceed with a foreclosure action on that particular property.**  To this end, the Trustee has ordered title reports on many of the properties identified in the Schedules and is in the process of locating appraisers to obtain appraisals of those properties.

### Jurisdiction

4.     This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. § 1334. Consideration of this matter is a core matter pursuant to 28 U.S.C. § 157(b)(2)(A).  Venue is proper in this district under 28 U.S.C. §§ 1408 and 1409(a) as the above-captioned bankruptcy case is pending before this Court.

### Background Facts

**A.     General Debtor Background**

5.     ILS Income Fund I LP ("***ILS Income***") and ILS Growth Fund I LP ("***ILS Growth***" and together with ILS Income, the "***Debtors***") are limited partnerships formed under the laws of

the State of Texas.  The Debtors share the same general partner, ILS GP LLC.  According to its website, the CEO of the ILS group of companies, which includes the Debtors, is Tom Berry.

6.      Prepetition, the Debtors operated as investment funds that primarily invested in promissory notes secured by liens on commercial real property.  Based on the Trustee's initial investigation, the Debtors appear to have liens on a number of properties across the United States, including in Texas, Oklahoma, Alabama, Kansas, North Carolina, Ohio, and Georgia. On many of the properties, the Debtors appear to hold multiple liens of varying priority.

**B.      Bankruptcy**

7.      On December 1, 2025 (the "***Petition Date***"), ILS Income and ILS Growth each filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code initiating bankruptcy cases under case numbers 25-37277 and 25-37281, respectively (the "***Chapter 7 Cases***") and creating the bankruptcy estates of ILS Income Fund I LP and of ILS Growth Fund I LP (collectively, the "***Bankruptcy Estates***").

8.      Ronald J. Sommers was appointed the chapter 7 trustee of the Bankruptcy Estates.

9.      The Chapter 7 Cases were ordered jointly administered under case number 25-37277 on December 15, 2025.  [Docket No. 7].

10.      Also on December 15, 2025, the Debtors filed their respective bankruptcy schedules and statement of financial affairs [Docket Nos. 8 and 9] (collectively, the "***Schedules***").

11.      The Schedules identify approximately 20 different properties that either one or both Debtors have liens on.  [*See e.g.,* Docket No. 8, p.15–34].  Importantly, except in a few situations, the Schedules do not appear to reflect any other liens that may be encumbering the respective properties.

### C.      January Foreclosure Posting

12.      On December 16, 2025, the Trustee received a copy of a Notice of Substitute Trustee Sale, dated December 13, 2025, purporting to schedule a sale of certain property in Galveston County on January 6, 2026.  A copy of the Notice of Substitute Trustee Sale is attached hereto as **Exhibit 1**.

13.      The Debtor's Schedules filed by ILS Income reflect that ILS Income has a lien on the property that is the subject of the Notice of Substitute Trustee Sale.  [*Compare* Exhibit 1 *with* Docket No. 9, p.14].  The Trustee has not yet obtained either a title report or appraisal of the property in question.  To the extent the secured party's lien is superior to the Bankruptcy Estate's lien, a foreclosure sale will extinguish the Bankruptcy Estate's interest, thereby improperly exercising control over property of the Bankruptcy Estate.

14.      There may be other properties in which one or both of the Bankruptcy Estates have a lien interest that are also posted for foreclosure in January that the Trustee has not been made aware of.

15.      To date, no party has sought relief from the automatic stay in the Chapter 7 Cases to foreclose their interest on any liens senior to those of the Bankruptcy Estates.  [*See generally* Docket].

16.      The Trustee requests entry of an order confirming that the automatic stay extends to the Bankruptcy Estates' interest as a lienholder in any real property reflected in the Debtors' Schedules, and that any attempt by a senior lienholder to conduct a foreclosure sale of such property is a violation of the automatic stay.

**Basis for Relief Requested**

17.     The Bankruptcy Estates' interest in a lien is a property interest protected by the automatic stay.  Section 541(a)(1) of the Bankruptcy Code defines property of the bankruptcy estate broadly.  It provides that "[bankruptcy] estate is comprised of … all legal or equitable interests of the debtor in property as of the commencement of the case."  The scope of this section is broad.  *United States v. Whiting Pools, Inc.*, 462 U.S. 198, 204–205 & n.9 (1983) ("The scope of this paragraph [§ 541(a)(1)] is broad.  It includes all kinds of property, including tangible or intangible property, causes of action . . . and all other forms of property . . . .").

18.     The Fifth Circuit has held that a debtor's mortgage on real estate is a "property" interest for bankruptcy purposes and is protected by the automatic stay from foreclosure by a senior lienholder.  *See Florida Institute of Tech v. Carpenter (In re Westec Corp.)*, 460 F.2d 1139, 1142 (5th Cir. 1972).  In *Westec*, the Fifth Circuit held that the taxing authorities violated the automatic stay by proceeding with a foreclosure sale to foreclose their senior tax liens, thereby eliminating the debtor's junior lien, without first obtaining relief from the automatic stay.  *See also In re Strokes Ltd., P'ship*, 397 B.R 804, 807 (Bankr. N.D. Tex. 2008) (holding that a second lien held by the debtor is a property interest that triggers the protection of the automatic stay); and *In re A Partners, LLC*, 344 B.R. 114, 122 (Bankr. E.D. Cal. 2006) (holding that "[a]ll rights which the debtor holds as a lien against real property are property of the bankruptcy estate under § 541).

