**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § § § | **Chapter 7** |
| **ILS Income Fund I LP,** *and* **ILS Growth Fund I LP,** | § § § § | **Case No. 25-37277 (EVR)** |
| **Debtors.** | § § § | **(Jointly Administered)** |

### ORDER GRANTING THE CHAPTER 7 TRUSTEE'S EMERGENCY MOTION TO ENFORCE THE AUTOMATIC STAY UNDER 11 U.S.C. § 362

Upon the emergency motion ("***Motion***")[1] of Ronald J. Sommers, Chapter 7 Trustee (the "***Trustee***") of the bankruptcy estates of ILS Income Fund I LP and ILS Growth Funds I LP, for entry of an order confirming that the automatic stay extends to the Bankruptcy Estates' lienholder interests in a number of commercial real properties; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the Amended Standing Order of Reference from the United States District Court for the Southern District of Texas; and this matter being a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and the Court being able to issue a final order consistent with Article III of the United States Constitution; and venue of this proceeding being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and appropriate notice of and opportunity for a hearing on the Motion having been given; and the relief requested in the Motion being in the best interests of the Debtors' Bankruptcy Estates, their creditors and other parties in interest; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT:**

---

[1] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to them in the Motion

1.      The Bankruptcy Estates' interest in a lien is property of the respective Bankruptcy Estate to the fullest extent allowed under 11 U.S.C. § 541.

2.      Subject to section 362 of the Bankruptcy Code, all persons (including individuals, partnerships, corporations, and other entities and all those acting on their behalf) and governmental units, whether of the United States, any state or locality therein are hereby stayed, restrained, and enjoined from taking any action to exercise control over property of a Bankruptcy Estate, including taking any action that may impact or effect a Bankruptcy Estate's interest in a lien.

3.      Any action by a senior lienholder seeking to foreclose its liens on any property(ies) on which a Bankruptcy Estate asserts a lien must first obtain relief from the automatic stay from this Bankruptcy Court.

4.      For avoidance of doubt, this Order does not expand or enlarge the rights afforded to the Trustee or the Bankruptcy Estates under the Bankruptcy Code.

5.      The Trustee is authorized to serve this Order upon creditors, governmental units, interested parties, and/or parties who assert liens against any properties on which a Bankruptcy Estate asserts a lien.

6.      This Order remains subject to section 362 of the Bankruptcy Code, including its exceptions.  This Order shall not affect the exceptions to the automatic stay contained in section 362(b) of the Bankruptcy Code or the right of any party in interest to seek relief from the automatic stay in accordance with section 362(d) of the Bankruptcy Code.

7.      Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion under the circumstances and the requirements of Bankruptcy Rule 6004(a) and the Bankruptcy Local Rules are satisfied by such notice.

8. The terms and conditions of this Order are immediately effective and enforceable upon its entry.

9. The Trustee is authorized to take all such actions as are necessary or appropriate to implement the terms of this Order.

10. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

_____

Eduardo V. Rodriguez
Chief United States Bankruptcy Judge

3