**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § § § | **Chapter 7** |
| **ILS Income Fund I LP,** *and* **ILS Growth Fund I LP,** | § § § | **Case No. 25-37277 (EVR)** |
| **Debtors.** | § § § § | **(Jointly Administered)** |

**APPLICATION FOR EMPLOYMENT OF TROUTMAN PEPPER LOCKE, LLP**
**AS GENERAL BANKRUPTCY COUNSEL FOR THE TRUSTEE**
**FOR THE BANKRUPTCY ESTATES OF**
<u>**ILS INCOME FUND I LP AND ILS GROWTH FUND I LP**</u>

| | |
|---|---|
| Name of Trustee | Ronald J. Sommers |
| Name of Professional to be Employed | Troutman Pepper Locke, LLP with Elizabeth Guffy and Simon Mayer to act as lead counsel |
| Reason that Employment is Needed | The Trustee requires the assistance of counsel with, among other things, the following:<br>(i)   Assisting in the investigation, recovery and liquidation of assets of the Estate, including interest in certain liens on real property;<br>(ii)   Investigating and, if appropriate, prosecuting claims and causes of action, including avoidance actions; and<br>(iii)   Prosecuting any non-routine claim objections. |
| Reason the Trustee Selected this Professional | The law firm has had considerable experience in matters of this character. The Trustee believes that the law firm is well qualified to represent him in this case. |
| Professional's Connections to the Case | The law firm's connections are set forth in the law firm's declaration attached hereto as **Exhibit 1**. However, none of those connections rise to the level of a conflict. The law firm represents no interest adverse to the Trustee or the Debtor's bankruptcy estate. Troutman Pepper Locke LLP is a "disinterested person" within the meaning of section 101(14) of title 11 of the United States Code. |

1

| Compensation Arrangement | Hourly, Elizabeth Guffy's discounted hourly rate for this engagement is $1,200; Simon Mayer's discounted hourly rate for this engagement is $1,150. |
|---|---|

**This Motion seeks an order that may adversely affect you. If you oppose the Motion, you should immediately contact the moving party to resolve the dispute. If you and the Moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response within 21 days of the date this was served on you. Your response must state why the motion should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the motion and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the Court may consider evidence at the hearing and may decide the motion at the hearing.**

**Represented parties should act through their attorney.**

**To the Honorable Eduardo V. Rodriguez,**
**Chief United States Bankruptcy Judge:**

Ronald J. Sommers, the chapter 7 trustee (the "***Trustee***" or "***Applicant***") for the above-referenced bankruptcy estates hereby files his *Application for Employment of Troutman Pepper Locke, LLP as General Bankruptcy Counsel for the Trustee for the Bankruptcy Estates of ILS Income Fund I LP and ILS Growth Fund I LP* (the "***Application***"), effective December 10, 2025. In support of the Application, the Trustee would respectfully submit as follows:

## JURISDICTION

1.      This Court has jurisdiction over this Application pursuant to 28 U.S.C. § 1334. The predicate for the relief requested in the Application is sections 327, 328, and 330 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (as amended, the "***Bankruptcy Code***"), Rule 2014 of

2

the Federal Rules of Bankruptcy Procedure, Rule 2014–1 of the Local Bankruptcy Rules for the Southern District of Texas.

## CORE PROCEEDING

2.      This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O). Since this is a core proceeding, the Bankruptcy Court has constitutional authority to enter final orders regarding the Application.  Further, to the extent that the Court determines that it does not have authority to enter a final order on a portion or all of the Application, the Trustee requests that the Court issue a report and recommendation for a final order to the United States District Court of the Southern District of Texas.

## BACKGROUND

3.      On December 1, 2025 (the "*Petition Date*"), ILS Income Fund I LP ("*ILS Income*") and ILS Growth Fund I LP ("*ILS Growth*", and collectively with ILS Income, the "*Debtors*") each filed voluntary petitions for relief under chapter 7 of the United States Bankruptcy Code, 11 U.S.C. § 101, *et seq*. (the "*Bankruptcy Code*") thereby commencing Case Numbers 25-37277 and 25-37281 (collectively, the "*Cases*"), respectively, in the United States Bankruptcy Court (the "*Bankruptcy Court*").

4.      Shortly thereafter, Ronald J. Sommers was appointed as the chapter 7 trustee of the ILS Income and ILS Growth bankruptcy estates (collectively, the "*Estates*").

5.      On December 12, 2025, the Trustee filed a motion for joint administration of the Cases [Docket No. 6] (the "*Joint Administration Motion*").  On December 15, 2025, the Court ordered joint administration of the Cases under Case Number 25-37277.  [Docket No. 7].

## REQUESTED RELIEF

6.      The Trustee seeks to employ the Law Firm as his general bankruptcy counsel for

3

both the ILS Income Estate and the ILS Growth Estate.

7.     Prepetition, the Debtors operated as investment funds that primarily invested in promissory notes secured by liens on commercial real property.  Based on the Trustee's initial investigation, the Debtors appear to have liens on a number of properties across the United States, including in Texas, Oklahoma, Alabama, Kansas, North Carolina, Ohio, and Georgia.  The Debtors appear to hold multiple liens of varying priority on many of these properties.

