**EXHIBIT 1**

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **In re:** | § § § | **Chapter 7** |
| **ILS Income Fund I LP,** *and* **ILS Growth Fund I LP,** | § § § § | **Case No. 25-37277 (EVR)** |
| **Debtors.** | § § § | **(Jointly Administered)** |

### DECLARATION OF SIMON R. MAYER IN SUPPORT OF
### THE APPLICATION FOR EMPLOYMENT OF TROUTMAN PEPPER LOCKE LLP
### AS GENERAL BANKRUPTCY COUNSEL FOR THE TRUSTEE

I, Simon R. Mayer, declare under penalty of perjury:

1.      "I am an attorney licensed to practice in the State of Texas and have been a member in good standing of the Texas Bar since 2007.  I am also admitted to practice before the United States Court of Appeal for the Fifth Circuit and the United States District and Bankruptcy Courts for the Northern, Southern, Eastern and Western Districts of Texas.

2.      I am a Partner with the law firm of Troutman Pepper Locke LLP ("***Troutman***" and the "***Law Firm***"), proposed counsel for Ronald J. Sommers, the chapter 7 trustee (the "***Trustee***") for the above-styled jointly administered chapter 7 bankruptcy case (the "***Case***").  My office address is 600 Travis Street, Suite 2800, Houston, Texas 77002; my telephone is (713) 226-1507; my facsimile is (713) 229-2675; and my email is simon.mayer@troutman.com.  The Law Firm's main telephone number for its Houston office is (713) 226-1200.

3.      Law Firm's bankruptcy lawyers include members of the Texas bankruptcy bar who have routinely appear in both chapter 7 and chapter 11 cases and are admitted to practice in the State of Texas, and before the Courts of the Southern District of Texas and/or all other relevant

1

323983731v1

**EXHIBIT 1**

courts and agencies.  The Law Firm includes attorneys with significant experience and expertise in matters which are likely to be needed in the proposed representation of the Trustee.

4.     Pursuant to section 327(a) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (as amended, the "***Bankruptcy Code***") and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "***Rules***"), I make this declaration in support of the *Application for Employment of Troutman Pepper Locke LLP as General Bankruptcy Counsel for the Trustee for the Bankruptcy Estates of ILS Income Fund I LP and ILS Growth Fund I LP* (the "***Application***").

## GENERAL STATEMENT

5.     As required by sections 327(a), 328(a), 329, and 504 of the Bankruptcy Code, the Law Firm represents that, to the best of its knowledge, it represents no interest adverse to the Trustee or the bankruptcy estates (the "***Estates***") of ILS Income Fund I LP ("***ILS Income***") and ILS Growth Fund I LP ("***ILS Growth***", and collectively with ILS Income, the "***Debtors***") in matters upon which the Law Firm is to be engaged by the Trustee.

6.     Except as set forth herein, the Law Firm has no connection with the Debtors, their creditors or any other party-in-interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee and believes it is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code.

## CONNECTIONS BETWEEN LAW FIRM, ITS CLIENTS, AND THE DEBTOR

7.     The Law Firm has process in place to check for conflicts of interest and other conflicts and connections with respect to a debtor's bankruptcy case.  The Law Firm maintains a database containing the names of current, former and potential clients.  The Law Firm has a department that researches and analyzes potential conflicts of interest and conflict issues.

2

**EXHIBIT 1**

8.     I caused the Law Firm to review and analyze its database, searching the last three (3) years for names of each of the creditors identified by the Debtors, the Debtors, and the parties-in-interest listed in the Debtors' schedules and statements of financial affairs in order to determine if any conflict of interest or other connection existed.  Based upon this search, as set forth below, several connections were discovered.

9.     The Law Firm currently represents Fidelity National Financial in matters unrelated to the Debtors.  An affiliate of Fidelity National Financial, "Fidelity National Title Insurance Co" is listed on the mailing matrices filed by the Debtors.  The Debtors did not schedule Fidelity National Title Insurance Co. in their bankruptcy schedules or statement of financial affairs.  [*See* Docket Nos. 8, 9, 18 and 19].  The Law Firm does not currently represent, nor has it represented, Fidelity National Financial or Fidelity National Title Insurance Co in the past in matters related to the Debtors.

10.     Hiru Mathur IRA is currently an open client of the Law Firm; however, such client has not been billed since 2016.  The Law Firm does not represent Hiru Mathur IRA in matters related to the Debtors.  "Hiru Mathur IRA" is scheduled as a party who purportedly received a distribution from ILS Growth within the twelve months prior to the filing of the Cases.  [Docket No. 8, p.436].  The Law Firm does not currently, nor has it represented in the past, Hiru Mathur IRA in matters related to the Debtors.

