UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **In re:** | § § § | **Chapter 7** |
| **ILS Income Fund I LP,** *and* **ILS Growth Fund I LP,** | § § § § | **Case No. 25-37277 (EVR)** |
| **Debtors.** | § § § § | **(Jointly Administered)** |

**TRUSTEE'S MOTION FOR AUTHORITY TO SELL PROPERTY OF THE
ESTATE FREE AND CLEAR OF ALL LIENS, CLAIMS, INTERESTS
AND ENCUMBRANCES PURSUANT TO 11 U.S.C. §§ 363(B) AND (F)
(THE STRONG LOAN)**

**This Motion seeks an order that may adversely affect you.  If you oppose the
Motion, you should immediately contact the moving party to resolve the dispute.
If you and the Moving party cannot agree, you must file a response and send a
copy to the moving party.  You must file and serve your response within 21 days
of the date this was served on you.  Your response must state why the motion
should not be granted.  If you do not file a timely response, the relief may be
granted without further notice to you.  If you oppose the motion and have not
reached an agreement, you must attend the hearing.  Unless the parties agree
otherwise, the Court may consider evidence at the hearing and may decide the
motion at the hearing.**

**Represented parties should act through their attorney.**

**To the Honorable Eduardo V. Rodriguez,
Chief United States Bankruptcy Judge:**

Ronald J. Sommers, Chapter 7 Trustee (the "***Trustee***") for the bankruptcy estates of ILS

Income Fund I LP and ILS Growth Fund I LP, files this *Motion for Authority to Sell Property of the*

*Estate Free and Clear of All Liens, Claims, Interests and Encumbrances Pursuant to 11 U.S.C. §§*

*363(b) and (f) (The Strong Loan)* (the "***Motion***"), and shows:

**<u>Summary of Relief Requested</u>**

1.      The Trustee requests authority to sell the Estate's (defined below) right, title and

interest in Strong Loan (defined below), free and clear of any and all liens, claims, interests and

323592059v1

other encumbrances on an "AS-IS, WHERE-IS, WITH-ALL FAULTS" basis with no representation or warranty of any kind, express or implied to Ramona Krenk (the "**Buyer**") for the full amount of the Estate's interest in the outstanding unpaid principal amount of the Strong Promissory Note and all accrued and unpaid interest thereon as of the date of the close of the sale to the Buyer. Alternatively, the Trustee will accept the highest and best offer timely received by the Trustee. The conveyance will be by *Assignment Agreement* in substantially the same form as attached hereto as **Exhibit 1** (the "**Assignment**").

## Jurisdiction

2.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334. This Court may hear and determine this Motion under the standing order of reference issued by the United States District Court for the Southern District of Texas under 28 U.S.C. § 157. Consideration of this Motion is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (N) and (O). As such, this Court may enter a final order on this matter under 28 U.S.C. § 157(b)(1). Venue of this proceeding is proper in this district under 28 U.S.C. §§ 1408 and 1409.

## Background

3.      On December 1, 2025 (the "**Petition Date**"), ILS Income Fund I LP ("**ILS Income**") and ILS Growth Fund I LP ("**ILS Growth**") each filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code, thereby initiating bankruptcy cases under Case Nos. 25-37277 and 25-37281, respectively (the "**Chapter 7 Cases**") and creating the bankruptcy estates of ILS Income Fund I LP and of ILS Growth Fund I LP (collectively, the "**Bankruptcy Estates**").

4.      Ronald J. Sommers was appointed the chapter 7 trustee of the Bankruptcy Estates.

5.      The Chapter 7 Cases were ordered jointly administered under case number 25-37277 on December 15, 2025.  [Docket No. 7].

2

323592059v1

6.      Also on December 15, 2025, the Debtors filed their respective bankruptcy schedules and statement of financial affairs [Docket Nos. 8 and 9] (collectively, the "*Schedules*").

