**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| **In re:** | § § § | **Chapter 7** |
| **ILS Income Fund I LP,** *and* **ILS Growth Fund I LP,** | § § § § | **Case No. 25-37277 (EVR)** |
| **Debtors.** | § § § | **(Jointly Administered)** |

**TRUSTEE'S MOTION FOR AUTHORITY TO SELL PROPERTY OF THE**
**ESTATE FREE AND CLEAR OF ALL LIENS, CLAIMS, INTERESTS**
**AND ENCUMBRANCES PURSUANT TO 11 U.S.C. §§ 363(B) AND (F)**
**(THE JEGAKE VENTURES LOAN)**

**This Motion seeks an order that may adversely affect you.  If you oppose the Motion, you should immediately contact the moving party to resolve the dispute.  If you and the Moving party cannot agree, you must file a response and send a copy to the moving party.  You must file and serve your response within 21 days of the date this was served on you.  Your response must state why the motion should not be granted.  If you do not file a timely response, the relief may be granted without further notice to you.  If you oppose the motion and have not reached an agreement, you must attend the hearing.  Unless the parties agree otherwise, the Court may consider evidence at the hearing and may decide the motion at the hearing.**

**Represented parties should act through their attorney.**

**To the Honorable Eduardo V. Rodriguez,**
**Chief United States Bankruptcy Judge:**

Ronald J. Sommers, Chapter 7 Trustee (the "***Trustee***") for the bankruptcy estates of ILS Income Fund I LP and ILS Growth Fund I LP, files this *Motion for Authority to Sell Property of the Estate Free and Clear of All Liens, Claims, Interests and Encumbrances Pursuant to 11 U.S.C. §§ 363(b) and (f) (The Jegake Ventures Loan)* (the "***Motion***"), and shows:

**Summary of Relief Requested**

1.      The Trustee requests authority to sell the ILS Income Bankruptcy Estate's (defined below) right, title and interest in Jegake Ventures Loan (defined below), free and clear of any and all

324411024v1

liens, claims, interests and other encumbrances on an "AS-IS, WHERE-IS, WITH-ALL FAULTS" basis with no representation or warranty of any kind, express or implied to Southern Creek Servicing LLC (the "***Buyer***") for the full amount of the Estate's interest in the outstanding unpaid principal amount of the Jegake Ventures Promissory Note (defined below) and all accrued and unpaid interest thereon as of the date of the closing of the sale to the Buyer.  Alternatively, the Trustee will accept the highest and best offer timely received by the Trustee.  The conveyance will be by *Assignment Agreement* in substantially the same form as attached hereto as **Exhibit 1** (the "***Assignment***").

## Jurisdiction

2.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334.  This Court may hear and determine this Motion under the standing order of reference issued by the United States District Court for the Southern District of Texas under 28 U.S.C. § 157.  Consideration of this Motion is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (N) and (O).  As such, this Court may enter a final order on this matter under 28 U.S.C. § 157(b)(1).  Venue of this proceeding is proper in this district under 28 U.S.C. §§ 1408 and 1409.

## Background

3.      On December 1, 2025 (the "***Petition Date***"), ILS Income Fund I LP ("***ILS Income***") and ILS Growth Fund I LP ("***ILS Growth***") each filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code, thereby initiating bankruptcy cases under Case Nos. 25-37277 and 25-37281, respectively (the "***Chapter 7 Cases***") and creating the bankruptcy estates of ILS Income Fund I LP and of ILS Growth Fund I LP (collectively, the "***Bankruptcy Estates***").

4.      Ronald J. Sommers was appointed the chapter 7 trustee of the Bankruptcy Estates.

5.      The Chapter 7 Cases were ordered jointly administered under case number 25-37277 on December 15, 2025.  [Docket No. 7].

324411024v1

6. Also on December 15, 2025, the Debtors filed their respective bankruptcy schedules and statement of financial affairs [Docket Nos. 8 and 9] (collectively, the "**Schedules**").

