IN THE UNITED STATES BANKRUPTCY COURT
OF THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION


| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| ILS INCOME FUND 1, LP, and ILS | § | CASE NO. 25-37277 |
| GROWTH FUNDS I LP ) | § | Chapter 7 |
| Debtor, | § | |
| | § | (Jointly Administered) |


**JET LENDING LLC'S EMERGENCY MOTION TO LIFT THE 11 U.S.C. §362
AUTOMATIC STAY OF ACT AGAINST PROPERTY**


**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING. REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**THERE WILL BE A HEARING ON THIS MOTION ON APRIL 15, 2026 AT 9:00 a.m. IN COURTROOM 401, 515 Rusk, Houston, Texas 77002.**

**\*\*\*\*EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE. \*\*\*\***

**THE DATE NEED FOR EMERGENCY CONSIDERATION IS 13 MARCH 2026 BY 5:00 P.M..**

---

TO THE HONORABLE COURT:

1.        JET LENDING, LLC (hereafter referred to as "Jet") moves this Court to lift the 11 U.S.C. §362 automatic stay of act against property pursuant to 11 U.S.C. 362(d)(1) and (2) and in support thereof would demonstrate as follows:

Jurisdiction and Venue.

2.        This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. § 1334. Consideration of this matter is a core matter pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper in this district under 28 U.S.C. §§ 1408 and 1409(a) as the above-captioned bankruptcy case is pending before this Court.

Emergency Request Factors and Underlying Facts.

3.        **Emergency consideration** is requested as the state law 21-day foreclosure notice date is 16 March 2026 for a 7 April 2026 sale.  Jet's principal was unavailable to testify until after 4 March 2026.  Conferring with the Trustee's attorney it was noted that the Trustee could not agree to requested relief but was unsure whether he would oppose same.  The requested relief is not with the Debtor(s) directly; however, the Debtor(s) do have a third lien position on the property at issue.

4.        On 29 September 2022 JMK5 Arena LLC (hereafter referred to as "JMK5") executed a promissory note in the amount of $17,000,000.00 dollars payable to Jet (hereafter referred to as the "Note") for the improvement of certain real property located in Galveston County, Texas.  A true and correct copy of the Note is attached hereto as Exhibit "A" and is incorporated herein by reference.

5.        Contemporaneously with Note JMK5 executed that certain Deed of Trust to secure JMK5's payment performance on the Note recorded under Clerk's no. 2022064137 in the real property records of Galveston County, Texas (hereafter referred to as the "DOT").  A true and

correct copy of the DOT is attached hereto as Exhibit "B" and is incorporate herein by reference.

The real estate which is covered by the DOT is as follows:

**BEING A TRACT OR PARCEL CONTAINING 40.004 ACRES (1,742,574 SQUARE FEET) OF LAND SITUATED IN THE WILLIAM K. WILSON LEAGUE, ABSTRACT NUMBER 208, GALVESTON COUNTY, TEXAS; BEING OUT OF A CALLED 88.293 ACRE TRACT OF LAND CONVEYED TO JMK5 ARENA, LLC AS DESCRIBED IN DEED RECORDED UNDER GALVESTON COUNTY CLERK'S FILE (G.C.C.F.) NUMBER 2022018608; SAID 40.004 ACRE TRACT OF LAND BEING MORE PARTICULARLY DESCRIBED AS FOLLOWS (BEARINGS ARE GRID AND ORIENTED TO THE TEXAS STATE PLANE COORDINATE SYSTEM, SOUTH CENTRAL ZONE NUMBER 4204, US SURVEY FEET, NAD83(NA2011); DISTANCES ARE SURFACE AND MAY BE CONVERTED TO GRID USING A COMBINED SCALE FACTOR OF 0.999863);**

**BEGINNING AT A 5/8-INCH IRON ROD WITH CAP STAMPED "WINDROSE SURVEYING" FOUND ON THE WESTERLY R.O.W. LINE OF F.M. 2004 (120 FEET WIDE) AND FOR THE SOUTHEAST CORNER OF SAID 88.293 ACRE TRACT AND THE HEREIN DESCRIBED TRACT;**

**THENCE, SOUTH 87°15'38" WEST, DEPARTING SAID WESTERLY R.O.W. LINE AND ALONG A COMMON LINE OF A CALLED 20.9884 ACRE TRACT OF LAND CONVEYED TO THE CITY OF LA MARQUE AS DESCRIBED BY DEED RECORDED UNDER G.C.C.F. NUMBER 9142963 AND THE HEREIN DESCRIBED TRACT, A DISTANCE OF 829.85 FEET TO A 5/8-INCH IRON ROD WITH CAP STAMPED "BOUNDARY ONE-RPLS 5489" SET MARKING THE MOST SOUTHERLY CORNER OF SAID 88.293 ACRE TRACT AND THE HEREIN DESCRIBED TRACT;**

**THENCE, NORTH 02°44'22" WEST, CONTINUING ALONG A COMMON LINE OF SAID 20.9884 ACRE TRACT AND THE HEREIN DESCRIBED TRACT, AT 170.00 FEET PASSING A 5/8-INCH IRON ROD WITH CAP STAMPED "BOUNDARY ONE-RPLS 5489" SET MARKING AN INTERIOR COMMON CORNER OF SAID 20.9884 ACRE TRACT AND SAID 88.293 ACRE TRACT, CONTINUING OVER AND ACROSS SAID 88.293 ACRE TRACT FOR A TOTAL DISTANCE OF 200.00 FEET TO AN ANGLE POINT; THENCE, CONTINUING OVER AND ACROSS SAID 88.293 ACRE TRACT, THE FOLLOWING COURSES AND DISTANCES:**

