**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **ILS INCOME FUND I, LP, and** | § | **Case No. 25-37277** |
| **ILS GROWTH FUND I, LP,** | § | **(Chapter 7)** |
| | § | |
| *Debtors*. | § | **(Jointly Administered)** |

**STIPULATION AND AGREED ORDER MODIFYING THE AUTOMATIC STAY FOR THE LIMITED PURPOSE OF PERMITTING CERTAIN ACTIONS BY RECEIVER**

This Stipulation and Agreed Order Modifying the Automatic Stay for the Limited Purpose of Permitting Certain Actions by Receiver is made by and between Ronald J. Sommers (the "Trustee"), the trustee appointed in these jointly-administered chapter 7 cases, and Peter C. Ruggero (the "Receiver"), the post-judgment turnover receiver appointed in the Galveston Litigation (as defined below). The Trustee and the Receiver stipulate and agree as follows:

1.      The chapter 7 bankruptcy estate of ILS Income Fund I, LLC (the "Estate") holds a promissory note executed by JMK5 Marina LLC ("JMK5 Marina"), which is secured by a lien against improved commercial real property located at 1203 Twin Oaks Boulevard, Kemah, Texas (the "Marina Property").

2.      JMK5 Marina is the defendant in a lawsuit (the "Galveston Litigation") styled *Lowe's Pro Supply v. JMK5 Marina, LLC*, Cause No. 24-cv-0506; In the 212th Judicial District Court of Galveston Count, Texas (the "Galveston Court).

3.      On September 27, 2024, the Galveston Court entered a final judgment in the Galveston Litigation against JMK5 Marina in the amount of $233,844.21. That judgment remains unsatisfied, at least in part.

1

326862397v1

4.      On September 10, 2025, the Galveston Court entered an Order Requiring Turnover and Appointing Receiver.  This order appointed the Receiver and placed all of JMK5 Marina's property, including the Marina Property, *in custodia legis*.

5.      The Marina Property includes a marina with over 200 boat slips, many of which are currently rented to boat owners.  Upon information and belief, dozens of the marina's tenants live in their boats full time.

6.      JMK5 Marina has not maintained the Marina Property for some time, and the property has fallen into disrepair.  Additionally, the utility service was disconnected for nonpayment.

7.      On February 23, 2026, the Receiver filed a Motion for Court Supervision and Motion to Hold Debtor in Contempt for Failure to Turnover (collectively, the "Receiver's Motion") in the Galveston Litigation, seeking authority to use rents collected from the Marina Property to fund utilities and undertake necessary maintenance for the Marina Property and to hold JMK5 Marina's principal in contempt.  The Receiver's Motion is set for hearing on April 1, 2026.

8.      The Trustee believes that it is in the Estate's best interests for the Receiver to address the health and safety issues at the Marina Property, as well as to take action to preserve the property.

9.      In order to ensure that any order entered by the Galveston Court on the Receiver's Motion and any actions taken by the Receiver pursuant to such order do not violate the automatic stay imposed under 11 U.S.C. § 362(a) in these chapter 7 cases, the Trustee and the Receiver have agreed to the modification of the automatic stay as set forth in this Stipulation and Agreed Order.

326862397v1

**IT IS THEREFORE ORDERED THAT:**

1.      The automatic stay is hereby modified for the limited purpose of allowing the Galveston Court to hear the Receiver's Motion.

2.      If the Galveston Court grants the relief requested in the Receiver's Motion, the automatic stay is further hereby modified to permit the Receiver to expend funds and take such action as necessary to preserve the Marina Property and address health and safety issues at the property and to pay the Receiver's fees, all to the extent authorized by the Galveston Court.

3.      Nothing in this Stipulation and Agreement Order shall be construed to extend the scope of the automatic stay, and the Galveston Court may, at the Receiver's request, terminate the receivership at any time.

4.      Nothing in this Stipulation and Agreed Order shall be construed to impose any obligation on the Trustee, financial or otherwise, with regard to the Marina Property or its tenants.

5.      This Stipulation and Agreed Order shall not affect the rights of the Estate or any other party asserting a valid lien against the Marina Property.

6.      The Court retains jurisdiction to enforce this Stipulation and Agreed Order and to adjudicate any dispute arising in connection therewith.

DATED:  March __, 2026.

_____
**The Honorable Eduardo Rodriguez,**
**Chief United States Bankruptcy Judge**

326862397v1

**Agreed as to Form and Substance:**

/s/ Peter C. Ruggero (by permission)
Peter C. Ruggero
State Bar No. 24044376
**RUGGERO LAW FIRM PC**
1411 West Avenue, Ste. 200
Austin, Texas 78701
(512) 473-8673
(512) 852-4407 (fax)
peter@ruggerolaw.com

*Court appointed Receiver for*
*JMK5 Marina, LLC*

/s/ Elizabeth M. Guffy
Elizabeth M. Guffy
State Bar No. 08592525
Simon R. Mayer
State Bar No. 24060243
**TROUTMAN PEPPER LOCKE LLP**
600 Travis Street, Suite 2800
Houston, Texas 77002
(713) 226-1200
(713) 226-3717 (fax)
Elizabeth.Guffy@troutman.com
Simon.Mayer@troutman.com

*Counsel for Ronald J. Sommers, Trustee*

4

326862397v1