**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Chapter 7** |
| | § | |
| **ILS Income Fund I LP,** *and* | § | **Case No. 25-37277 (EVR)** |
| **ILS Growth Fund I LP,** | § | |
| | § | |
| **Debtors.** | § | **(Jointly Administered)** |
| | § | |

**TRUSTEE'S MOTION FOR ENTRY OF AGREED ORDER AUTHORIZING
AGREEMENT FOR THE USE CASH COLLATERAL AND GRANTING CERTAIN
<u>ADEQUATE PROTECTION TO THE GEMINI LENDERS</u>**

> **This Motion seeks an order that may adversely affect you.  If you oppose the Motion, you should immediately contact the moving party to resolve the dispute.  If you and the Moving party cannot agree, you must file a response and send a copy to the moving party.  You must file and serve your response within 21 days of the date this was served on you.  Your response must state why the motion should not be granted.  If you do not file a timely response, the relief may be granted without further notice to you.  If you oppose the motion and have not reached an agreement, you must attend the hearing.  Unless the parties agree otherwise, the Court may consider evidence at the hearing and may decide the motion at the hearing.**
>
> **Represented parties should act through their attorney.**

**To the Honorable Eduardo V. Rodriguez,**
**Chief United States Bankruptcy Judge:**

Ronald J. Sommers, Chapter 7 Trustee (the "***Trustee***") for the bankruptcy estates of ILS Income Fund I LP and ILS Growth Fund I LP, files this *Motion for Entry of Agreed Order Authorizing Agreement for the Use Cash Collateral and Granting Certain Adequate Protection to the Gemini Lenders* (the "***Motion***"), and shows:

<u>**Summary of Relief Requested**</u>

1.      ILS Growth is the record holder of certain notes secured by liens and security interest in properties identified as Gemini A (defined below) and Gemini B (defined below) (together, the

"***Gemini Properties***").  The security interest includes an assignment of rents arising from the Gemini

Properties.  Prepetition, the ILS Growth pledged its interest in these notes to secure certain loans

from the Gemini Lenders (defined below).  The Gemini Properties are currently leased, and the

Trustee has been collecting monthly rent payments from the tenant since the Petition Date.  These

rents and any future rents are cash collateral (the "***Cash Collateral***") of the Gemini Lenders.

2.	The Trustee and the Gemini Lenders agreed to allow the Trustee's use of the Cash

Collateral to fund the ongoing administration expenses of the Estates.  As consideration for use of

the Cash Collateral, the Trustee has agreed to provide the Gemini Lenders with the following

adequate protection payments:

    i.	35% of the rent collected since the Petition Date through March 31, 2026 on Gemini A.

    ii.	35% of the rent collected since the Petition Date through March 31, 2026 on Gemini B.

    iii.	For future rent (i.e., rent collected after March 31, 2026):

        a.	35% of the rent collected on Gemini A within 10 business days after receipt from the tenant.

        b.	35% of the rent collected on Gemini B within 10 business days after receipt from the tenant.

3.	The amounts set forth in 2.(i), 2.(ii), and 2.(iii) (for any April rent collected) shall be

paid within 5 business days after Bankruptcy Court approval of this Motion.

4.	All amounts received by the Gemini Lenders shall be applied against the applicable

loan documents pursuant to their respective terms.

5.	Given the nature of these Chapter 7 Cases and the interest of various parties, the

Trustee seeks Court approval of his agreement with the Gemini Lenders to provide investors with the

continued insight into the process and to provide the Court with the opportunity to review and

validate the agreement.

6.      Pursuant to 11 U.S.C. §§ 361 and 363, the Trustee requests the Court approve the agreement between the Trustee and the Gemini Lenders authorizing the use of Cash Collateral and payment of adequate protection as set forth herein.

### Jurisdiction

7.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334.  This Court may hear and determine this Motion under the standing order of reference issued by the United States District Court for the Southern District of Texas under 28 U.S.C. § 157.  Consideration of this Motion is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (M) and (O).  As such, this Court may enter a final order on this matter under 28 U.S.C. § 157(b)(1).  Venue of this proceeding is proper in this district under 28 U.S.C. §§ 1408 and 1409.

