**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| | § | |
| **In re:** | § | **Chapter 7** |
| | § | |
| **ILS Income Fund I LP,** *and* | § | **Case No. 25-37277 (EVR)** |
| **ILS Growth Fund I LP,** | § | |
| | § | |
| **Debtors.** | § | **(Jointly Administered)** |
| | § | |

**AGREED ORDER AUTHORIZING AGREEMENT**
**FOR THE USE CASH COLLATERAL AND GRANTING**
**CERTAIN ADEQUATE PROTECTION TO THE GEMINI LENDERS**
[Related to Docket No. ____]

Came on for consideration the *Motion for Entry of Agreed Order Authorizing Agreement for the Use Cash Collateral and Granting Certain Adequate Protection to the Gemini Lenders* (the "***Motion***") filed by Ronald J. Sommers, Chapter 7 Trustee (the "***Trustee***") for the bankruptcy estates of ILS Income Fund I LP ("***ILS Income***") and ILS Growth Fund I LP ("***ILS Growth***") seeking approval of his agreement with the Gemini Lenders authorizing the use of cash collateral and the provision of adequate protection under §§ 361 and 363 of title 11 of the United States Code (the "***Bankruptcy Code***").[1]   The Court finds that: (i) it has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (iii) venue of these Chapter 7 Cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; (iv) the relief requested in the Motion is in the best interests of the Trustee, the Debtors' Estates, and their creditors; (v) adequate notice of the Motion has been given in accordance with Bankruptcy Rules 4001 and 9014, the applicable Bankruptcy Local Rules, and no other or further notice is necessary under the circumstances; (vi) all objections, if any, to the relief requested in the Motion having been withdrawn, reserved, resolved, or overruled by the Court; and

---

[1]  Capitalized terms not otherwise defined herein, shall have the meaning ascribed to them in the Motion.

(vii) upon the record herein, including the agreement between the Trustee and the Gemini Lenders, and after due deliberation thereon, good and sufficient cause exists for the granting of the relief as set forth herein.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW:**

1. On December 1, 2025 (the "***Petition Date***"), ILS Income Fund I LP ("***ILS Income***") and ILS Growth Fund I LP ("***ILS Growth***") each filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code, thereby initiating bankruptcy cases under Case Nos. 25-37277 and 25-37281, respectively (the "***Chapter 7 Cases***") and creating the bankruptcy estates of ILS Income Fund I LP and of ILS Growth Fund I LP (collectively, the "***Estates***").

2. Ronald J. Sommers was appointed the chapter 7 trustee of the Estates.

3. By order of the Court, the Chapter 7 Cases were ordered jointly administered under case number 25-37277.  [Docket No. 7].

4. ILS Growth is the record holder of a certain promissory note in the original principal amount of $1,961,680.00 (the "***Gemini A Note***") with JMK5 Gemini A, LLC ("***JMK5 Gemini A***"). ILS Growth purchased its interest in the Gemini A Note from the original lender ILS Lending LLC. The Gemini A Note is secured by, among other things, a mortgage (the "***Gemini A Mortgage***") on certain real property commonly referred to as 600 Gemini Street, Unit A, Webster, Texas 77058 (the "***Gemini A***").  The Gemini A Mortgage includes an assignment of rents.

5. To fund the purchase of the Gemini A Note, ILS Growth borrowed $1,961,680.00 from the DGE Fund I LP ("***DGE Fund***") and pledged its interest (the "***Gemini A Collateral Assignment***") in the Gemini A Note and Gemini A Mortgage (the "***Gemini A Loan Documents***") as security for the loan.  Simultaneously, DGE Fund assigned its security interest to Newfirst National Bank.  The Gemini A Collateral Assignment includes all of ILS Growth's interest in the Gemini A Loan Documents, including the assignment of rents.

6. The total amount loaned to the ILS Growth from the DGE Fund related to the Gemini A Collateral Assignment of $1,961,680.00 remains owing, plus accrued interest and attorney's fees.

7. ILS Growth is also the record holder of a certain promissory note in the original principal amount of $3,000,000.00 (the "*Gemini B Note*") with JMK5 Gemini B, LLC ("*JMK5 Gemini B*"). Like the Gemini A Note, ILS Growth purchased its interest in the Gemini B Note from the original lender ILS Lending LLC. The Gemini B Note is secured by, among other things, a mortgage (the "*Gemini B Mortgage*") on certain real property commonly referred to as 600 Gemini Street, Unit B, Webster, Texas 77058 (the "*Gemini B*"). The Gemini B Mortgage also includes an assignment of rents.

