**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| | § | |
| **In re:** | § | **Chapter 7** |
| | § | |
| **ILS Income Fund I LP,** *and* | § | **Case No. 25-37277 (EVR)** |
| **ILS Growth Fund I LP,** | § | |
| | § | |
| **Debtors.** | § | **(Jointly Administered)** |
| | § | |

**NOTICE OF REQUEST FOR PRODUCTION OF DOCUMENTS**
**PURSUANT TO RULE 2004**

**PLEASE TAKE NOTICE** that, pursuant to Rule 2004 of the Federal Rules of Bankruptcy

Procedure and Rule 2004-1 of the Local Bankruptcy Rules of the Southern District of Texas,

Ronald J. Sommers, chapter 7 trustee for the above-captioned debtors, by and through his

undersigned counsel, hereby serves this Notice of Request for Production of Documents on ILS

GP LLC ("ILS GP").

ILS GP is required to produce the original or a copy of all Documents (as that term is

defined in Exhibit A) at the offices of the undersigned counsel.  The Documents should be

produced no later than 5:00 p.m. prevailing Central Time on May 8, 2026.

Dated:  April 8, 2026

<div style="margin-left:40%">

Respectfully submitted,

*/s/      Elizabeth M. Guffy*
Elizabeth M. Guffy
Texas Bar Number 08592525
Simon R. Mayer
Texas Bar Number 24060243
**TROUTMAN PEPPER LOCKE LLP**
600 Travis Street, Suite 2800
Houston, TX 77002
Telephone:  713-226-1200
Facsimile:  713-226-3717

</div>

1

Email: elizabeth.guffy@troutman.com
simon.mayer@troutman.com

**Counsel to Ronald J. Sommers, Trustee**

## Certificate of Service

I certify that on April 8, 2026, a copy of the foregoing document was served on the U.S. Trustee pursuant to Local Rule 9003-1 and on the parties listed below who are registered for electronic service via the Court's Electronic Case Filing System.

- T. Josh Judd on behalf of ILS Action Group of Investors
- Jeannie Andresen on behalf of City of Webster, Galveston County
- Daniel Joseph Gierut on behalf of Horizon Turf Grass Inc.
- Daniel Joseph Gierut on behalf of R&R Turf Farms LP
- Lydia R Webb on behalf of Donald Sutton
- Misty A. Segura on behalf of The Mint National Bank
- Richard A, Battaglia on behalf of Jet Lending LLC
- Aaron J. Power on behalf of Good Bull Lending L.P.
- Reginald J. Fox on behalf of Intervenors
- W. Lee Keeling on behalf of Greg Garcia
- Kim Ellen Lewinski on behalf of KJT Memorial Foundation
- Elyse M. Farrow on behalf of ILS Income Fund I LP
- Elyse M. Farrow on behalf of ILS Growth Fund I LP
- Melissa Anne Haselden on behalf of ILS Income Fund I LP
- Melissa Anne Haselden on behalf of ILS Growth Fund I LP
- Ronald J Sommers
- Elizabeth M. Guffy on behalf of Trustee Ronald J. Sommers
- Simon R. Mayer on behalf of Trustee Ronald J. Sommers
- US Trustee

/s/      *Elizabeth M. Guffy*
Elizabeth M. Guffy

2

326924985v1

**EXHIBIT A**

**<u>DEFINITIONS</u>**

The terms defined below shall have the meaning set forth herein, whether or not such terms are capitalized.

1. "ILS GP" means ILS GP LLC, and its owners, directors, offices, employees, shareholders, subsidiaries, divisions, affiliates, partners, agents, representatives, stockholders, shareholders, accountants, attorneys, and any person acting or purporting to act on their behalf or subject to their control, as well as its predecessor or successor entities operating under different names, if any, and their respective members, officers, directors, employees, general partners, limited partners, agents, representatives, stockholders, shareholders, accountants, attorneys, and any person acting or purporting to act on their behalf or subject to their control.

