**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| | § | |
| **In re:** | § | **Chapter 7** |
| | § | |
| **ILS Income Fund I LP,** *and* | § | **Case No. 25-37277 (EVR)** |
| **ILS Growth Fund I LP,** | § | |
| | § | |
| **Debtors.** | § | **(Jointly Administered)** |
| | § | |

**TRUSTEE'S MOTION FOR AUTHORITY TO SELL PROPERTY OF THE
ESTATE FREE AND CLEAR OF ALL LIENS, CLAIMS, INTERESTS
AND ENCUMBRANCES PURSUANT TO 11 U.S.C. §§ 363(B) AND (F)
(THE HIGHER ECHELON LOAN AND THE B&Z LOAN)**

**This Motion seeks an order that may adversely affect you. If you oppose the
Motion, you should immediately contact the moving party to resolve the dispute.
If you and the Moving party cannot agree, you must file a response and send a
copy to the moving party. You must file and serve your response within 21 days
of the date this was served on you. Your response must state why the motion
should not be granted. If you do not file a timely response, the relief may be
granted without further notice to you. If you oppose the motion and have not
reached an agreement, you must attend the hearing. Unless the parties agree
otherwise, the Court may consider evidence at the hearing and may decide the
motion at the hearing.**

**Represented parties should act through their attorney.**

**To the Honorable Eduardo V. Rodriguez,**
**Chief United States Bankruptcy Judge:**

Ronald J. Sommers, Chapter 7 Trustee (the "***Trustee***") for the bankruptcy estates of ILS

Income Fund I LP and ILS Growth Fund I LP, files this *Motion for Authority to Sell Property of the*

*Estate Free and Clear of All Liens, Claims, Interests and Encumbrances Pursuant to 11 U.S.C. §§*

*363(b) and (f) (The Higher Echelon Loan and The B&Z Loan)* (the "***Motion***"), and shows:

**Summary of Relief Requested**

1.      The Trustee requests authority to sell the ILS Income Estate's (defined below) right,

title and interest in both the Higher Echelon Loan (defined below) and the B&Z Loan (defined

329391688v1

below), free and clear of any and all liens, claims, interests and other encumbrances on an "AS-IS, WHERE-IS, WITH-ALL FAULTS" basis with no representation or warranty of any kind, express or implied to Douglas G. Krenk (the "*Buyer*") for $95,000.00.  Alternatively, the Trustee will accept the highest and best offer timely received by the Trustee.  The conveyance will be by *Assignment Agreements* in substantially the same form as attached hereto as **Exhibit 1** and **Exhibit 2** (together, the "*Assignments*").

## Jurisdiction

2.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334.  This Court may hear and determine this Motion under the standing order of reference issued by the United States District Court for the Southern District of Texas under 28 U.S.C. § 157.  Consideration of this Motion is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (N) and (O).  As such, this Court may enter a final order on this matter under 28 U.S.C. § 157(b)(1).  Venue of this proceeding is proper in this district under 28 U.S.C. §§ 1408 and 1409.

## Background

3.      On December 1, 2025 (the "*Petition Date*"), ILS Income Fund I LP ("*ILS Income*") and ILS Growth Fund I LP ("*ILS Growth*", collectively with ILS Income, the "*Debtors*") each filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code, thereby initiating bankruptcy cases under Case Nos. 25-37277 and 25-37281, respectively (the "*Chapter 7 Cases*") and creating the bankruptcy estates of ILS Income Fund I LP and of ILS Growth Fund I LP (individually, the "*Estate*", collectively, the "*Estates*").

4.      Ronald J. Sommers was appointed the chapter 7 trustee of the Estates.

5.      The Chapter 7 Cases were ordered jointly administered under case number 25-37277 on December 15, 2025.  [Docket No. 7].

329391688v1

6.      The Debtors filed their respective bankruptcy schedules and statement of financial affairs [Docket Nos. 8 and 9] (collectively, the "*Schedules*") on December 15, 2025.

**The Higher Echelon Loan**

7.      Higher Echelon Management LLC executed a Promissory Note dated January 9, 2023 (the "*Higher Echelon Promissory Note*") in favor of ILS Lending LLC in the original principal amount of $55,300.00.  The Higher Echelon Promissory Note has a maturity date of January 15, 2053.  The Higher Echelon Promissory Note is secured by a lien on certain real property commonly referred to as 12905 Imperial Avenue Units 1 & 2, Cleveland, Ohio 44120, as evidenced by that certain *First Lien Commercial Mortgage, Security Agreement, Assignment of Leases and Rents, Financing Statement and Fixture Filing* recorded on January 11, 2023, with the Cuyahoga County Fiscal Office, under Instrument Number 202301110263 (the "*Higher Echelon Mortgage*").  Higher Echelon Management LLC also executed an *Assignment of Leases and Rents* in favor of ILS Lending LLC, which was recorded on January 11, 2023, with the Cuyahoga County Fiscal Office under Instrument Number 202301110264 (the "*Higher Echelon Assignment of Rents*").

