United States Bankruptcy Court
Southern District of Texas

**ENTERED**

June 12, 2026

Nathan Ochsner, Clerk

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| **In re:** | § § § | **Chapter 7** |
| **ILS Income Fund I LP,** *and* **ILS Growth Fund I LP,** | § § § § | **Case No. 25-37277 (EVR)** |
| **Debtors.** | § § § § | **(Jointly Administered)** |

**ORDER GRANTING TRUSTEE'S MOTION FOR AUTHORITY TO SELL PROPERTY OF THE ESTATE FREE AND CLEAR OF ALL LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES PURSUANT TO 11 U.S.C. §§ 363(B) AND (F) (THE HIGHER ECHELON LOAN AND THE B&Z LOAN)**
[Related to Docket No. 133]

The Court has considered the *Motion for Authority to Sell Property of the Estate Free and Clear of all Liens, Claims, Interests and Encumbrances Pursuant to 11 U.S.C. §§ 363(b) and (f) (the Higher Echelon Loan and the B&Z Loan)* (the "***Motion***") filed by Ronald J. Sommers, Chapter 7 Trustee (the "***Trustee***") for the bankruptcy estates of ILS Income Fund I LP ("***ILS Income***") and ILS Growth Fund I LP.  Based upon the representations of the Trustee, the Court is of the opinion that the Motion should be granted.  The Court finds as follows:

1.       The sale of all right, title and interest, if any, held by the bankruptcy estate of ILS Income (the "***ILS Income Estate***") in the Higher Echelon Loan[1] and the B&Z Loan to Douglas G. Krenk (the "***Buyer***") free and clear of all liens, claims, interests and other encumbrances pursuant to 11 U.S.C. § 363(b) and (f), for the purchase price of $95,000.00 is in the best interest of the ILS Income Estate, its creditors, and other parties in interest.

2.       The Trustee and the Buyer have acted in good faith.

3.       The Buyer is a good faith purchaser under 11 U.S.C. § 363(m) and is entitled to the protections of 11 U.S.C. § 363(m).

329391688v1

4. The notice of the Motion is proper and complies with applicable bankruptcy law and rules under the circumstances of this case, and no further notice is required.

Based upon the foregoing Findings of Fact, it is, therefore

**ORDERED** that the sale of the ILS Income Estate's interest in the Higher Echelon Loan as set forth herein is **APPROVED**. It is further

**ORDERED** that the sale of the ILS Income Estate's interest in the B&Z Loan as set forth herein is **APPROVED**. It is further

**ORDERED** that the Trustee is authorized to sell to the Buyer all of ILS Income Estate's right, title and interest in and to the Higher Echelon Loan and the B&Z Loan for the purchase price of $95,000.00 (the "*Purchase Price*"). It is further

**ORDERED** that the terms of the sale to Buyer are as follows:

a. The Buyer shall pay the Trustee Purchase Price in exchange for the conveyance of all the ILS Income Estate's right, title and interest, if any, in the Higher Echelon Loan and the B&Z Loan.

b. The conveyance of the Estate's interest in the Loans shall be made free and clear of any and all liens, claims, interests or other encumbrances pursuant to 11 U.S.C. 363.

c. The conveyance of the ILS Income Estate's interest in the Loans shall be made on an "as is, where is" basis, with no representations or warranties of any kind.

It is further

**ORDERED** that the Buyer shall pay the Purchase Price to the Trustee within five (5) business days from the date of this Order. It is further

**ORDERED** that upon payment of the Purchase Price in full, the sale of the ILS Income Estate's right, title and interest in the Higher Echelon Loan and the B&Z Loan shall be free and clear of all liens, claims, interests and other encumbrances of any kind or character, pursuant to 11 U.S.C. § 363(b) and (f), with any valid liens, claims, interests and other encumbrances, if any, to attach to

---

[1] All capitalized terms not defined herein shall have the respective meanings ascribed to them in the Motion.

329391688v1

the net sales proceeds with the same validity, extent, scope, perfected status and priority as the liens, claims, interests or encumbrance has against either the Higher Echelon Loan and/or the B&Z Loan, subject to the Trustee's avoidance powers, to the extent necessary.  It is further

**ORDERED** that the sale to the Buyer will be "as is, where is", with no representations or warranties of any kind other than the representation that the Trustee is the Chapter 7 Trustee of the ILS Income Estate.  It is further

**ORDERED** that the Buyer is hereby granted the protections of a good faith purchaser under 11 U.S.C. § 363(m).  It is further

**ORDERED** the consideration provided by the Buyer is fair and reasonable, and the sale may not be avoided under 11 U.S.C. § 363(n).  It is further

**ORDERED** that the *Assignment Agreement* attached to the Motion as **Exhibit 1** is **APPROVED**.  It is further

**ORDERED** that the *Assignment Agreement* attached to the Motion as **Exhibit 2** is **APPROVED**.  It is further

**ORDERED** that the Trustee is authorized to execute all documents necessary to effectuate the sale of the ILS Income Estate's interest in the Loans as contemplated under the Motion and this Order, including an assignment in substantially similar form to the Assignments attached to the Motion as **Exhibit 1** and **Exhibit 2**, and any endorsement of the Higher Echelon Promissory Note and the B&Z Promissory Note as necessary to transfer the notes to the Buyer.  It is further

**ORDERED** that any party receiving actual notice of the Motion, who asserts a lien, claim, interest or encumbrance against either the Higher Echelon Loan or the B&Z Loan must file a pleading with the Court within 45 days of the entry date of this Order or such lien, claim, interest and/or encumbrance is forever waived and discharged.  It is further

329391688v1

**ORDERED** that the terms and provisions of this Order shall be binding in all respects upon, and shall inure to the benefit of the Trustee, ILS Income, the ILS Income Estate, its creditors, the Buyer, and their respective successors and assigns, including without limitation, any subsequent Trustee appointed for the Debtor in this Chapter 7 case, and any affected third parties, including but not limited to, any person or entity asserting a claim or interest in either the Higher Echelon Loan or the B&Z Loan.  And it is further

**ORDERED** that this Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**Signed: Friday, June 12, 2026**

_____
Eduardo V. Rodriguez
Chief United States Bankruptcy Judge

4

329391688v1