EXHIBIT 1

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **In re:** | § | **Chapter 7** |
| | § | |
| **ILS Income Fund I LP,** *and* | § | **Case No. 25-37277 (EVR)** |
| **ILS Growth Fund I LP,** | § | |
| | § | |
| **Debtors.** | § | **(Jointly Administered)** |
| | § | |

## DECLARATION OF WILLIAM M. HANCOCK IN SUPPORT OF THE APPLICATION FOR EMPLOYMENT OF WOLFE, JONES, WOLFE, HANCOCK, DANIEL & SOUTH, LLC AS LOCAL BANKRUPTCY COUNSEL (AL) FOR THE BANKRUPTCY ESTATES OF ILS INCOME FUND I LP AND ILS GROWTH FUND I LP

I, William M. Hancock, declare under penalty of perjury:

1.      "I am an attorney licensed to practice in the State of Alabama and have been a member in good standing of the Alabama Bar since 2002. I am also admitted to practice before all Alabama state courts, United States Northern, Middle and Southern District Courts of Alabama, and the United States Court of Appeals for the 11th Circuit.

2.      I am a Partner with the law firm of Wolfe, Jones, Wolfe, Hancock, Daniel & South, LLC ("*Wolfe Jones*"), proposed local bankruptcy counsel for Ronald J. Sommers, the chapter 7 trustee (the "*Trustee*") for the above-styled jointly administered chapter 7 bankruptcy case (the "*Case*"). My office address is 905 Bob Wallace Ave SW, Huntsville, AL 35801. Wolfe Jones's main telephone number for its Huntsville Office is (256) 534-2205. More information on Wolfe Jones is available at https://wolfejones.com/.

3.      The Trustee has sought to engage Wolfe Jones to represent the Trustee in connection with the *In re Paradise Land, LLC* bankruptcy case currently pending in the Northern

District of Alabama, Huntsville Division, under case number 26-80915-CRJ11 (the *"Paradise Bankruptcy Case"*).

4. Wolfe Jones has attorneys with significant experience and expertise in matters which are likely to be needed in the proposed representation of the Trustee.

5. Pursuant to section 327(a) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (as amended, the *"Bankruptcy Code"*) and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the *"Rules"*), I make this declaration in support of the *Application for Employment of Wolfe, Jones, Wolfe, Hancock, Daniel & South, LLC as Local Bankruptcy Counsel (AL) for the Bankruptcy Estates of ILS Income Fund I LP and ILS Growth Fund I LP* (the *"Application"*).

### General Statement

6. As required by sections 327(a), 328(a), 329, and 504 of the Bankruptcy Code, Wolfe Jones represents that, to the best of its knowledge, it represents no interest adverse to the Trustee or the bankruptcy estates (the *"Estates"*) of ILS Income Fund I LP (*"ILS Income"*) and ILS Growth Fund I LP (*"ILS Growth"*, and collectively with ILS Income, the *"Debtors"*) in matters upon which Wolfe Jones is to be engaged by the Trustee.

### Connections to the Case

7. Wolfe Jones has no connection with the Debtors, their creditors or any other party-in-interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee and believes it is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code.

8. Wolfe Jones has process in place to check for conflicts of interest and other conflicts and connections. Wolfe Jones maintains a database containing the names of current, former and potential clients.

**EXHIBIT 1**

9. I caused Wolfe Jones to review and analyze its database, searching the last three (3) years for names of each of the creditors identified by the Debtors, the Debtors, and the parties-in-interest listed in the Debtors' schedules and statements of financial affairs in order to determine if any conflict of interest or other connection existed.

10. Based on the conflicts search conducted to date and described herein, to the best of my knowledge, after reasonable inquiry, Wolfe Jones has no connection with the Debtors, their creditors, any other party-in-interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

11. Wolfe Jones holds or represents no interest adverse to the Trustee or the Estates. The disclosures identified herein are based upon all information reasonably available to Wolfe Jones at the time of submission of the Application to the Bankruptcy Court for approval. If during the representation of the Trustee a conflict does arise, Wolfe Jones will immediately disclose such conflict to the Trustee and the Court and take all necessary steps to have non-conflicted counsel represent the Trustee in such matters.

12. Wolfe Jones is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code in that Wolfe Jones, its partners, counsel, and associates:

   a. are not creditors, equity security holder, or insiders of the Debtors;

   b. are not and were not, within two (2) years before the date of the filing of the petitions, a director, officer, or employee of the Debtors; and

   c. do not have an interest materially adverse to the interest of the Estate or of any class of creditors or equity security holder, by reasons of any direct or indirect relationship to, connection with, or interest in, the Debtors, or for any other reason.

13. Wolfe Jones does not believe that a conflict of interest exists with respect to its representation of the Trustee, the Estates, and any of its current representations.

### Terms of Engagement

14.     I will be designated as attorney-in-charge and will be responsible for the representation of the Trustee by Wolfe Jones.

15.     Wolfe Jones is being retained on a general hourly retainer agreement, with attorneys to be paid (upon approval by the Bankruptcy Court of its compensation applications) at their standard hourly rates.  The hourly rates are charged depending upon the level of the staff performing the service.  My current standard hourly rates for this engagement is $390.00 per hour.

16.     I have advised the Trustee that Wolfe Jones evaluates its rates periodically (typically, annually) and raises or lowers various rates to reflect market conditions.  Reimbursable expenses will be charged at the amounts incurred and no higher than the rates allowed by the Bankruptcy Local Rules of the Southern District of Texas.

17.     Wolfe Jones acknowledges and understands that payment of its fees and expenses is subject to Bankruptcy Court approval, and it is required to submit a fee application for approval prior to any payment on their incurred fees and expenses.  Wolfe Jones acknowledges that no payment will be made to Wolfe Jones except on an order of this Court approving the fees and expenses incurred by Wolfe Jones.

18.     Wolfe Jones further understands that pursuant to 11 U.S.C. § 331, Wolfe Jones may only apply for interim compensation not more often than once every 120 days.

### Conclusion

19.     In the view of the foregoing, I believe that the Wolfe Jones (i) does not hold or represent an interest adverse to the Debtors or the Estates, and (ii) is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code. Wolfe Jones recognizes, and takes very seriously, its continuing responsibility to be aware of, and to further disclose, any relationship

4

**EXHIBIT 1**

or connection between it and other parties-in-interest to the Debtors' respective Estates as they appear or become recognized during the Case.  Accordingly, we reserve the right to, and shall, supplement this disclosure, if necessary, as more information becomes available to us.  The foregoing constitutes the statement of the Wolfe Jones pursuant to Rule 2014(a)."

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed on July **29TH**, 2026

William M. Hancock, Partner
Wolfe, Jones, Wolfe, Hancock,
Daniel & South, LLC

5