**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Chapter 7** |
| | § | |
| **ILS Income Fund I LP, and** | § | **Case No. 25-37277 (EVR)** |
| **ILS Growth Fund I LP,** | § | |
| *Debtors.* | § | **(Jointly Administered)** |
| | § | |

**LIMITED OBJECTION OF GREENWORKS LENDING LLC, ON BEHALF OF
PACEWELL 3 LLC, TO TRUSTEE'S MOTION (I) AUTHORIZING THE SALE OF
CERTAIN ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, INTERESTS AND
ENCUMBRANCES PURSUANT TO 11 U.S.C. §§ 363(B) AND (F); (II) AUTHORIZING
AND APPROVING ASSET PURCHASE AGREEMENT; AND (III) GRANTING
RELATED RELIEF [DK# 142]**

COMES NOW, Greenworks Lending LLC ("Greenworks"), on behalf of PACEWell 3 LLC ("Capital Provider") pursuant to that certain Portfolio Administration Agreement by and among Capital Provider, Greenworks, and U.S. Bank National Association, and files this Limited Objection (this "Limited Objection") to the Trustee's Motion (I) Authorizing the Sale of Certain Assets Free and Clear of All Liens, Claims, Interests and Encumbrances Pursuant to 11 U.S.C. §§ 363(b) and (f); (II) Authorizing and Approving Asset Purchase Agreement; and (III) Granting Related Relief [Dk# 142] (the "Motion") filed by Ronald J. Sommers, Chapter 7 Trustee (the "Trustee") for the jointly administered bankruptcy estates of ILS Income Fund I LP ("ILS Income") and ILS Growth Fund I LP ("ILS Growth", and together with ILS Income, the "Estates"), and in support thereof respectfully states as follows:

### I.      PRELIMINARY STATEMENT

1.      Capital Provider is the beneficiary of a claim held by Galveston County, Texas (the "Local Government") against the real property commonly known as 402 – 33rd Street, Galveston, Texas 77550 (the "Falstaff Property"), owned by non-debtor JMK5 Falstaff Hotel, LLC ("Falstaff

Hotel"), arising from a Property Assessed Clean Energy ("PACE") loan in the original principal amount of $5,622,500.00 (the "PACE Loan"). The PACE Loan is secured by a contractual assessment lien on the Falstaff Property (the "PACE Lien") created and perfected pursuant to the Property Assessed Clean Energy Act, Texas Local Government Code Chapter 399 (the "PACE Act"). The PACE Lien constitutes a first and prior lien against the Falstaff Property that carries the same priority as a lien for ad valorem taxes, and is superior to all other liens, mortgages, or encumbrances of record against the Falstaff Property, including each of the notes and liens identified in the Motion as encumbering the Falstaff Property.

2. Greenworks and Capital Provider do not oppose the Trustee's efforts to liquidate the Estates' interest in the JMK5 Loan Portfolio and take no position on the Purchase Price, the identity of the Buyer, or the other business terms of the proposed sale. This Limited Objection is filed solely to ensure that the sale contemplated by the Motion (the "Sale"), and any order approving it (the "Sale Order"), does not affect, impair, extinguish, subordinate, or otherwise prime the Local Government's PACE Lien or Capital Provider's beneficial interest therein.

3. As explained below, the PACE Lien is senior to every note and lien identified in the Motion as encumbering the Falstaff Property, is not property of the Estates, and is not among the "Acquired Assets" the Trustee proposes to sell. Greenworks understands — and this Limited Objection is filed to confirm on the record — that the Motion and the Asset Purchase Agreement do not purport to sell, and the Sale Order should not be construed to affect the PACE Lien or its priority.

## II. JURISDICTION AND VENUE

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (N), and (O). Venue is proper in

this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### III.   BACKGROUND

**A.   THE MOTION**

5.      On August 4, 2026, the Trustee filed the Motion, seeking authority under 11 U.S.C. §§ 363(b) and (f) to sell the Estates' right, title and interest — together with the interests of certain Co-Owners — in certain notes, liens, and other loan documents (the "Acquired Assets") relating to the "JMK5 Loan Portfolio" to Impex DGW Capital, LLC (the "Buyer") for an aggregate purchase price of $27,866,000.00, subject to higher and better offers.

6.      The JMK5 Loan Portfolio includes five notes encumbering the Falstaff Property, all held in whole or in part by ILS Growth and/or ILS Income and identified in the Motion as the 1st, 2nd, 3rd, 5th, and 6th priority liens against the Falstaff Property. *See* Motion, Table 1 (Falstaff Hotel LLC rows).

7.      The Motion and the Amended and Restated Agreement Regarding Purchase of Notes and Liens attached to the Motion as Exhibit 1 (the "Asset Purchase Agreement") define "Acquired Assets" as the Estates' and certain Third-Party Holders' rights, title, and interest in and to the Notes, Liens, and other Loan Documents — that is, the promissory notes held by the Estates and the mortgage liens securing them. Neither the Motion, the Asset Purchase Agreement, nor the proposed Sale Order references the Local Government, Capital Provider, Greenworks, or any PACE assessment, and none purports to sell the Falstaff Property itself or any interest senior to the Acquired Assets.

**B.   THE PACE LOAN, PACE LIEN, AND PRIORITY OVER THE NOTES IDENTIFIED IN THE MOTION**

8.      On February 3, 2021, Greenworks made the PACE Loan to Falstaff Hotel in the

original principal amount of $5,622,500.00, pursuant to a PACE Owner Contract, a PACE Lender Contract, and a Financing Agreement, each dated February 3, 2021, entered into under the PACE Act, with the Local Government participating as the local government administering the Galveston County PACE Program.