19.     Any attempt to foreclose a senior lien against a property on which the Bankruptcy Estate has a junior lien would have the effect of extinguishing the Bankruptcy Estate's lien interest in that property.  Section 362(a)(3) prevents "all entities", even non-creditors, from exercising control over property of the estate.  *See* 11 U.S.C. § 362(a)(3); *In re Strokes*, 387 B.R. at 807.  A

foreclosure proceeding that extinguishes a debtor's junior lien interest constitutes an exercise of control over property of the estate, pursuant to Bankruptcy Code Section 362(a)(3). *Id.*

20.     The Debtors' Schedules indicate that the Bankruptcy Estates have liens (sometimes multiple liens) on approximately 20 separate properties in ten (10) states.  On information and belief, many of those properties may be subject to additional liens that are senior to the Bankruptcy Estates' liens.  Any action by a senior lienholder to foreclose its liens on any of these properties without first obtaining relief from the automatic stay constitutes the exercise of control over property of the Bankruptcy Estate in contravention of the automatic stay.

21.     For these reasons, the Trustee submits that the relief requested herein is in the best interests of the Debtors, their Bankruptcy Estates, their respective creditors, and other parties in interest and, therefore, should be granted.

22.     As noted above, the Trustee only requests enforcement of the automatic stay to provide the Trustee with time to determine the Bankruptcy Estates' lien positions with regard to the properties in question and whether there is sufficient value in those properties to allow a recovery for the benefit of the Bankruptcy Estates' creditors.  **If a party asserting that it holds a senior lien on a particular property demonstrates (i) it has a superior lien on the property *and* (ii) that the fair market value of the property is insufficient to provide a return to the Bankruptcy Estate(s) based on the priority of its respective lien(s), the Trustee would not oppose relief from the stay for that entity to proceed with a foreclosure sale on that particular property.**

### Notice

23.     The Debtors will provide notice of this Motion to: (a) the U.S. Trustee; (b) the creditors and parties in interest listed on the Debtors Creditor Matrices; (c) counsel to the Debtors;

(d) the United States Trustee's Office for the Southern District of Texas; (e) the Beneficiary, Trustee and Substitute Trustees identified on Exhibit 1; (f) any party that the Trustee is able to identify who asserts a lien on any property on which a Bankruptcy Estate also holds a lien and (g) any party that has requested notice pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested, no other or further notice need be given

Ronald J. Sommers, Chapter 7 Trustee (the "*Trustee*") of the ILS Income Fund 1, LP and the ILS Growth Funds 1, LP bankruptcy estates request entry of an order, substantially in the form attached hereto, granting the relief requested herein and granting such other relief as is just and proper.

Respectfully submitted,

*/s/ Simon R. Mayer*
Elizabeth M. Guffy
Texas Bar Number 08592525
Simon R. Mayer
Texas Bar Number 24060243
**TROUTMAN PEPPER LOCKE LLP**
600 Travis Street, Suite 2800
Houston, TX 77002
Telephone:  713-226-1200
Facsimile:  713-226-3717
Email: Elizabeth.Guffy@troutman.com
          Simon.Mayer@troutman.com

***Proposed Counsel for***
***Ronald J. Sommers, Trustee***

### Rule 9013-1(i) Certificate

I certify that the foregoing statements are true and accurate to the best of my knowledge. This statement is being made pursuant to Bankruptcy Local Rule 9013-1(i).

*/s/ Simon R. Mayer*
Simon R. Mayer

8

**Certificate of Service**

I certify that on December 18, 2025, a copy of the foregoing document was served electronically via the Court's Electronic Case Filing System on all parties registered for such service listed below.

- Melissa Anne Haselden on behalf of ILS Income Fund I LP
- Melissa Anne Haselden on behalf of ILS Growth Fund I LP
- Ronald J Sommers
- US Trustee

I further certify that on December 18, 2025, a copy of the foregoing document was served on the parties listed below via the method indicated.

The Mint National Bank, N.A.
c/o Jim Mills, Susan Mills, George Hawthorne,
Ed Henderson, Andew Mills-Middlebrook
9130 Jollyville Rd., Ste 100-21
Austin, Texas 78759
*Via U.S. Mail*

Jet Lending LLC
1419 FM 1960 E
Houston, TX 77073
info@jetlending.com
*Via U.S. Mail and Email*

Good Bull Lending LLC
Porter Hedges LLP
Attn: Aaron Power
1000 Main St., 36th Floor
Houston, TX 77002
apower@porterhedges.com
*Via Email*

*/s/ Simon R. Mayer*
Simon R. Mayer