8.     The Trustee has identified real property interests, notably the multiple liens, and potential personal property that are assets of the Estate and may be available for liquidation.  Additionally, the Trustee is also in the process of investigating potential claims and causes of action owned by one or both of the Estates, including chapter 5 avoidance actions, that may be available for prosecution.  He will also need to investigate the Debtors other financial affairs to see if there are any other transfers of assets or claims belonging to the Estate.  The Trustee requires the assistance of counsel to represent and assist him in carrying out his duties under the Bankruptcy Code.  The Trustee wishes to employ the law firm of Troutman Pepper Locke LLP (the "***Law Firm***") as attorneys for the Trustee, effective December 10, 2025 with Elizabeth M. Guffy and Simon R. Mayer as co-lead counsel for the Trustee.  The Trustee requires assistance, in part, to identify and liquidate certain assets of the Estate, among other matters.

9.     The Trustee has selected the Law Firm because it has considerable experience in matters of this character, and the Trustee believes that the Law Firm is well qualified to represent him.  The Law Firm, and attorneys at the Law Firm, have previously represented the Trustee in other, unrelated cases in which he was appointed trustee.  The Trustee believes that the issues presented by these Cases are difficult and complex and will require the assistance of counsel with significant experience in real estate finance and securities law in addition to bankruptcy matters.

10. The Law Firm is a full-service law firm, with 33 offices and more than 1,500 attorneys serving clients around the world. Including offices in states where the Debtors appear to have lien interests in properties, such as Georgia and North Carolina. The Law Firm's website at www.troutman.com contains additional detailed information regarding Law Firm.

11. The Law Firm has approximately fifty (50) lawyers plus related support staff in its Bankruptcy and Restructuring group. The Law Firm, then known as Locke Lord LLP, was named to the Global Restructuring Review's top 100 Firms in 2019, 2020, 2021, 2022, 2023, 2024 and 2025. The Law Firm's bankruptcy lawyers include members of the Texas bankruptcy bar who routinely represent clients, including trustees, in both chapter 7 and chapter 11 cases. Simon R. Mayer estimates that he has represented chapter 7 trustees in no less than two hundred (200) cases. Mayer has also been named in *Texas Monthly* magazine's "Rising Stars" and "Super Lawyers" editions and is board certified by the Texas Board of Legal Specialization in business bankruptcy law.

12. In addition to the strength of its bankruptcy practice group, the Law Firm has considerable experience and expertise in real estate finance and in commercial mortgage-backed securities, which will be necessary for the Trustee's analysis of the issues presented by the Debtors' lien interests and by the claims that are expected to be asserted by the Debtors' numerous investors.

13. The Law Firm's expertise in these areas is complemented by its offices in many of the jurisdictions where the commercial real properties subject to the Debtors' liens are located. The Law Firm has offices in Texas, North Carolina, Georgia, and Ohio, which will reduce the number of local counsel the Trustee will need to employ.

14. There are a limited number of law firms in the Houston area in whom the Trustee would have the confidence to represent him in bankruptcy cases. However, for the reasons noted

above, the Trustee considers Law Firm the best option to represent him in this Bankruptcy Case.

15.     The Law Firm maintains offices in the Southern District of Texas at 600 Travis Street, Suite 2800, Houston, Texas 77002.  The Law Firm's main telephone number is (713) 226-1200.

**I.     General Bankruptcy Counsel Representation**

16.     The Trustee now requires the services of bankruptcy counsel to perform the duties of the Trustee's general bankruptcy counsel.  The Applicant proposes that the Law Firm shall perform the following professional services:

    i.     To assist the Trustee with respect to the disposition of the assets of the Estates, including, but not limited to, the sale of secured notes held by the Debtors, the foreclosure of liens held by the Debtor, and the sale of any properties purchased by the Estates through a credit bid at foreclosure;

    ii.     to file pleadings with the Court and to represent the interests of the Debtors' respective Estates in regard to any adversaries, appeals, or contested matters before this Court and litigation in other courts, particularly with regard to the Estates' interests in various assets and the positions of unsecured creditors, whether by motion, adversary action, turnover proceedings, or litigation activities of every description in other courts;

    iii.     to assist the Trustee, including the drafting and filing of any necessary pleadings, in the recovery and liquidation of any assets of the Estates;

    iv.     to assist the Trustee, including the drafting and filing of any necessary pleadings, in the avoidance and recovery of any claims or causes of action held by the Estates, including any claims under chapter 5 of the Bankruptcy Code;

    v.     to analyze, institute, and prosecute actions regarding determination and recovery of property of the Estates, to the extent such activities would be economically beneficial to the Estates;

    vi.     to institute and prosecute non-routine objections to proofs of claim;

    vii.     to aid in the representation of Trustee in any litigation against the Trustee in his official capacity;

    viii.     to render legal advice and assistance with regard to matters involving taxation of the Estates;

6

ix.    to assist in resolution of title problems associated with property of either Estate;

x.    to collect any judgments that may be entered in favor of an Estate; and

xi.    to assist the Trustee to operate the business of the Debtor(s), if any, as necessary.