11.     Sumit Mathur Roth IRA is currently an open client of the Law Firm; however, such client has not been billed since 2016.  The Law Firm does not represent Sumit Mathur Roth IRA in matters related to the Debtors.  "Sumit Mathur Roth IRA" is scheduled as a party who purportedly received a distribution from ILS Growth within the twelve months prior to the filing

323983731v1

EXHIBIT 1

of the Cases.  [Docket No. 8, p.462].  The Law Firm does not currently represent, nor has it represented in the past, Sumit Mathur Roth IRA in matters related to the Debtors.

12.    The Law Firm currently represents Inspira Financial Trust LLC in matters unrelated to the Debtors.  "Inspira Financial Trust LLC" is not scheduled as a creditor, but it is identified as a party who purportedly received a number of distributions from ILS Growth and ILS Income within the twelve months prior to the filing of the Cases.  [*See e.g.*, Docket No. 8, p.62; Docket No. 9, p.52].  The Law Firm does not currently represent, nor has it represented in the past, Inspira Financial Trust LLC in matters related to the Debtors.

13.    The Law Firm routinely represents chapter 7 and chapter 11 trustees in bankruptcy cases, including Janet S. Northrup, Allison D. Byman, Catherine S. Curtis, Ronald J. Sommers, Randy W. Williams and Elizabeth M. Guffy.

14.    Based on the conflicts search conducted to date and described herein, to the best of my knowledge, after reasonable inquiry, except as set forth above, the Law Firm has no connection with the Debtors, their creditors, any other party-in-interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.  However, the current clients listed above are not currently represented by the Law Firm in matters related to the Trustee, the Debtors, or the Estates.  Thus, while connections may exist, it is respectfully submitted that such connections do not rise to the level of a conflict.

15.    The Law Firm holds or represents no interest adverse to the Trustee or the Estates. If during the representation of the Trustee a conflict does arise, the Law Firm will immediately disclose such conflict to the Trustee and the Court and take all necessary steps to have non-conflicted counsel represent the Trustee in such matters.

323983731v1

16.     The disclosures identified herein are based upon all information reasonably available to the Law Firm at the time of submission of the Application to the Bankruptcy Court for approval.  The Law Firm will, to the extent necessary, supplement this Declaration as may be required by the Bankruptcy Code and Rules if and when any other relationships exist or are modified such that further disclosure is required.

17.     The Law Firm is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code in that the Law Firm, its partners, counsel, and associates:

    a.  are not creditors, equity security holder, or insiders of the Debtors;

    b.  are not and were not, within two (2) years before the date of the filing of the petitions, a director, officer, or employee of the Debtors; and

    c.  do not have an interest materially adverse to the interest of the Estate or of any class of creditors or equity security holder, by reasons of any direct or indirect relationship to, connection with, or interest in, the Debtors, or for any other reason.

18.     The Law Firm does not believe that a conflict of interest exists with respect to its representation of the Trustee, the Estates, and any of its current representations.

## TERMS OF TROUTMAN PEPPER LOCKE'S ENGAGEMENT

19.     The Law Firm is being retained on a general hourly retainer agreement, with attorneys to be paid (upon approval by the Bankruptcy Court of its compensation applications) at reduced hourly rates of the attorneys who will represent the Trustee.  The Applicant and the Law Firm have agreed that the hourly rates will reflect a 15% discount off of the Law Firm's standard hourly rates.  Elizabeth M. Guffy's discounted hourly rate for this engagement is $1,200.00.  My discounted hourly rate for this engagement is $1,150.00.  Mark Miller and Phillip Gutierrez, both counsel in the Law Firm's Real Estate group, will be billed at the discounted hourly rate of $1,360 and $635, respectively.  Other Law Firm attorneys' discounted rates will incorporate the 15%

5

323983731v1

EXHIBIT 1

discount and range from $635 to $1,360 per hour, and paralegals hourly rates are between $300.00 and $600.00.  Troutman's general procedure is to assign tasks to the attorneys with the lowest hourly rates, commensurate with the best of their skills and abilities.  I have advised the Trustee that the Law Firm evaluates its rates periodically (typically, annually) and raises or lowers various rates to reflect market conditions.  Reimbursable expenses will be charged at the amounts incurred and no higher than the rates allowed by the Bankruptcy Local Rules of the Southern District of Texas.

## CONCLUSION

20.    In the view of the foregoing, I believe that the Law Firm (i) does not hold or represent an interest adverse to the Debtors or the Estates, and (ii) is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code.  The Law Firm recognizes, and takes very seriously, its continuing responsibility to be aware of, and to further disclose, any relationship or connection between it and other parties-in-interest to the Debtors' respective Estates as they appear or become recognized during the Case.  Accordingly, we reserve the right to, and shall, supplement this disclosure, if necessary, as more information becomes available to us.  The foregoing constitutes the statement of the Law Firm pursuant to Rule 2014(a)."

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed on January 8, 2026

*/s/ Simon R. Mayer*
Simon R. Mayer