7.      Based on documentation provided by the Debtors, Strong Properties LLC executed a Promissory Note dated July 17, 2025 (the "*Strong Promissory Note*") in favor of ILS Lending LLC in the original principal amount of $137,900.00.  The Strong Promissory Note is secured by a lien on certain real property commonly referred to as 1820 Wagon Wheel, Semmes, Alabama 36575, as evidenced by that certain *First Lien Commercial Mortgage, Security Agreement, Assignment of Leases and Rents, Financing Statement and Fixture Filing* recorded on July 24, 2025, with the Judge of Probate's Office in Mobile County, Alabama, under Instrument Number 2025044250 (the "*Mortgage*").  Strong Properties LLC also executed an *Assignment of Leases and Rents* in favor of ILS Lending LLC, which was recorded on July 24, 2025, with the Judge of Probate's Office in Mobile County, Alabama under Instrument Number 2025044251 (the "*Assignment of Rents*").

8.      ILS Lending LLC executed a Transfer and Assignment of Lien, with the effective date of July 21, 2025 (the "*ILS Lending Assignment*"), transferring its interest in the Strong Promissory Note, the Mortgage and the Assignment of Rents to ILS Income.  The ILS Lending Assignment was recorded on July 31, 2025, with the Judge of Probate's Office in Mobile County, Alabama, under Instrument Number 2025046059.

9.      On or about September 8, 2025, ILS Income executed a Transfer and Assignment of Lien (the "*Krenek Assignment*"), transferring an undivided 90.94597% interest in the Strong Promissory Note, the Mortgage and the Assignment of Rents to Ramona A. Krenek.  The Krenek Assignment was recorded on September 12, 2025 ,with the Judge of Probate's Office in Mobile County, Alabama, under Instrument Number 2025055753.

10.     On the Petition Date, ILS Income held a 9.5402830 undivided interest in the Strong Promissory Note, the Mortgage and the Assignment of Rents.  ILS Income's Schedules disclosed

3

this interest and identified the face value of ILS Income's interest on the Petition Date at $13,156.05.

 [Docket No. 9, p.32].

| | Property: | STRONG PROPERTIES LLC<br>1820 WAGON WHEEL<br>SEMMES AL 36575<br>MOBILE COUNTY | | | |
|---|---|---|---|---|---|
| Loan # | Lien Number | Loan Amount | Lienholders | % Owned | $ Amount Owned |
| 5537510 | 1 | $ 137,900.00 | RAMONA KRENK<br>ILS INCOME FUND | 90.4597170%<br>9.5402830% | $ 124,743.95<br>$ 13,156.05 |

[Docket No. 9, p.32].

11.     ILS Income's interest in the Strong Promissory Note, the Mortgage and the Assignment of Rents (collectively, the "***Strong Loan***") is property of the ILS Income Estate pursuant to 11 U.S.C. § 541(a)(2).  ILS Income's records indicate that the face value of this interest on the Petition Date was $13,156.05.

12.     Shortly after the Petition Date, the Trustee was contacted by Ramona Krenek (the "***Buyer***") regarding the sale of the ILS Income Estate's interest in the Strong Loan.  The Buyer has offered to purchase the Estate's interest in the Strong Loan for the face value of the ILS Income Bankruptcy Estate's interest in the Strong Loan at the time the sale is close.  On the Petition Date the face value identified in ILS Income's records was $13,156.05.   The borrower on the Strong Promissory Note continues making regular monthly payments.  Those payments include both principal and interest accrued since the last payment.  Each payment reduces the amount of principal owed on the Strong Promissory Note. At closing, the Buyer has agreed to pay the Trustee the face value of the ILS Income Estate's interest in the Strong Loan at that time.

13.     The Trustee selected the Buyer's offer to purchase the Estate's intertest in the Strong Loan as the highest and best offer received to date.  Subject to Bankruptcy Court approval, after back and forth negotiations with the Buyer, the Trustee agreed to sell the ILS Income Estate's interest in

4

the Strong Loan to the Buyer for the face value of the Estate's interest in the Strong Loan, free and clear of all liens, claims, encumbrances and other interest pursuant to 11 U.S.C. § 363(b) and (f), with such claims, liens, encumbrances and interest, if any, to attach to the proceeds of the sale.