7. Based on documentation provided by the Debtors, Jegake Ventures LLC executed a Promissory Note dated November 4, 2024 (the "**Jegake Ventures Promissory Note**") in favor of Pearl Funding LLC in the original principal amount of $69,000.00.  The Jegake Ventures Promissory Note is secured by a lien on certain real property commonly referred to as 633 Lynn Avenue, Clarksdale, Mississippi 38614-3141, as evidenced by that certain *First Lien Commercial Deed of Trust, Security Agreement, Assignment of Leases and Rents, Financing Statement and Fixture Filing* recorded on November 22, 2024, with the Chancery Court in Coahoma County, Mississippi, under Instrument Number Book 2024, Page 3865 (the "**Mortgage**").  Jegake Ventures LLC also executed an *Assignment of Leases and Rents* in favor of the original lender, Pearl Funding LLC, which was also recorded on November 22, 2024, with the Chancery Court in Coahoma County, Mississippi, under Instrument Number Book 2024, Page 3889 (the "**Assignment of Rents**").

8. Pearl Funding LLC executed a *Transfer and Assignment of Lien*, with the effective date of November 6, 2024 (the "**Pearl Funding Assignment**"), transferring its interest in the Jegake Ventures Promissory Note, the Mortgage and the Assignment of Rents to ILS Income.

9. On the Petition Date, ILS Income held a 100.00% undivided interest in the Jegake Ventures Note, the Mortgage and the Assignment of Rents.  ILS Income's Schedules disclosed this interest and identified the value of ILS Income's interest on the Petition Date at $68,704.28.  [Docket No. 9, p.30].

|  | | Property: | JEGAKE VENTURES LLC 633 LYNN AVENUE CLARKSDALE MS 38614 COAHOMA COUNTY | | | |
|---|---|---|---|---|---|---|
| Loan # | Lien Number | Loan Amount | Lienholders | % Owned | $ Amount Owned |
| 5481110 | 1 | $ 69,000.00 | ILS INCOME FUND | 100.0000000% | $ 68,704.28 |
|  | | | Summary: | ILS INCOME FUND | $ 68,704.28 |

[Docket No. 9, p.30].

10.     ILS Income's interest in the Jegake Ventures Promissory Note, the Mortgage and the Assignment of Rents (collectively, the "***Jegake Ventures Loan***") is property of the ILS Income Bankruptcy Estate pursuant to 11 U.S.C. § 541(a)(2).  ILS Income's records indicate that the face value of this interest on the Petition Date was $68,704.28.

11.     The Trustee was recently contacted by Southern Creek Serving LLC (the "***Buyer***") regarding the sale of the ILS Income Estate's interest in the Jegake Ventures Loan.  The Buyer has offered to purchase the Estate's interest in the Jegake Ventures Loan for the face value of the ILS Income Bankruptcy Estate's interest in the Jegake Ventures Loan at the time the sale closes.  On the Petition Date the face value identified in ILS Income's records was $68,704.28.  The borrower on the Jegake Ventures Promissory Note continues making regular payments.  Those payments include both principal and interest accrued since the last payment.  Each payment reduces the amount of principal owed on the Jegake Ventures Promissory Note.  At closing, the Buyer has agreed to pay the Trustee the face value of the ILS Income Estate's interest in the Jegake Ventures Loan at that time.

12.     The Trustee selected the Buyer's offer to purchase the Estate's intertest in the Jegake Ventures Loan as the highest and best offer received to date.  Subject to Bankruptcy Court approval, after back and forth negotiations with the Buyer, the Trustee agreed to sell the ILS Income Estate's

4

interest in the Jegake Ventures Loan to the Buyer for the face value of the ILS Interest Bankruptcy Estate's interest in the Jegake Ventures Loan, free and clear of all liens, claims, encumbrances and other interest pursuant to 11 U.S.C. § 363(b) and (f), with such claims, liens, encumbrances and interest, if any, to attach to the proceeds of the sale.

13.     The Buyer is the current servicer for the Jegake Ventures Loan and also services other performing loans owned by ILS Income and/or ILS Growth.  However, the proposed sale to the Buyer was negotiated at arm's length.  Additionally, the Trustee believes that because the Buyer proposes to purchase the Jagake Ventures Loan at par, the proposed purchase price represents the high end of the market value for an asset of this type.