**SOUTH 87°15'38" WEST, 292.19 FEET TO AN ANGLE POINT;**

**NORTH 02°45'03" WEST, 1,384.78 FEET TO AN ANGLE POINT AND FOR THE MOST WESTERLY CORNER OF THE
HEREIN DESCRIBED TRACT;
NORTH 87°18'16" EAST, 465.87 FEET TO AN ANGLE POINT;
NORTH 02°41'44" WEST, 19.00 FEET TO AN ANGLE POINT;
NORTH 87°18'16" EAST, 669.72 FEET TO THE AFORESAID WESTERLY R.O.W. LINE OF F.M. 2004 AND FOR THE
MOST NORTHERLY CORNER OF THE HEREIN DESCRIBED TRACT;
THENCE, SOUTH 02°15'52" EAST, ALONG SAID WESTERLY R.O.W. LINE, A DISTANCE OF 1,602.96 FEET TO THE
POINT OF BEGINNING AND CONTAINING 40.004 ACRES (1,742,574 SQUARE FEET) OF LAND.**

(hereafter referred to as the "Property").

 Default.

6.      JMK5 has defaulted in the Note payments, in addition to, JMK5's failure to maintain insurance on the Property.

7.      Jet's records with respect to this debt indicates that as of 19 February 2026 the debt is $27,823,558.20 (hereafter referred toas the "JMK5 Account") A true and correct copy of the JMK5 Account is attached hereto as Exhibit "C" and is incorporated herein by reference.  In addition, JMK5 has failed to pay taxes which are currently at $277,158.39 to the Galveston County Tax-Assessor (hereafter the "Tax Account"). A true and correct copy of the Tax Account is attached hereto as Exhibit  "D" and is incorporated herein by reference.

Debtors' Interest in the Property.

8.      The DOT filed 29 September 2022 provides that Jet occupies the first lien position.

9.      The Deed of Trust indicating Good Bull Lending, LP f/k/a Good Bull Lending, LLC's interest filed of record under Clerk's No. 2023024704 in the Real Property Records of Galveston County, Texas indicates an amount of $23,499,053.43 holds the second lien position

---

(hereafter referred to as the "Good Bull Debt") A true and correct copy of the Good Bull Debt Deed of Trust is attached hereto as Exhibit "E" and is incorporated herein by reference.

10.     The first indication of any Debtor's interest appears as a Commercial Deed of Trust filed on 20 May 2024 under Clerk's No. 2024 022604 in the real property records of Galveston County, Texas securing a $5,900,000.00 note.

The Property's Current Value.

11.     Jet engaged the services of YATES-LAGRASTA and Stephen M. LaGrasta, MAI, and James D. LaGrasta, Associate Member, Appraisal Institute to appraise the Property's current value.  That appraisal was completed and delivered to Jet on 17 February 2026 (hereafter the "2026 Appraisal").  A true and correct copy of the 2026 Appraisal is attached hereto as Exhibit "F" and is incorporate herein by reference.

12.     The 2026 Appraisal indicates a current a value of $23,500,000.00.

No Equity.

13.     The Property's current indicated value does not cover, at a minimum, the Jet debt and in order for the Debtor's estate to realize any value the Good Bull Debt would need to be retired.  There is no equity that would inure to the estate's benefit.

Requested Relief.

14.     Jet requests this Court lift the 11 U.S.C. §362 automatic stay of act against property pursuant to §362(d)(1) and (2) for cause to allow Jet to exercise its state law rights against JMK5 Arena, LLC including but not limited to foreclosure and to secure the Property; as there is no equity in the Property that would inure to the estate's benefit.

Certificate of Conference.

15.     Pursuant to Local Bankruptcy Rules on 19 February 2026 at 3:04 p.m. with a copy of the 2026 Appraisal and the JMK5 Account the undersigned transmitted an email to the Debtor's and Trustee's attorneys. On 24 February 2026 the undersigned and the Trustee's attorney conferred regarding the proposed motion indicating the Trustee could not agree to the requested relief but may not oppose same.  On 23 February 2026, the Debtor's indicated the Debtor does not take a position on the matter and would defer to the Trustee.

Prayer.

JET LENDING, LLC prays this Court enter an Order lifting the 11 U.S.C. §362 automatic stay to allow JET LENDING LLC to exercise its state law rights against JMK5 Arena, LLC and for such other and further relief to which JET LENDING, LLC may be entitled.

Respectfully submitted,

/s/Richard A. Battaglia
Richard A. Battaglia
SBN 01918058
SDIN 8713
P.O. Box 131276
Houston, Texas 77219-1276
713.521.3570  Telephone
rab@rabpc.com

Attorneys for Jet Lending, LLC

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing Motion to Lift the 11 U.S.C. §362 Automatic Stay  has been served this date upon all parties in interest pursuant to the Federal Rules of Bankruptcy Procedure, the Local Rules of Bankruptcy 4001(d) and the Federal Rules of Civil Procedure via either electronic transmission, PACER/ECF, or United States mail on this the 4th  day of March 2026.

Elyse M. Farrow
HASELDEN FARROW PLLC
708 Main Street
Ste. 10th Floor
Houston, Texas 77002
EFarrow@haseldenFarrow.com

Ronald J. Sommers,
Chapter 7 Trustee
c/o Simon Richard Mayer
TROUTMAN PEPPER LOCKE LLP
600 Travis Street
Suite 2800
Houston, Texas 77002
Simon.Mayer@troutman.com

Good Bull Lending LLC
c/o Porter Hedges LLP
Attn: Aaron Power
1000 Main St., 36th Floor
Houston, TX 77002
apower@porterhedges.com

U.S. Trustee
515 Rusk
Suite 3516
Houston, TX 77002

*/s/ Richard A. Battaglia*
Richard A. Battaglia