### Statement of Material Terms

8.      The following chart contains a concise summary of the material terms of the proposed Order, together with references to the applicable sections of the proposed Order, as required by Bankruptcy Rule 4001(b)(1)(B).

| | |
|---|---|
| *Entities with an interest in the Cash Collateral* FRBP 4001(b)(1)(B)(i) | **Gemini A** – Cash Collateral:<br>- DGE Fund I LP (Newfirst National Bank)<br>**Gemini B** – Cash Collateral<br>- DGE Fund I LP (Newfirst National Bank)<br>- Elliott W. Kruppa<br>- Ramona Krenek |
| *Purposes for the use of Cash Collateral* FRBP 4001(b)(1)(B)(ii) | Chapter 7 Estate Administration, including investigation and liquidation of assets of the Estates and the continuing investigation of possible claims and causes of action belonging to the Estates. |
| *Material Terms* FRBP 4001(b)(1)(B)(iii) | Paragraphs 15, 16, 19, and 20 set forth the amount and timing of adequate protection payments to the Gemini Lenders. |
| *Summary of liens, payments, or other adequate protection* FRBP 4001(b)(1)(B)(i) | Paragraphs 16 and 17 set forth the amount and timing of the agreed adequate protection payments to the Gemini Lenders. |

## Background

### A. Debtors' Bankruptcy

9.      On December 1, 2025 (the "***Petition Date***"), ILS Income Fund I LP ("***ILS Income***") and ILS Growth Fund I LP ("***ILS Growth***" and together with ILS Income, the "***Debtors***") each filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code, thereby initiating bankruptcy cases under Case Nos. 25-37277 and 25-37281, respectively (the "***Chapter 7 Cases***") and creating the bankruptcy estates of ILS Income Fund I LP and of ILS Growth Fund I LP (collectively, the "***Estates***").

10.     Ronald J. Sommers was appointed the chapter 7 trustee of the Estates.

11.     By order of the Court, the Chapter 7 Cases are jointly administered under case number 25-37277.  [Docket No. 7].

### B. Gemini A Property Lien and Collateral Assignment

12.     ILS Growth is the record holder of a certain promissory note in the original principal amount of $1,961,680.00 (the "***Gemini A Note***") with JMK5 Gemini A, LLC ("***JMK5 Gemini A***"). ILS Growth purchased its interest in the Gemini A Note from the original lender ILS Lending LLC. The Gemini A Note is secured by, among other things, a mortgage (the "***Gemini A Mortgage***") on certain real property commonly referred to as 600 Gemini Street, Unit A, Webster, Texas 77058 ("***Gemini A***").  The Gemini A Mortgage includes an assignment of rents.

13.     To fund its purchase of the Gemini A Note, ILS Growth borrowed $1,961,680.00 from the DGE Fund I LP ("***DGE Fund***") and pledged its interest (the "***Gemini A Collateral Assignment***") in the Gemini A Note and Gemini A Mortgage (the "***Gemini A Loan Documents***") as security for the loan.  Simultaneously, DGE Fund assigned its security interest to Newfirst National

Bank.  The Gemini A Collateral Assignment includes all interest ILS Growth has in the Gemini A Loan Documents, including the assignment of rents.[1]

14.     The total principal amount lent to the ILS Growth from the DGE Fund related to the Gemini A Collateral Assignment remains owing, plus certain accrued interest and attorney's fees.

### C.  Gemini B Property Lien and Collateral Assignment

15.     ILS Growth is also the record holder of a certain promissory note in the original principal amount of $3,000,000.00 (the "*Gemini B Note*") with JMK5 Gemini B, LLC ("*JMK5 Gemini B*").  Like the Gemini A Note, ILS Growth purchased its interest in the Gemini B Note from ILS Lending LLC.  The Gemini B Note is secured by, among other things, a mortgage (the "*Gemini B Mortgage*") on certain real property commonly referred to as 600 Gemini Street, Unit B, Webster, Texas 77058 (the "*Gemini B*").  The Gemini B Mortgage also includes an assignment of rents.