8. Similar to the transaction involving Gemini A, to fund the purchase of the Gemini B Note, ILS Growth borrowed $3,000,000.00 from DGE Fund, Elliott W. Kruppa ("*Kruppa*") and Ramona Krenek ("*Krenek*" and collectively, the "*Gemini Lenders*") and pledged its interest (collectively, the "*Gemini B Collateral Assignments*") in the Gemini B Note and Gemini B Mortgage (the "*Gemini B Loan Documents*") as collateral for the loans from the Gemini Lenders. Based on applicable loan documents, DGE Fund loaned $1,750,000.00, Kruppa loaned $750,000.00, and Krenek loaned $500,000.00. Simultaneously, DGE Fund assigned its security interest to Newfirst National Bank. The Gemini B Collateral Assignments include a pledge of all of ILS Growth's interest in the Gemini B Loan Documents, including the assignment of rents.

9. The total amount loaned to the ILS Growth from the Gemini Lenders related to the Gemini B Collateral Assignments in the amounts remain owing, plus accrued interest and attorney's fees.

10. The rents from Gemini A constitute the DGE Fund's Cash Collateral. The rents from Gemini B constitute the Gemini Lenders' Cash Collateral.

3

11.     An immediate and critical need exists for the Trustee to use funds, including Cash Collateral, to preserve the value of the Estates by allowing him to continue his investigation, liquidation and/or recovery of assets of the Estates and to continue his investigation of possible claims and causes of action belonging to the Estates.

12.     The Trustee has requested immediate entry of this Order in accordance with Bankruptcy Rules 4001(b)(2) and (c)(2).  The authorization granted herein to allow the Trustee to use Cash Collateral or other funds is necessary to avoid immediate and irreparable harm to the Estates.  This Court concludes that entry of this Order is in the best interests of the Trustee, the Debtors' Estates, and their creditors as its implementation will, among other things, allow the Trustee continued funding to preserve the value of the Estates' assets during the liquidation process.

13.     The Trustee and the Gemini Lenders have reached an agreement to allow the Trustee's use of the Cash Collateral to fund the ongoing administration expenses of the Estates and to provide the Gemini Lenders with adequate protection payments.

**THEREFORE, IT IS HEREBY ORDERED THAT:**

14.     The Motion is Granted on a final basis.  The requirements of Bankruptcy Rule 4001(b)(2) are satisfied with respect to use of Cash Collateral on a final basis.

15.     The Trustee is hereby authorized, subject to the consideration described in this Order, to use the Cash Collateral.  Such use of the Cash Collateral shall be limited solely to the payment of administration expenses of the Estates.

16.     As adequate protection for the use of the Cash Collateral, the Trustee shall make the following adequate protection payments:

    (a)    35% of the rent collected since the Petition Date through March 31, 2026 on Gemini A to the DGE Fund;

    (b)    35% of the rent collected since the Petition Date through March 31, 2026 on Gemini B to the Gemini Lenders;

(c)     For any rent collected after March 31, 2026:

    (A)     35% of the rent collected on Gemini A to the DGE Fund within 10 business days after the Trustee receives the rent from the tenant;

    (B)     35% of the rent collected on Gemini B to the Gemini Lenders within 10 business days after the Trustee receives the rent from the tenant.

17.     The amounts set forth in 16.(i), 16.(ii), and 16.(iii) (with respect to any rents collected for the month of April) shall be paid within 5 business days after entry of this Order.

18.     The Trustee is authorized to pay the above-identified adequate protection payments by either check or wire transfer.

19.     All adequate protection payments paid to the Gemini Lenders related to Gemini B, shall be applied pursuant to the Gemini Lenders' respective percentage ownership interest in the $3,000,000.00 in loans made to ILS Growth.

20.     All amounts received pursuant to this Order shall be applied against ILS Growth's obligations under the applicable loan documents pursuant to their respective terms.

21.     The Trustee is authorized to execute all documents necessary to effectuate the terms of his agreement with the Gemini Lenders as contemplated under the Motion and this Order.

22.     The terms and provisions of this Order shall be binding in all respects upon, and shall inure to the benefit of the Trustee, the Estates, their creditors, the Gemini Lenders, and their respective successors and assigns, including without limitation, any subsequent Trustee appointed in these Chapter 7 Cases, and any affected third parties.

23.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

_____
Eduardo V. Rodriguez
Chief United States Bankruptcy Judge

5

**AGREED TO BY:**

/s/ Simon R. Mayer
Elizabeth M. Guffy
Texas Bar Number 08592525
Simon R. Mayer
Texas Bar Number 24060243
**TROUTMAN PEPPER LOCKE LLP**
600 Travis Street, Suite 2800
Houston, TX 77002
Telephone:  713-226-1200
Facsimile:  713-226-3717
Email: Elizabeth.Guffy@troutman.com
            Simon.Mayer@troutman.com

*Counsel for Ronald J. Sommers,*
*Chapter 7 Trustee*

DGE FUND I, LP,
a Texas limited partnership

By: DGE Fund I GP, LLC
     a Texas limited partnership
     its General Partner

By: _____
     Elliott W. Kruppa, Managing Partner


ELLIOTT W. KRUPPA

RAMONA KRENEK


NEWFIRST NATIONAL BANK,
a national banking association

By: _____
     Thomas Shirley, President

6