2. "ILS Growth" means ILS Growth Fund I LLC and its owners, directors, offices, employees, shareholders, subsidiaries, divisions, affiliates, partners, agents, representatives, stockholders, shareholders, accountants, attorneys, and any person acting or purporting to act on their behalf or subject to their control, as well as its predecessor or successor entities operating under different names, if any, and their respective members, officers, directors, employees, general partners, limited partners, agents, representatives, stockholders, shareholders, accountants, attorneys, and any person acting or purporting to act on their behalf or subject to their control.

3. "ILS Income" means ILS Income Fund I LLC and its owners, directors, offices, employees, shareholders, subsidiaries, divisions, affiliates, partners, agents, representatives, stockholders, shareholders, accountants, attorneys, and any person acting or purporting to act on their behalf or subject to their control, as well as its predecessor or successor entities operating under different names, if any, and their respective members, officers, directors, employees, general partners, limited partners, agents, representatives, stockholders, shareholders, accountants, attorneys, and any person acting or purporting to act on their behalf or subject to their control.

4. "ILS Lending" means ILS Lending LLC and its owners, directors, offices, employees, shareholders, subsidiaries, divisions, affiliates, partners, agents, representatives, stockholders, shareholders, accountants, attorneys, and any person acting or purporting to act on their behalf or subject to their control, as well as its predecessor or successor entities operating under different names, if any, and their respective members, officers, directors, employees, general partners, limited partners, agents, representatives, stockholders, shareholders, accountants, attorneys, and any person acting or purporting to act on their behalf or subject to their control.

5. "Loan Source" means Loan Source LLC and its owners, directors, offices, employees, shareholders, subsidiaries, divisions, affiliates, partners, agents, representatives, stockholders, shareholders, accountants, attorneys, and any person acting or purporting to act on their behalf or subject to their control, as well as its predecessor or successor entities

326924985v1

operating under different names, if any, and their respective members, officers, directors, employees, general partners, limited partners, agents, representatives, stockholders, shareholders, accountants, attorneys, and any person acting or purporting to act on their behalf or subject to their control.

6.   "Mr. Berry" means Thomas A. Berry and his affiliates, partners, agents, representatives, accountants, attorneys, relatives, and any person acting or purporting to act on their behalf or subject to their control.

7.   "Mr. Sutton" means Donald F. Sutton and his affiliates, partners, agents, representatives, accountants, attorneys, relatives, and any person acting or purporting to act on their behalf or subject to their control.

8.   "Pearl Funding" means Pearl Funding LLC and its owners, directors, offices, employees, shareholders, subsidiaries, divisions, affiliates, partners, agents, representatives, accountants, attorneys, and any person acting or purporting to act on their behalf or subject to their control, as well as its predecessor or successor entities operating under different names, if any, and their respective members, officers, directors, employees, general partners, limited partners, agents, representatives, stockholders, shareholders, accountants, attorneys, and any person acting or purporting to act on their behalf or subject to their control.

9.   "Relating to" and "relate to" mean and include any information concerning, comprising, identifying, summarizing, evidencing, containing, discussing, mentioning, describing, reflecting, comparing, analyzing, memorializing or pertaining in any way to the subject matter of the discovery request in which such term is used.

10.   "Relative" means an individual related by affinity or consanguinity within the third degree as determined by the common law, or an individual in a step or adoptive relationship within such third degree.

11.   "Communication" means any oral or written utterance, notation, or statement of any nature whatsoever, by and to whomsoever made, including (but not limited to) correspondence, meetings, conversations, dialogues, discussions, interviews, consultations, agreements, and other understandings between or among two or more persons.  Communication expressly includes, without limitation, documents, text messages, e-mail, voicemail, facsimile and other electronic communications and any magnetic or other audio or video recording. Electronic or magnetic data is hereby expressly requested to be produced in its native format as it is maintained in the ordinary course of business.