8.      ILS Lending LLC executed a *Transfer and Assignment of Lien*, with an effective date of August 15, 2023 (the "*ILS Lending Assignment*"), transferring its interest in the Higher Echelon Promissory Note, the Higher Echelon Mortgage and the Higher Echelon Assignment of Rents (collectively, the "*Higher Echelon Loan*") to ILS Income.  The ILS Lending Assignment was recorded on March 4, 2024, with the Cuyahoga County Fiscal Office, under Instrument Number 202403040508.

| | Property: | HIGHER ECHELON MANAGEMENT LLC<br>12905 IMPERIAL AVENUE UNITS 1-2<br>CLEVELAND OH 44120<br>CUYAHOGA COUNTY | | | | |
|---|---|---|---|---|---|---|
| Loan # | Lien Number | Loan Amount | | Lienholders | % Owned | $ Amount Owned |
| 5283010 | 1 | $ | 55,300.00 | ILS INCOME FUND | 100.0000000% $ | 54,461.66 |

3

[Docket No. 9, p.28].

9.      ILS Income's interest in the Higher Echelon Loan is property of the ILS Income Estate pursuant to 11 U.S.C. § 541(a)(2).  ILS Income's records indicate that the current value of its interest in the Higher Echelon Loan is $54,321.31.

**The B&Z Properties Loan**

10.      B&Z Properties, LLC executed a Promissory Note dated October 3, 2024 (the "***B&Z Promissory Note***") in favor of Pearl Funding LLC in the original principal amount of $57,000.00. The B&Z Promissory Note has a maturity date of October 15, 2054.  The B&Z Promissory Note is secured by a lien on certain real property commonly referred to as 24 Circle Drive, Reidsville, North Carolina 27320-2714, as evidenced by that certain *First Lien Commercial Mortgage, Security Agreement, Assignment of Leases and Rents, Financing Statement and Fixture Filing* recorded on October 4, 2024, with Rockingham County, North Carolina Register of Deeds, under Instrument Number 657229 (the "***B&Z Mortgage***").  B&Z Properties, LLC also executed an *Assignment of Leases and Rents* in favor of Pearl Funding LLC, which was recorded on October 4, 2024, with Rockingham County, North Carolina Register of Deeds, under Instrument Number 657230 (the "***B&Z Assignment of Rents***").

11.      Pearl Funding LLC executed a *Transfer and Assignment of Lien*, with an effective date of October 8, 2024 (the "***Pearl Funding Assignment***"), transferring its interest in the B&Z Promissory Note, and the B&Z Mortgage to ILS Income.  The Pearl Funding Assignment was recorded on October 30, 2024, with the Rockingham County, North Carolina Register of Deeds, under Instrument Number 658077.

4

| | | | B&Z PROPERTIES LLC 24 CIRCLE DRIVE REIDSVILLE, NC 27320 | | | |
|---|---|---|---|---|---|---|
| **Property:** | | | | | | |
| **Loan #** | **Lien Number** | **Loan Amount** | **Lienholders** | **% Owned** | **$ Amount Owned** | |
| 5455510 | 1 | $ 57,000.00 | ILS INCOME FUND | 100.0000000% | $ 56,672.21 | |

[Docket No. 9, p.29].

12.     ILS Income's interest in the B&Z Promissory Note, the B&Z Mortgage and the B&Z Assignment of Rents (collectively, the "**B&Z Loan**") is property of the ILS Income Estate pursuant to 11 U.S.C. § 541(a)(2).  ILS Income's records indicate that the current value of its interest in the B&Z Loan is $56,508.25.

13.     The Trustee was recently contacted by the Buyer regarding the sale of the ILS Income Estate's interest in both the Higher Echelon Loan and the B&Z Loan.  The borrowers on the Higher Echelon Promissory Note and the B&Z Promissory Note continue making their regular monthly payments.  Those payments include both principal and interest accrued since the last payment.  Each payment reduces the amount of principal owed on the applicable promissory note.  After back and forth negotiations, the Buyer has offered to purchase the Estate's interest in the Higher Echelon Loan and the B&Z Loan (together, the "**Loans**") for $95,000.00.  ILS's Income's records show that the current combined value of the two notes is $110,820.56.  The proposed sale price represents an approximate current discount of $15,820.56.