9. The PACE Loan is secured by a Notice of Contractual Assessment recorded in the Official Public Records of Galveston County, Texas [Recording No. 2021009488] (creating the PACE Lien). Section 399.014 of the PACE Act provides that a contractual assessment recorded thereunder "is a first and prior lien against the real property on which the assessment is imposed . . . and has the same priority status as a lien for any other ad valorem tax." TEX. LOC. GOV'T CODE § 399.014(a).

10. Consistent with that statutory priority, and as required under the PACE Act, each existing mortgagee of the Falstaff Property at the time — ILS Lending, LLC, ILS Short Term Fund I, LP (predecessor to ILS Growth), and Silver Lending, LLC — executed a written Lender Consent to the PACE Assessment on October 14, 2020, expressly consenting to the imposition of the PACE Lien in its first and prior position ahead of their own liens.

11. Accordingly, the PACE Lien holds first and prior priority over each of the five notes and liens identified in the Motion as encumbering the Falstaff Property, including the note designated in the Motion as the "1st" priority lien on the Falstaff Property (which, notwithstanding that designation, is subordinate to the PACE Lien). The Debtors' own Schedules acknowledge the existence of the PACE Lien, listing a "CPACE ASSESSMENT" ahead of the numbered mortgage liens on the Falstaff Property, albeit with an unliquidated balance.

12. Attached hereto as Exhibit 1 are Exhibits A - C thereto, documenting the PACE Loan, the PACE Lien, and the Lender Consents described above.

## IV.    LIMITED OBJECTION

13.    Section 363(f) of the Bankruptcy Code permits a trustee to sell "property of the estate" free and clear of liens, claims, and interests in that property, subject to satisfaction of one of the five conditions set forth in subsections (f)(1) through (5). By its terms, and as confirmed by the definition of "Acquired Assets" in the Motion and the Asset Purchase Agreement, the property being sold consists of the Estates' own notes and mortgage liens against the JMK5 borrowers — not the underlying real property, which is owned by non-debtor special purpose entities, and not any lien, such as the PACE Lien, that is senior to and independent of the Estates' own liens.

14.    The PACE Lien is not property of the Estates, is not a Note, Lien, or Loan Document within the meaning of the Motion or the Asset Purchase Agreement and is not among the Acquired Assets. The Trustee accordingly has no authority under § 363(f) to sell, and the Motion does not seek to sell, the Falstaff Property or any interest senior to the Acquired Assets — including the PACE Lien — free and clear under this Motion. None of the § 363(f)(1)–(5) conditions has been alleged or satisfied as to the Local Government, Capital Provider, or the PACE Lien; neither has consented to any such sale, the PACE Lien is not the subject of a bona fide dispute, and the Motion does not address the PACE Lien at all.

15.    Greenworks files this Limited Objection, on behalf of Capital Provider, out of an abundance of caution to ensure that the broad "free and clear of all liens, claims, interests and encumbrances" language used in the Motion and proposed Sale Order is not later construed — whether by the Buyer, any Co-Owner, or any other party — to affect, impair, extinguish, subordinate, or prime the PACE Lien or the Local Government's first and prior priority position on the Falstaff Property.

**Page 5 of 7**

## V.    REQUESTED CLARIFICATION

16.    Greenworks, on behalf of Capital Provider, requests that any Sale Order entered by the Court include a provision substantially as follows:

*Notwithstanding anything to the contrary in this Order or the Asset Purchase Agreement, nothing herein shall affect, impair, extinguish, subordinate, or prime the first-priority lien held by Galveston County, Texas, and the beneficial interest of PACEWell 3 LLC therein, arising under that certain Notice of Contractual Assessment recorded against the real property commonly known as 402 – 33rd Street, Galveston, Texas 77550, in the Official Public Records of Galveston County, Texas, pursuant to Texas Local Government Code § 399.014. Such lien is not property of the Estates, is not included among the Acquired Assets, and shall survive the Sale unaffected and in its existing first and prior priority.*

## VI.    RESERVATION OF RIGHTS

17.    Greenworks and Capital Provider reserve all rights, claims, and defenses with respect to the Motion, the Sale, the Acquired Assets, and the Falstaff Property, including without limitation all rights regarding notice, valuation, and the amount and priority of the PACE Lien, and reserve the right to supplement this Limited Objection and to be heard at any hearing on the Motion.

## VII.    RELIEF REQUESTED

18.    For the foregoing reasons, Greenworks, on behalf of Capital Provider, respectfully requests that the Court (a) sustain this Limited Objection, (b) enter a Sale Order that includes the clarifying language requested above or otherwise confirms that the Sale does not affect the PACE Lien, and (c) grant such other and further relief as the Court deems just and proper.

Dated: August 14, 2026

Respectfully submitted,
MURRAY | LOBB, PLLC

By: */s/ Kyle L. Dickson*
Kyle L. Dickson
Southern District Bar No. 13441

**Page 6 of 7**

State Bar No. 05841310
2200 Space Park Dr., Suite 350
Houston, Texas 77058
Tel: (281) 488-0630
Fax: (281) 488-2039
Email: kdickson@murray-lobb.com
**ATTORNEYS FOR GREENWORKS
LENDING LLC, ON BEHALF OF
PACEWELL 3 LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on August 14, 2026, a true and correct copy of the foregoing Limited Objection was served upon the Trustee, Trustee's counsel, and all parties registered for electronic service in this case through the Court's ECF/PACER system, in accordance with the Federal Rules of Bankruptcy Procedure and the Local Rules of the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Kyle L. Dickson*