## II.    Law Firm's Connections

17.    The Law Firm did not represent the Debtors prior to or during the Bankruptcy Cases.

18.    The Law Firm has a process in place to check for conflicts of interest and other conflicts and connections with respect to new matters, including the Debtors' Cases.  The Law Firm maintains a database containing the names of current, former, and potential clients.  The Law Firm has a department that researches and analyzes potential conflict of interest and conflict issues. The Law Firm has reviewed and analyzed its database to determine if any conflict of interest or other connection exist.

19.    Except as set forth in the *Declaration of Simon Mayer in Support of the Application for Employment of Troutman Pepper Locke, LLP as General Bankruptcy Counsel for the Trustee* (the "***Declaration***") attached hereto **Exhibit 1** and incorporated herein by reference for all purposes, to the best of Applicant's knowledge after diligent inquiry and as evidenced by the Declaration, the Law Firm has no connection with the Debtors, their creditors, any other party-in-interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee.  While connections may exist, the Law Firm submits that none of these connections rise to the level of a conflict.

20.    The Law Firm represents no interest adverse to Applicant as Trustee or the Estates and Law Firm's employment is necessary and is in the best interest of the Estates.

21.     The Law Firm is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code.

22.     In the event the Trustee desires for the Law Firm to render any services to him and the Estates other than those described herein, he will make further application.

23.     The Applicant certifies that the Law Firm is not being employed to perform duties required to be performed by the Trustee. The Trustee has informed the Law Firm that if trustee duties are performed, the Law Firm may not be compensated by the Estates.

III.    **Law Firm's Fee Arrangement**

24.     The Law Firm is being retained on a general hourly retainer agreement, with attorneys to be paid (upon approval by the Bankruptcy Court of its compensation applications) at reduced hourly rates of the attorneys who will represent the Trustee.  The Applicant and the Law Firm have agreed that the hourly rates will reflect a 15% discount off of the Law Firm's standard hourly rates.  Elizabeth M. Guffy's discounted hourly rate for this engagement is $1,200.00.  Simon R. Mayer's discounted hourly rate for this engagement is $1,150.00.  Mark Miller and Phillip Gutierrez, both counsel in the Law Firm's Real Estate group, will be billed at the discounted hourly rate of $1,360 and $635, respectively.  Other Law Firm attorneys' discounted rates will incorporate the 15% discount and range from $635 to $1,360 per hour, and paralegals hourly rates are between $300.00 and $600.00.  Such rates are usually adjusted on an annual basis.  Reimbursable expenses will be charged at the amounts incurred and no higher than the rates allowed by the Bankruptcy Local Rules of the Southern District of Texas.

25.     The Law Firm will maintain separate billing numbers for each of the jointly-administered Estates in order that fees and expenses that benefit only one of the Estates will be charged only against that Estate.  The Law Firm will also maintain a billing number for fees and

expenses that benefit both Estates, and those fees and expenses will be shared equally by the two Estates.

26.     The Trustee certifies, and the Law Firm understands, that no payment will be made to the Law Firm except on an order of this Court approving the fees and expenses incurred by the Law Firm.

## CONCLUSION

For the reasons set forth above, the Trustee respectfully requests the entry of an order authorizing the Trustee to employ the Troutman Pepper Locke as his general bankruptcy counsel for both the ILS Income Estate and the ILS Growth Estate and all other and further relief, both at law and in equity, to which he may justly be entitled.

Dated:  January 9, 2026

Respectfully submitted,

By: */s/ Ronald J. Sommers\**
      Ronald J. Sommers
      Chapter 7 Trustee
      Nathan Sommers Gibson Dillon
      1400 Post Oak Boulevard, Suite 300
      Houston, Texas 77056
      Tel: (713) 960-0303

\* Signed with permission.  */s/ Simon R. Mayer*

**Certificate of Service**

I certify that on January 9, 2026, a copy of the foregoing document was served on the U.S. Trustee pursuant to Rule Local Rule 9003-1 and the below parties registered for electronic service via the Court's Electronic Case Filing System.

- Misty A. Segura on behalf of The Mint National Bank
- Richard A, Battaglia on behalf of Jet Lending LLC
- Aaron J. Power on behalf of Good Bull Lending L.P.
- Reginald J. Fox on behalf of Intervenors
- W. Lee Keeling on behalf of Greg Garcia
- Elyse M. Farrow on behalf of ILS Income Fund I LP
- Elyse M. Farrow on behalf of ILS Growth Fund I LP
- Melissa Anne Haselden on behalf of ILS Income Fund I LP
- Melissa Anne Haselden on behalf of ILS Growth Fund I LP
- Ronald J Sommers
- Simon R. Mayer on behalf of Trustee Ronald J. Sommers
- US Trustee

*/s/ Simon R. Mayer*
Simon R. Mayer

10