14.     The sale will be on an "as is, where is" basis without any representations or warranties of any kind.  The sale will be free and clear of all liens, claims, interests and other encumbrances of any kind or character, with any valid security interests, liens, or claims to attach to the net sales proceeds, if any.

### Proposed Sale Terms

15.     Subject to Court approval, the terms of the proposed sale are as follows:

a)     The Buyer shall pay the Trustee the face value of the Bankruptcy Estate's interest in the Strong Loan at the time of closing the proposed sale (the "***Purchase Price***") in exchange for the conveyance of all the ILS Income Bankruptcy Estate's right, title and interest, if any, in the Strong Loan.  The Buyer shall pay the Purchase Price to the Trustee within five (5) business days from the entry of the order approving the sale.

b)     The conveyance of the ILS Income Bankruptcy Estate's interest in the Strong Loan shall be made free and clear of any and all liens, claims, interests or other encumbrances pursuant to 11 U.S.C. 363(f).

c)     The conveyance of the ILS Income Bankruptcy Estate's interest in the Strong Loan shall be made on an "as is, where is" basis, with no representations or warranties of any kind.

d)     The conveyance shall occur via the Assignment.

16.     A true and correct copy of the Assignment is attached hereto as **Exhibit 1**.

17.     The Trustee reserves his right to modify or amend the terms of the proposed sale and the proposed accompanying order.

18.     The Trustee is not aware of any liens against the ILS Income Bankruptcy Estate's interest in the Strong Loan or proceeds thereof.  The Trustee's investigation has not identified any such liens, and ILS Income's Schedules do not disclose any such liens.

323592059v1

19.     Pursuant to 11 U.S.C. § 363(b) and (f), the Trustee seeks Court authority to convey the ILS Income Estate's interest in the Strong Loan, which will be conveyed on an "as-is, where-is" basis with no representation or warranty of any kind, free and clear of all liens, claims, interests and other encumbrances of any kind or character, with any valid security interests and liens to attach to the net sales proceeds, if any, subject to the Trustee's avoidance powers to the extent necessary.

20.     The Trustee, in his business judgment, has determined that the proposed sale of the Estate's interest in the Strong Loan is in the best interest of the ILS Income Bankruptcy Estate and its creditors, and the Motion will be served on creditors and parties in interest for any comment or objections they may have.

21.     The Court may authorize the sale of the ILS Income Estate's interest in the Strong Loan free and clear of all liens, claims, encumbrances, and interests.  Section 363(f) allows the Trustee to sell the ILS Income Estate's interest in the Strong Loan free and clear of any interest if:

(1)     applicable non-bankruptcy law permits sale of such property free and clear of such interest;

(2)     such entity consents;

(3)     such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;

(4)     such interest is in a bona fide dispute; or

(5)     such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. § 363(f).

22.     The Trustee is not aware of any liens asserted on the ILS Income Estate's interest in the Strong Loan or proceeds thereof.  Therefore, the Trustee asserts that 11 U.S.C. § 363(f) is satisfied.

23.     As noted, the Trustee asserts that there are no valid perfected liens or other interests on the ILS Income Estate's interest in the Strong Loan.  Notice will be given to all known creditors

6

323592059v1

of ILS Income and parties in interest.  The Trustee requests that any person or entity served with this Motion who claims a lien on, interest in or claim against the ILS Income Estate's interest in the Strong Loan file a written notice with the Court and serve it on the Trustee no later than 45 days after entry of an Order approving the sale or be forever barred from asserting such lien, claim or interest.

24.     The Trustee seeks approval of the sale of the ILS Income Estate's interest in the Strong Loan free and clear of all liens, claims, encumbrances and other interest pursuant to 11 U.S.C. § 363(b) and (f), with such claims, liens, encumbrances and interest, if any, to attach to the proceeds of the sale.