14.     The sale will be on an "as is, where is" basis without any representations or warranties of any kind.  The sale will be free and clear of all liens, claims, interests and other encumbrances of any kind or character, with any valid security interests, liens, or claims to attach to the net sales proceeds, if any.

**Proposed Sale Terms**

15.     Subject to Court approval, the terms of the proposed sale are as follows:

a)      The Buyer shall pay the Trustee the face value of the Bankruptcy Estate's interest in the Jegake Ventures Loan at the time of closing the proposed sale (the "***Purchase Price***") in exchange for the conveyance of all the ILS Income Bankruptcy Estate's right, title and interest, if any, in the Jegake Ventures Loan.  The Buyer shall pay the Purchase Price to the Trustee within five (5) business days from the entry of the order approving the sale.

b)      The conveyance of the ILS Income Bankruptcy Estate's interest in the Jegake Ventures Loan shall be made free and clear of any and all liens, claims, interests or other encumbrances pursuant to 11 U.S.C. 363(f).

c)      The conveyance of the ILS Income Bankruptcy Estate's interest in the Jegake Ventures Loan shall be made on an "as is, where is" basis, with no representations or warranties of any kind.

d)      The conveyance shall occur via the Assignment.

5

324411024v1

16.     A true and correct copy of the Assignment is attached hereto as **Exhibit 1**.

17.     The Trustee reserves his right to modify or amend the terms of the proposed sale and the proposed accompanying order.

18.     The Trustee is not aware of any liens against the ILS Income Bankruptcy Estate's interest in the Jegake Ventures Loan or proceeds thereof.  The Trustee's investigation has not identified any such liens, and ILS Income's Schedules do not disclose any such liens.

19.     Pursuant to 11 U.S.C. § 363(b) and (f), the Trustee seeks Court authority to convey the ILS Income Bankruptcy Estate's interest in the Jegake Ventures Loan, which will be conveyed on an "as-is, where-is" basis with no representation or warranty of any kind, free and clear of all liens, claims, interests and other encumbrances of any kind or character, with any valid security interests and liens to attach to the net sales proceeds, if any, subject to the Trustee's avoidance powers to the extent necessary.

20.     The Trustee, in his business judgment, has determined that the proposed sale of the Estate's interest in the Jegake Ventures Loan is in the best interest of the ILS Income Bankruptcy Estate and its creditors, and the Motion will be served on creditors and parties in interest for any comment or objections they may have.

21.     The Court may authorize the sale of the ILS Income Bankruptcy Estate's interest in the Jegake Ventures Loan free and clear of all liens, claims, encumbrances, and interests.  Section 363(f) allows the Trustee to sell the ILS Income Bankruptcy Estate's interest in the Jegake Ventures Loan free and clear of any interest if:

> (1)     applicable non-bankruptcy law permits sale of such property free and clear of such interest;
>
> (2)     such entity consents;
>
> (3)     such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;

324411024v1

(4)     such interest is in a bona fide dispute; or

(5)     such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. § 363(f).

22.     The Trustee is not aware of any liens asserted on the ILS Income Bankruptcy Estate's interest in the Jegake Ventures Loan or proceeds thereof.  Therefore, the Trustee asserts that 11 U.S.C. § 363(f) is satisfied.

23.     As noted, the Trustee asserts that there are no valid perfected liens or other interests on the ILS Income Bankruptcy Estate's interest in the Jegake Ventures Loan.  Notice will be given to all known creditors of ILS Income and parties in interest.  The Trustee requests that any person or entity served with this Motion who claims a lien on, interest in or claim against the ILS Income Bankruptcy Estate's interest in the Jegake Ventures Loan file a written notice with the Court and serve it on the Trustee no later than 45 days after entry of an Order approving the sale or be forever barred from asserting such lien, claim or interest.

24.     The Trustee seeks approval of the sale of the ILS Income Bankruptcy Estate's interest in the Jegake Ventures Loan free and clear of all liens, claims, encumbrances and other interest pursuant to 11 U.S.C. § 363(b) and (f), with such claims, liens, encumbrances and interest, if any, to attach to the proceeds of the sale.