16.     Similar to the transaction involving Gemini A, to fund the purchase of the Gemini B Note, ILS Growth borrowed $3,000,000.00 from DGE Fund, Elliott W. Kruppa ("*Kruppa*") and Ramona Krenek ("*Krenek*" and collectively, the "*Gemini Lenders*") and pledged its interest (collectively, the "*Gemini B Collateral Assignments*") in the Gemini B Note and Gemini B Mortgage (the "*Gemini B Loan Documents*") as collateral for the loans from the Gemini Lenders. Of the $3,000,000.00 loaned to ILS Growth, DGE Fund loaned 58.333%, Kruppa loaned 25%, and Krenek loaned the remining 16.667%.  Simultaneously, DGE Fund assigned its security interest to

---

[1] The Debtors' bankruptcy schedules indicate that ILS Growth may have transferred its debt obligations under the Gemini A Collateral Assignment to ILS Income. [*See* Docket No. 8, p. 43].  An unrecorded assignment of lien located in the Debtors' records appear to indicate that ILS Growth transferred the difference in the spread between the interest rates in the original loan with JMK5 Gemini A and the Interest rate in the loan with DGE Fund to ILS Income in exchange for ILS Income assuming 100% of the debt obligations owed under the DGE Fund loan.  However, such assignment is unrecorded, and the recorded assignments identified by the Trustee indicates that ILS Growth is the holder of the Gemini A Note.  The Trustee is still investigating this matter and reserves any and all rights he may have on behalf of the Estates with regard to the Gemini A Note.

Newfirst National Bank. The Gemini B Collateral Assignments include a pledge of all of ILS Growth's interest in the Gemini B Loan Documents, including the assignment of rents.[2]

17.     The total principal amount loaned to the ILS Growth from the Gemini Lenders related to the Gemini B Collateral Assignments remain owing, plus certain accrued interest and attorney's fees.

18.     The rents from Gemini A constitute the DGE Fund's Cash Collateral.  The rents from Gemini B constitute the Gemini Lenders' Cash Collateral.

**D.  The Gemini Properties' Rents**

19.     Currently Gemini A is fully occupied and Gemini B is partially occupied, all by the same tenant.  When making its monthly rental payments, the tenant often sets off a portion of the rent due under the applicable lease to cover certain maintenance and other necessary costs related to the Gemini Properties, as provided under the terms of the applicable leases.

20.     From the Petition Date through March, the Trustee has collected the following rents from the tenant: (i) $495,665.00 under the Gemini A lease and (ii) $150,082.00 under the Gemini B lease.  Prior to a hearing on this Motion, the Trustee anticipates he will receive rental payments from the tenant for both Gemini Properties for the month of April.

**E.  Need for Use of Cash Collateral**

21.     The Trustee requires the use of Cash Collateral to fund the ongoing administrative expenses of the Estates.  While the Trustee has access to some other sources of cash, mainly from asset sales and monies turned over on the Petition Date, the use of Cash Collateral composes a

---

[2] Like the Gemini A Collateral Assignment, the Debtors' bankruptcy schedules indicate that ILS Growth may have transferred its debt obligations under the Gemini B Collateral Assignment to ILS Income. [*See* Docket No. 8, p. 43–44]. An unrecorded assignment of lien located in the Debtors' records, appears to indicate that ILS Growth transferred the difference in the spread between the interest rates in the original loan with JMK5 Gemini B and the Interest rate in the loan with the Gemini Lenders to ILS Income in exchange for ILS Income assuming 100% of the debt obligations owed under the Gemini Lenders' applicable loans.  However, such assignment is unrecorded, and the recorded assignment identified by the Trustee indicate that ILS Growth is the holder of the Gemini B Note.  The Trustee is still investigating this matter and reserves any and all rights he may have on behalf of the Estates with regard to the Gemini

significant portion of the Estates readily accessible liquidity.  If the Court does not approve the agreement between the Trustee and the Gemini Lenders, the Trustee's ability to preserve the value of the Estates will suffer immediate and irreparable harm.  The use of Cash Collateral, under the Court's continued supervision, is vital for the Trustee's continued investigation, liquidation and/or recovery of assets of the Estates.  The Trustee also requires use of Cash Collateral to continue his investigation of possible claims and causes of action belonging to the Estates.

### Arguments and Authorities

22.      A chapter 7 trustee possesses independent authority to enter new cash collateral agreements for estate administration purposes.  See 11 U.S.C. § 363.  The Trustee's use of property of the Estates, including the Cash Collateral, is governed by § 363(c)(1), which permits a trustee to "use property of the estate in the ordinary course of business without notice or a hearing," except that a trustee may not use Cash Collateral unless either "(A) each entity that has an interest in such cash collateral consents; or (B) the court, after notice and a hearing, authorizes such use, sale, or lease in accordance with the provisions of this section." 11 U.S.C. § 363(c)(1), (2).