12.   "Document" means without limitation the original and all copies, prior drafts, and translations of information in any written, typed, printed, recorded, or graphic form, however produced or reproduced, of any type or description, regardless of origin or location, including without limitation all electronically saved information, correspondence, records, tables, charts, analyses, graphs, schedules, reports, notes, lists, calendar and diary entries, letters (sent or received), telegrams, telexes, messages (including, but not limited to, reports of telephone conversations and conferences), studies, books, periodicals, magazines, booklets, circulars, bulletins, instructions, papers, files, minutes, other communications (including but

2

not limited to inter- and intra-office communications), questionnaires, contracts, memoranda or agreements, assignment licenses, ledgers, books of account, orders, invoices, statements, bills, checks, vouchers, notebooks, receipts, acknowledgements, microfilm, photographs, motion pictures, videotapes, photographic negatives, phonograph records, tape recordings, wire recordings, voicemail recordings or messages, other mechanical records, transcripts or logs of any such recordings, and all other data compilations from which information can be obtained.  The term "Document" is intended to be at least as broad in meaning as the usage of this term in or pursuant to the Federal Rules of Civil Procedure.  Electronic or magnetic data is hereby expressly requested to be produced in its original format as it is maintained in the ordinary course of business.

13. "Person" means any natural person or any business, legal, or governmental entity or association.

14. "Affiliate" means an entity meeting the applicable definition of that term set out in 11 U.S.C. § 101(2).

3

326924985v1

**INSTRUCTIONS**

1. **The time period covered by each Request for Documents is January 1, 2022, through the present date, unless a Request for Documents expressly specifies another time period. All responses to the Request for must include all Documents related to applicable time period and must include all iterations or versions of the responsive Documents from that time period.**

2. The obligation to produce Documents responsive to these Requests for Documents shall be continuing in nature, and a producing party is required to promptly produce any Document requested herein that it locates or obtains after responding to these Requests for Documents, up to the date on which these chapter 7 cases are closed by an order of the Court.

3. Where an objection is made to any Request for Documents, the objection shall state with specificity all grounds for objection.

4. Where a claim of privilege is asserted in objecting to the production of any Document and a Document called for by these Requests for Documents is withheld on the basis of such assertion, the objecting party shall identify the extent and nature of the asserted privilege (including the work product privilege) and, if the privilege is governed by state law, indicate the state privilege rule that is being invoked. In addition, the objecting party shall provide the following information with respect to each Document so withheld: (i) the type of Document, *e.g.*, a letter or memorandum; (ii) the general subject matter of the Document; (iii) the date of the Document; and (iv) such other information as is sufficient to identify the Documents for a subpoena *duces tecum*, including, where appropriate, the author of the Document, the addressees of the Document and any other recipients reflected in the Document, and where not apparent, the relationship of the author, addressees, and recipients to each other.

5. Documents that are not available in electronic form (*i.e.*, hard copy paper documents) shall be *produced* as searchable single page .TIF or multiple .PDF images logical unitization preserved.

6. For electronically stored information, spreadsheet files (e.g., Microsoft Excel), database files (*e.g.*, Microsoft Access), video files, audio files, and other media files that cannot be provided in TIFF format should be produced in native-file format. All documents produced in native form shall be identified by naming the item to correspond to a bates number, which should reflect pagination of the item when printed to paper or converted to an image format for use in proceedings or when attached to exhibits in pleadings. Any other electronically stored information is requested as single-page, Group IV TIFF format with an iPro (LFP) load file. Associated OCR should be provided in document-level text files. TIFF files and document-level text files should be named for their associated bates-numbered pages.