14.     The Buyer's offer to purchase the Estate's intertest in the Loans is the highest and best offer he has received to date.  Subject to Bankruptcy Court approval, the Trustee agreed to sell the ILS Income Estate's interest in the Loans to the Buyer for $95,000.00, free and clear of all liens, claims, encumbrances and other interest pursuant to 11 U.S.C. § 363(b) and (f), with such claims, liens, encumbrances and interest, if any, to attach to the proceeds of the sale.

5

329391688v1

15. The sale will be on an "as is, where is" basis without any representations or warranties of any kind. The sale will be free and clear of all liens, claims, interests and other encumbrances of any kind or character, with any valid security interests, liens, or claims to attach to the net sales proceeds, if any.

**Proposed Sale Terms**

16. Subject to Court approval, the terms of the proposed sale are as follows:

a) The Buyer shall pay the Trustee $95,000.00 in good funds (the "***Purchase Price***") in exchange for the conveyance of all the ILS Income Estate's right, title and interest, if any, in the Higher Echelon Loan and the B&Z Loan. The Buyer shall pay the Purchase Price to the Trustee within five (5) business days from the entry of the order approving the sale.

b) The conveyance of the ILS Income Estate's interest in the Higher Echelon Loan and the B&Z Loan shall be made free and clear of any and all liens, claims, interests or other encumbrances pursuant to 11 U.S.C. 363(f).

c) The conveyance of the ILS Income Estate's interest in the Higher Echelon Loan and the B&Z Loan shall be made on an "as is, where is" basis, with no representations or warranties of any kind.

d) The conveyance shall occur via the Assignments.

17. A true and correct copy of the Assignments are attached hereto as **Exhibit 1** and **Exhibit 2**.

18. The Trustee reserves his right to modify or amend the terms of the proposed sale and the proposed accompanying order.

19. The Trustee is not aware of any liens against the ILS Income Estate's interest in the Higher Echelon Loan and the B&Z Loan or their respective proceeds. The Trustee's investigation has not identified any such liens, and ILS Income's Schedules do not disclose any such liens.

20. Pursuant to 11 U.S.C. § 363(b) and (f), the Trustee seeks Court authority to convey the ILS Income Estate's interest in the Loans, which will be conveyed on an "as-is, where-is" basis

with no representation or warranty of any kind, free and clear of all liens, claims, interests and other encumbrances of any kind or character, with any valid security interests and liens to attach to the net sales proceeds, if any, subject to the Trustee's avoidance powers to the extent necessary.

21.     The Trustee, in his business judgment, has determined that the proposed sale of the Estate's interest in the Loans is in the best interest of the ILS Income Estate and its creditors, and the Motion will be served on creditors and parties in interest for any comment or objections they may have.

22.     The Court may authorize the sale of the ILS Income Estate's interest in the Loans free and clear of all liens, claims, encumbrances, and interests.  Section 363(f) allows the Trustee to sell the ILS Income Estate's interest in the Loans free and clear of any interest if:

(1)     applicable non-bankruptcy law permits sale of such property free and clear of such interest;

(2)     such entity consents;

(3)     such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;

(4)     such interest is in a bona fide dispute; or

(5)     such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. § 363(f).

23.     As noted, the Trustee is not aware of any liens asserted on the ILS Income Estate's interest in the Loans or their respective proceeds.  Therefore, the Trustee asserts that 11 U.S.C. § 363(f) is satisfied.

24.     Notice will be given to all known creditors of ILS Income and parties in interest.  The Trustee requests that any person or entity served with this Motion who claims a lien on, interest in or claim against the ILS Income Estate's interest in either one or both of the Loans file a written notice

7

with the Court and serve it on the Trustee no later than 45 days after entry of an Order approving the sale or be forever barred from asserting such lien, claim or interest.

25.     The Trustee seeks approval of the sale of the ILS Income Estate's interest in the Loans free and clear of all liens, claims, encumbrances and other interest pursuant to 11 U.S.C. § 363(b) and (f), with such claims, liens, encumbrances and interest, if any, to attach to the proceeds of the sale.