## Alternative Relief

25.     The sale is subject to higher or better offers.  Higher or better offers, if any, must be received **on or before February 2, 2026** (the "***Alternative Bid Deadline***").  To be considered, an offer must be identical to the Buyer's offer but must provide for a sales price of at least $16,000.00 in order to provide for the increased administrative costs that would be incurred by such offer.  If the Trustee receives a higher and better offer as set forth above, on or before the Alternative Bid Deadline, he will file a notice with the Court that sets out the terms of the higher offer and sets a deadline of 5:00 p.m. (CDT) on February 6, 2026 (the "***Final Bid Deadline***") for all parties who have submitted an offer, including the Buyer, to submit their highest and best offer.  Offers must be received by the Trustee by the Final Bid Deadline in order to be considered.  If a higher and better offer is timely received by the Trustee by the Final Bid Deadline from a party other than the Buyer, the Trustee, in his sole discretion, may either file an amended proposed sale order with the Court to substitute Buyer with the party submitting the highest or best offer or conduct an auction of the ILS Income Bankruptcy Estate's interest in the Strong Loan.

323592059v1

26.     The Trustee shall have the sole discretion in his business judgment as to which bid is the highest and best offer.  If the Trustee receives multiple offers, he will have the option to accept backup bids in case the bidder submitting ultimate highest and best offer does not timely close the sale of the Strong Loan.

27.     In the exercise of his business judgment, the Trustee has determined that the proposed conveyance of the ILS Income Bankruptcy Estate's interest, if any, in the Strong Loan for the Purchase Price, on the terms detailed above, is presently the highest and best offer under the circumstances.  Furthermore, the Trustee asserts that the proposed bidding process provides notice to potential purchasers and opportunity for them to submit higher and better offers.  The Trustee asserts that the proposed sale at the scheduled value of the asset maximizes the value to the ILS Income Estate and serves the public interest.

Ronald J. Sommers, Chapter 7 Trustee of the bankruptcy estate of ILS Income Fund I LP, prays this Court for the entry of an order, in substantially the form attached to this Motion, approving the sale of the ILS Income Fund I LP Bankruptcy Estate's right, title and interest in the Strong Loan to Buyer, free and clear of any and all liens, claims, interests and encumbrances pursuant to 11 U.S.C. §§ 363(b) and 363(f), on the terms set forth herein; and for all other relief to which the Trustee may be justly entitled.

323592059v1

Respectfully submitted,

*/s/ Simon R. Mayer*
Elizabeth M. Guffy
Texas Bar Number 08592525
Simon R. Mayer
Texas Bar Number 24060243
**TROUTMAN PEPPER LOCKE LLP**
600 Travis Street, Suite 2800
Houston, TX 77002
Telephone:  713-226-1200
Facsimile:  713-226-3717
Email:  Elizabeth.Guffy@troutman.com
         Simon.Mayer@troutman.com

***Proposed Counsel for***
***Ronald J. Sommers, Trustee***

## Certificate of Service

I hereby certify that a true and complete copy of the foregoing pleading has served on the parties registered for electronic service in this case and listed below through the Court's ECF/PACER system on January 16, 2026.

- Misty A. Segura on behalf of The Mint National Bank
- Richard A, Battaglia on behalf of Jet Lending LLC
- Aaron J. Power on behalf of Good Bull Lending L.P.
- Reginald J. Fox on behalf of Intervenors
- W. Lee Keeling on behalf of Greg Garcia
- Elyse M. Farrow on behalf of ILS Income Fund I LP
- Elyse M. Farrow on behalf of ILS Growth Fund I LP
- Melissa Anne Haselden on behalf of ILS Income Fund I LP
- Melissa Anne Haselden on behalf of ILS Growth Fund I LP
- Ronald J Sommers
- Simon R. Mayer on behalf of Trustee Ronald J. Sommers
- US Trustee

*/s/ Simon R. Mayer*
Simon R. Mayer

9

323592059v1