**Alternative Relief**

25.     The sale is subject to higher or better offers.  Higher or better offers, if any, must be received **on or before February 6, 2026** (the "*Alternative Bid Deadline*").  To be considered, an offer must be identical to the Buyer's offer but must provide for a sales price of at least $71,700.00 in order to provide for the increased administrative costs that would be incurred by such offer.  If the Trustee receives a higher and better offer as set forth above, on or before the Alternative Bid Deadline, he will file a notice with the Court that sets out the terms of the higher offer and sets a

7

324411024v1

deadline of 5:00 p.m. (CDT) on February 11, 2026 (the "***Final Bid Deadline***") for all parties who have submitted an offer, including the Buyer, to submit their highest and best offer.  Offers must be received by the Trustee by the Bid Deadline in order to be considered.  If a higher and better offer is timely received by the Trustee by the Final Bid Deadline from a party other than the Buyer, the Trustee, in his sole discretion, may either file an amended proposed sale order with the Court to substitute Buyer with the party submitting the highest or best offer or conduct an auction of the ILS Income Estate's interest in the Jegake Ventures Loan.

26.     The Trustee shall have the sole discretion in his business judgment as to which bid is the highest and best offer.  If the Trustee receives multiple offers, he will have the option to accept backup bids in case the bidder submitting ultimate highest and best offer does not timely close the sale of the Jegake Ventures Loan.

27.     In the exercise of his business judgment, the Trustee has determined that the proposed conveyance of the ILS Income Estate's interest, if any, in the Jegake Ventures Loan for the Purchase Price, on the terms detailed above, is presently the highest and best offer under the circumstances. Furthermore, the Trustee asserts that the proposed bidding process provides notice to potential purchasers and opportunity for them to submit higher and better offers.  The Trustee asserts that the proposed sale at the scheduled value of the asset maximizes the value to the ILS Income Estate and serves the public interest.

Ronald J. Sommers, Chapter 7 Trustee of the bankruptcy estate of ILS Income Fund I LP, prays this Court for the entry of an order, in substantially the form attached to this Motion, approving the sale of the ILS Income Fund I LP Bankruptcy Estate's right, title  and interest in the Jegake Ventures Loan to Buyer, free and clear of any and all liens, claims, interests and encumbrances pursuant to 11 U.S.C. §§ 363(b) and 363(f), on the terms set forth herein; and for all other relief to which the Trustee may be justly entitled.

324411024v1

Respectfully submitted,

/s/ Simon R. Mayer
Elizabeth M. Guffy
Texas Bar Number 08592525
Simon R. Mayer
Texas Bar Number 24060243
**TROUTMAN PEPPER LOCKE LLP**
600 Travis Street, Suite 2800
Houston, TX 77002
Telephone:  713-226-1200
Facsimile:  713-226-3717
Email:  Elizabeth.Guffy@troutman.com
          Simon.Mayer@troutman.com

***Proposed Counsel for***
***Ronald J. Sommers, Trustee***

<u>**Certificate of Service**</u>

I hereby certify that a true and complete copy of the foregoing pleading has served on the parties registered for electronic service in this case and listed below through the Court's ECF/PACER system on January 23, 2026.

- Daniel Joseph Gierut on behalf of Horizon Turf Grass Inc.
- Daniel Joseph Gierut on behalf of R&R Turf Farms LP
- Lydia R Webb on behalf of Donald Sutton
- Misty A. Segura on behalf of The Mint National Bank
- Richard A, Battaglia on behalf of Jet Lending LLC
- Aaron J. Power on behalf of Good Bull Lending L.P.
- Reginald J. Fox on behalf of Intervenors
- W. Lee Keeling on behalf of Greg Garcia
- Elyse M. Farrow on behalf of ILS Income Fund I LP
- Elyse M. Farrow on behalf of ILS Growth Fund I LP
- Melissa Anne Haselden on behalf of ILS Income Fund I LP
- Melissa Anne Haselden on behalf of ILS Growth Fund I LP
- Ronald J Sommers
- Simon R. Mayer on behalf of Trustee Ronald J. Sommers
- US Trustee

/s/ Simon R. Mayer
Simon R. Mayer

9

324411024v1