23.      Section 363(a) defines "cash collateral" to include—

> Cash, negotiable instruments, documents of title, securities, deposit accounts, or other cash equivalents whenever acquired in which the estate and an entity other than the estate have an interest and includes the proceeds, products, offspring rents, or profits of property and the fees, charges, accounts or other payments for the use or occupancy of rooms and other public facilities in hotels, motels, or other lodging properties subject to a security interest as provided in section 552(b) of this title, whether existing before or after the commencement of a case under this title.

11 U.S.C. § 363(a).

24.      Pursuant to § 363(c)(2), a trustee may not use cash collateral without the consent of the secured party or court approval.  See 11 U.S.C. § 363(c)(2).  Section 363(e) provides that, upon request of an entity that has an interest in property to be used by the debtor, the court shall prohibit

B Note.

or condition such use as is necessary to provide adequate protection of such interest. *See* 11 U.S.C. § 363(e).

25.     The Trustee asserts that the Gemini Lenders' interest in the Cash Collateral is adequately protected as required under §§ 361(1) and 363(c).

26.     In the present case, the Trustee and the Gemini Lenders have agreed to the use of the Cash Collateral and the provision of adequate protection of the Gemini Lenders' interest in the Cash Collateral.  Given the nature of these Chapter 7 Cases and the interest of various investors, the Trustee seeks approval from the Court of his agreement with the Gemini Lenders to validate the agreement and to provide notice and opportunity for objection and/or comment from parties in interest, including investors.

### Bankruptcy Rule 6004 Should be Waived

27.     To the extent that any aspect of the relief sought herein constitutes a use of property under section 363(b) of the Bankruptcy Code, the Trustee requests a waiver of the notice requirements under Bankruptcy Rule 6004(a) and the fourteen-day stay under Bankruptcy Rule 6004(h).  As described above, the relief that the Trustee requests in this Motion is necessary for the Trustee to continue to preserve the value of the Estates and the parties with an interest in the Cash Collateral have consented to its use. The Trustee respectfully requests that the Court waive the notice requirements imposed by Bankruptcy Rule 6004(a) and the fourteen-day stay imposed by Bankruptcy Rule 6004(h), as the exigent nature of the relief sought justifies immediate relief.

Ronald J. Sommers, Chapter 7 Trustee of the bankruptcy estates of ILS Income Fund I LP and ILS Growth Fund I LP prays this Court for the entry of the agreed order, in substantially the form attached to this Motion, approving the use of Cash Collateral and the provision of adequate

8

protection to the Gemini Lenders, on the terms set forth herein; and for all other relief to which the

Trustee may be justly entitled.

Respectfully submitted,

/s/ Simon R. Mayer
Elizabeth M. Guffy
Texas Bar Number 08592525
Simon R. Mayer
Texas Bar Number 24060243
**TROUTMAN PEPPER LOCKE LLP**
600 Travis Street, Suite 2800
Houston, TX 77002
Telephone:  713-226-1200
Facsimile:  713-226-3717
Email: Elizabeth.Guffy@troutman.com
         Simon.Mayer@troutman.com

***Counsel for Ronald J. Sommers,
Chapter 7 Trustee***

### Certificate of Service

I hereby certify that a true and complete copy of the foregoing pleading has served on the parties registered for electronic service in this case and listed below through the Court's ECF/PACER system on April 6, 2026.

- T. Josh Judd on behalf of ILS Action Group of Investors
- Jeannie Andresen on behalf of City of Webster, Galveston County
- Daniel Joseph Gierut on behalf of Horizon Turf Grass Inc.
- Daniel Joseph Gierut on behalf of R&R Turf Farms LP
- Lydia R Webb on behalf of Donald Sutton
- Misty A. Segura on behalf of The Mint National Bank
- Richard A, Battaglia on behalf of Jet Lending LLC
- Aaron J. Power on behalf of Good Bull Lending L.P.

- Reginald J. Fox on behalf of Intervenors
- W. Lee Keeling on behalf of Greg Garcia
- Elyse M. Farrow on behalf of ILS Income Fund I LP
- Elyse M. Farrow on behalf of ILS Growth Fund I LP
- Melissa Anne Haselden on behalf of ILS Income Fund I LP
- Melissa Anne Haselden on behalf of ILS Growth Fund I LP
- Ronald J Sommers
- Simon R. Mayer on behalf of Trustee Ronald J. Sommers
- US Trustee

/s/ Simon R. Mayer
Simon R. Mayer

9