7. The following metadata fields shall be included:

4

326924985v1

    a. BEGBGATES

    b. ENDBATES

    c. BEGATTACH

    d. ENDATTACH

    e. CUSTODIAN

    f. DATESENT

    g. TIMESENT

    h. DATERCVD

    i. TIMERCVD

    j. DATECREATED

    k. TIMECREATED

    l. DATELASTMOD

    m. TIMELASTMOD

    n. EMAIL_SUBJECT

    o. FROM

    p. TO

    q. CC

    r. BCC

    s. TITLE

    t. SUBJECT

    u. AUTHOR

    v. FILEPATH

    w. FILENAME

    x. MD5HASH

    y. FILESIZE

    z. NATIVEFILE

    aa. OCRPATH

8. In the event that a requested Document has been lost, destroyed, discarded, and/or otherwise disposed of, the party responding to these Requests for Documents shall identify the Document by identifying (i) its author or preparer; (ii) all Personal to whom the Document was distributed or shown; (iii) its date of creation and/or modification; (iv) its subject matter; (v) any attachments or appendices to the Document; (vi) the date of, manner of, and reason for the Document's destruction or other disposition; (vii) the Person authorizing the Document's destruction or other disposition; and (viii) the Document Request(s) to which the Document is responsive.

326924985v1

## REQUESTS FOR PRODUCTION

1. All general ledgers (including detailed transaction-level data) maintained by or for ILS GP.

2. All native backup files of the accounting system or systems used by ILS GP.

3. Any and all bank statements (along with any enclosures) and related financial records for all accounts held by, controlled by, or for the benefit of ILS GP, including, but not limited to, deposit slips, deposit items, cancelled checks, and debit/credit memoranda.

4. All cash receipt journals, ledgers, or transaction reports for ILS GP.

5. All cash disbursement journals, check registers, and accounts payable transaction reports for ILS GP.

6. All payroll registers and payroll summaries for ILS GP.

7. Any and all Forms W-2, W-3, 961, and 1099 related to work performed for ILS GP.

8. All documents relating to any disbursement, compensation, distribution, loan, advance, or other transfer of funds from ILS GP to any shareholder, member, officer, director, manager, partner, or affiliated entity of ILS GP.

9. All documents relating to any disbursement, compensation, distribution, loan, advance, or other transfer of funds from ILS GP to Mr. Berry.

10. All documents relating to any disbursement, compensation, distribution, loan, advance, or other transfer of funds from ILS GP to any of Mr. Berry's relatives.

11. All documents relating to any disbursement, compensation, distribution, loan, advance, or other transfer of funds from ILS GP to Mr. Sutton.

12. All documents relating to any disbursement, compensation, distribution, loan, advance, or other transfer of funds from ILS GP to any of Mr. Sutton's relatives.

13. All workpapers and any supporting documents relating to any periodic valuation of ILS Growth or ILS Income.

14. All documents reflecting or related to any promissory notes owned by ILS GP.

15. All documents reflecting or evidencing the consideration paid by ILS GP for any promissory note it acquired.

16. All documents reflecting or related to the purchase of any promissory note by ILS GP from ILS Growth or ILS Income.

17. All documents reflecting the capital accounts for each shareholder, member, or other equity holder of ILS GP, including capital account statements, contribution records, distribution histories, and redemption records.

1

326924985v1

18.  All documents reflecting the capital accounts for each limited partner in ILS Growth and ILS Income, including capital account statements, contribution records, distribution histories, and redemption records.

19.  All slide deck presentations used for presentations to investors or potential investors.

20.  All promotional materials or other materials prepared for distribution to potential investors in or limited partners of ILS Growth or ILS Income.

21.  All email from ILS GP or any person acting on behalf of ILS GP to any potential investor in ILS Growth or ILS Income, including all attachments.

22.  All email to ILS GP from any potential investor in ILS Growth or ILS Income, including all attachments.

23.  All email from ILS GP or any person acting on behalf of ILS GP to any limited partner of ILS Growth or ILS Income, including all attachments.

24.  All email to ILS GP from any limited partner of ILS Growth or ILS Income, including all attachments.

25.  All documents relating to or reflecting the process for ascertaining the eligibility of a potential investor for investment in either ILS Growth or ILS Income.