## Alternative Relief

26.     The sale is subject to higher or better offers.  Higher or better offers, if any, must be received **on or before June 4, 2026** (the "*Alternative Bid Deadline*").  To be considered, an offer must be identical to the Buyer's offer but must provide for a sales price of at least $100,000.00 in order to provide for the increased administrative costs that would be incurred by such offer.  If the Trustee receives a higher and better offer as set forth above, on or before the Alternative Bid Deadline, he will file a notice with the Court that sets out the terms of the higher offer and sets a deadline of 5:00 p.m. (CDT) on June 11, 2026 (the "*Final Bid Deadline*") for all parties who have submitted an offer, including the Buyer, to submit their highest and best offer.  Offers must be received by the Trustee by the Final Bid Deadline in order to be considered.  If a higher and better offer is timely received by the Trustee by the Final Bid Deadline from a party other than the Buyer, the Trustee, in his sole discretion, may either file an amended proposed sale order with the Court to substitute Buyer with the party submitting the highest or best offer or conduct an auction of the ILS Income Estate's interest in the Loans.

27.     The Trustee shall have the sole discretion in his business judgment as to which bid is the highest and best offer.  If the Trustee receives multiple offers, he will have the option to accept backup bids in case the bidder submitting ultimate highest and best offer does not timely close the sale of the Loans.

329391688v1

28.     In the exercise of his business judgment, the Trustee has determined that the proposed conveyance of the ILS Income Estate's interest, if any, in the Loans for the Purchase Price, on the terms detailed above, is presently the highest and best offer under the circumstances.  Additionally, the Trustee considered that both of the promissory notes are installment notes that will not mature for more than 25 years.  The Trustee also took into consideration that the collateral securing the Loans is located outside of the State of Texas and thus, if necessary, would likely require the employment of additional outside counsel to exercise any state law contractual rights the Estate may have.  Furthermore, the Trustee asserts that the proposed bidding process provides notice to potential purchasers and opportunity for them to submit higher and better offers.  The Trustee asserts that the proposed sale at the scheduled value of the asset maximizes the value to the ILS Income Estate and serves the public interest.

Ronald J. Sommers, Chapter 7 Trustee of the bankruptcy estate of ILS Income Fund I LP, prays this Court for the entry of an order, in substantially the form attached to this Motion, approving and authorizing the sale of the ILS Income Fund I LP Estate's right, title  and interest in the Higher Echelon Loan and the B&Z Loan to Buyer, free and clear of any and all liens, claims, interests and encumbrances pursuant to 11 U.S.C. §§ 363(b) and 363(f), on the terms set forth herein; and for all other relief to which the Trustee may be justly entitled.

9

Respectfully submitted,

*/s/ Simon R. Mayer*
Elizabeth M. Guffy
Texas Bar Number 08592525
Simon R. Mayer
Texas Bar Number 24060243
**TROUTMAN PEPPER LOCKE LLP**
600 Travis Street, Suite 2800
Houston, TX 77002
Telephone:  713-226-1200
Facsimile:  713-226-3717
Email: Elizabeth.Guffy@troutman.com
          Simon.Mayer@troutman.com

***Counsel for***
***Ronald J. Sommers, Trustee***

10

329391688v1

**Certificate of Service**

I hereby certify that a true and complete copy of the foregoing pleading has served on the parties registered for electronic service in this case and listed below through the Court's ECF/PACER system on May 21, 2026.

- Misty A. Segura on behalf of The Mint National Bank
- Richard A, Battaglia on behalf of Jet Lending LLC
- Aaron J. Power on behalf of Good Bull Lending L.P.
- Reginald J. Fox on behalf of Intervenors
- W. Lee Keeling on behalf of Greg Garcia
- Elyse M. Farrow on behalf of ILS Income Fund I LP
- Elyse M. Farrow on behalf of ILS Growth Fund I LP
- Melissa Anne Haselden on behalf of ILS Income Fund I LP
- Melissa Anne Haselden on behalf of ILS Growth Fund I LP
- Daniel Joseph Gierut on behalf of Horizon Turf Grass Inc.
- Daniel Joseph Gierut on behalf of R&R Turf Farms LP
- Jeannie Lee Andresen on behalf of City of Webster
- Jeannie Lee Andresen on behalf of Galveston County
- Kim Ellen Lewinski on behalf of KJT Memorial Foundation
- Lydia R Webb on behalf of Donald Sutton
- T. Josh Judd on behalf of ILS Action Group of Investors
- W Lee Keeling on behalf of Greg Garcia
- Ronald J Sommers
- Simon R. Mayer on behalf of Trustee Ronald J. Sommers
- US Trustee

*/s/ Simon R. Mayer*
Simon R. Mayer

11

329391688v1