26.  All communications or reports provided to the limited partners of ILS Growth or ILS Income detailing or discussing fund operations or results

27.  All versions of any private placement memorandum provided to potential investors in ILS Growth or ILS Income, including all drafts of such memorandum.

28.  All documents relating to or reflecting consultations or discussions with ILS GP and any bankers, lending institutions, or private lenders.

29.  All documents reflecting any intercompany loans, advances, lines of credit, or any other type of financial obligation between ILS GP and ILS Growth, ILS Income, or any other affiliate of ILS GP.

30.  All workpapers and permanent files prepared in connection with any tax returns prepared for ILS GP.

31.  All minutes of meetings of the board of directors, managers, members, or partners of ILS GP.

32.  All written resolutions adopted by the board of directors, managers, members, or partners of ILS GP.

33.  All minutes of meetings of the board of directors, managers, members, or partners of ILS Growth.

2

326924985v1

34.     All written resolutions adopted by the board of directors, managers, members, or partners of ILS Income.

35.     All versions of the limited liability agreement and by-laws for ILS GP, including all amendments and any superseded versions of each.

36.     All documents relating to or evidencing filings with Securities and Exchange Commission related to ILS Growth or ILS Income.

37.     All documents reflecting communications between Loan Source and ILS GP.

38.     All documents reflecting communications between ILS Capital Management LLC and ILS GP.

39.     All documents reflecting communications between ILS Lending and ILS GP.

40.     All documents reflecting communications between Pearl Funding and ILS GP.

41.     All documents relating to or evidencing the transfer of any funds to ILS GP from Loan Source.

42.     All documents relating to or evidencing the transfer of any funds to ILS GP from ILS Lending.

43.     All documents relating to or evidencing the transfer of any funds to ILS GP from Pearl Funding.

44.     All documents relating to or evidencing the transfer of any funds from ILS GP to Loan Source.

45.     All documents relating to or evidencing the transfer of any funds from ILS GP to ILS Lending.

46.     All documents relating to or evidencing the transfer of any funds from Pearl Funding to ILS GP.

47.     Any insurance policies under which ILS GP is listed as an insured.

48.     All documents relating to or evidencing any communications between ILS GP and Mr. Berry.

49.     All documents relating to or evidencing any communications between ILS GP and any of Mr. Berry's relatives.

50.     All documents relating to or evidencing any communications between ILS GP and Mr. Sutton.

51.     All documents relating to or evidencing any communications between ILS GP and any of Mr. Sutton's relatives.

3

52.     All documents relating to or evidencing the sources of funds used to pay the operating expense of ILS GP.

53.     All documents relating to or evidencing any equity interests held by ILS GP in any entity other than ILS Growth and ILS Income.

54.     All promissory notes or guarantees executed by ILS GP.

55.     All documents reflecting the identity of the person or entity serving as manager, managing member, or managing partner of ILS GP.

56.     All documents reflecting the identity of the person or entity serving as officer, manager, managing member, or managing partner of ILS Growth

57.     All documents reflecting the identity of the person or entity serving as officer, manager, managing member, or managing partner of ILS Income.

58.     All documents reflecting all positions and responsibilities held by Mr. Berry at ILS GP.

59.     All documents reflecting all positions and responsibilities held by Mr. Sutton at ILS GP.

60.     All documents reflecting any positions or responsibilities at ILS GP held by any relative of Mr. Berry.

61.     All documents reflecting any positions or responsibilities at ILS GP held by any relative of Mr. Sutton.

62.     All documents reflecting the payment of any business expenses incurred by ILS GP and the source of funds for such payment.

63.     All contracts or other agreements between ILS GP and Loan Source.

64.     All contracts or other agreements between ILS GP and ILS Lending.

65.     All contracts or other agreements between ILS GP and Pearl Funding.

66.     All leases of real or personal property to which ILS GP is a party.

4