IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 7 |
| | § | |
| ILS INCOME FUND I LP, *and* | § | Case No. 25-37277 (EVR) |
| ILS GROWTH FUND I, LP | § | |
| | § | (Jointly Administered) |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## LIMITED OBJECTION TO TRUSTEE'S MOTION TO SELL
**[Relates to ECF No. 142]**

TO THE HONORABLE EDUARDO V. RODRIGUEZ, CHIEF UNITED STATES BANKRUPTCY JUDGE:

COMES NOW, Home Bank, N.A. ("***Home Bank***"), who files this Limited Objection to *Trustee's Motion (i) Authorizing the Sale of Certain Assets Free and Clear of All Liens, Claims, Interests and Encumbrances Pursuant to 11 U.S.C. §§ 363(b) and (f); (ii) Authorizing and Approving Asset Purchase Agreement; and (iii) Granting Related Relief* ("***Motion***") [ECF No. 142].

In support thereof, Home Bank submits the following:

### I.   BRIEF BACKGROUND

#### a.   *Interests Held By Home Bank As Successor By Merger to Texan Bank, N.A.*

1.     In or around March of 2022, Home Bank acquired Texan Bank, N.A. ("***Texan Bank***") and all its interests by way of merger between HBT Acquisition Corporation—a subsidiary of Home Bank's parent holding company, Home Bancorp, Inc.—and Friendswood Capital Corporation, Texan Bank's parent holding company.

2.     As successor by merger, Home Bank holds priority, secured status over certain real property located off Emmett F. Lowry Expressway, Texas City, Galveston County, Texas (the "***Property***") [1] which is owned by non-Debtor, JMK5 Racing, LLC ("***JMK5 Racing***") and is also subject to a junior lien held by now-Debtor, ILS Growth Fund I, LP.

3.     On or about November 13, 2020, JMK5 Racing executed a Balloon Real Estate Lien Note in the amount of $2,700,000.00 (the "***First Note***")[2] payable to Texan Bank.

4.     The indebtedness and performance of obligations owed to Home Bank as successor by merger pursuant to the First Note are secured by a Deed of Trust and Security Agreement recorded in the real property records of Galveston County, Texas under File No. 2020075154 on November 19, 2020 ("***First Deed of Trust***"). A Collateral Assignment of Rents and Leases in favor of Texan Bank was also recorded on this date.

5.     On or about April 1, 2021, JMK5 Racing executed a second Balloon Real Estate Note in the amount of $734,650.00 payable to Texan Bank (the "***Second Note***").

6.     The indebtedness and performance of obligations owed to Home Bank as successor by merger pursuant to the Second Note are secured by a Deed of Trust and Security Agreement recorded in the real property records of Galveston County, Texas under File No. 2021023379 on April 5, 2021 ("***Second Deed of Trust***"). A Collateral Assignment of Rents and Leases in favor of Texan Bank was also recorded on this date.

7.     On or about August 6, 2021, JMK5 Racing executed a third Balloon Real Estate Lien Note in the amount of $800,000.00 payable to Texan Bank (the "***Third Note***" and, together with the First Note and Second Note, collectively referred to as the "***Home Bank Notes***").

---

[1]     A complete legal description of the Property is further described in the later-referenced Home Bank Notes and Deeds of Trust.

[2]     Due to the volume of the security instruments referenced herein, copies are not attached as exhibits but will be made available upon request.

8.    The indebtedness and performance of obligations owed to Home Bank as successor by merger pursuant to the Third Note are secured by a Deed of Trust and Security Agreement recorded in the real property records of Galveston County, Texas under File No. 2021057720 on August 9, 2021 ("***Third Deed of Trust***," and, together with the First Deed of Trust and the Second Deed of Trust, collectively referred to as the "***Deeds of Trust***"). A Collateral Assignment of Rents and Leases in favor of Texan Bank was also recorded on this date.

9.    There are no unreleased security interests in the Property predating Home Bank's Deeds of Trust.

10.    As such, Home Bank presently has first priority—or more precisely, first, second, and third priority liens—on the Property.

### b.  *Other Liens And Interests On The Property.*

11.    Home Bank is not the only entity that has had an interest on the Property.

12.    On September 29, 2023, a "Fifth Lien Commercial Deed of Trust, Security Agreement, Assignment of Leases and Rents, Financing Statement and Fixture Filing" granted in favor of ILS Lending, LLC was recorded in the real property records of Galveston County, Texas under File No. 2023046492 (the "***Fifth Lien***").[3]

13.    The Fifth Lien appears to have been subsequently assigned on various dates through percentage-based assignments, and is now currently held by Debtor ILS Growth Fund I, LP and non-Debtor KK Houston Properties, Inc. *See* ECF No. 142 at 8.

---

[3]    Home Bank believes that the Debtor's "Fifth" designation results from counting a Deed of Trust in favor of WestStar Bank which had been recorded in the real property records of Galveston County, Texas on June 1, 2017 under File No. 2017035042 (the "***WestStar Deed of Trust***"). A Release of the WestStar Deed of Trust was recorded in the real property records of Galveston County, Texas under File No. 2020003280 on January 15, 2020.

14. This Fifth Lien is identified in the Trustee's Motion as one of the assets subject to sale in the JMK5 Loan Portfolio. ECF No. 142 at 8.

15. By virtue of the subsequent recording date of the Fifth Lien, the Debtors' estate—through the assignment made to ILS Growth Fund I, LP—has a lien position **junior** / **inferior** to Home Bank's position on the Property.

## II.  BASIS FOR LIMITED OBJECTION

16. Pursuant to 11 U.S.C. § 363(f)(3), the Trustee may sell property "free and clear of any interest in such property of an entity other than the estate" so long as "such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property."

17. The Motion states that, "[p]ursuant to the terms of the Asset Purchase Agreement the following notes (the 'Notes'), their associated mortgage documents and liens (the 'Liens'), and other related loan documents, including any related guarantees (collectively, the 'Acquired Assets') will be sold to the Buyer in exchange for payment of the Purchase Price." ECF No. 142 at 6, ¶ 20.

18. As stated previously, these Notes include the Fifth Lien held by the Debtor on the Property.

19. Further, the Motion, along with the proposed Asset Purchase Agreement, refer to a chart demonstrating this Fifth Lien as one of the Acquired Assets included in the sale of the entire JMK5 Portfolio. ECF No. 142 at 8; *id*. at 12, § 32; ECF No. 142-1 at 13.

20. As written, this suggests that only the Fifth Lien will be sold pursuant to the Asset Purchase Agreement and that any other superior liens (i.e. Home Bank's Deeds of Trust) will remain on the Property. S*ee* ECF No. 142-1 at 29.

4

21. However, the Motion later states that "there will likely be sufficient proceeds allocated to the particular collateral assigned to Notes to satisfy the obligation, and that such party will consent." ECF No. 142 at 13, ¶ 34.

22. This statement regarding proceeds could be misinterpreted. It is unclear whether Home Bank's superior liens are fully protected upon the sale of the Fifth Lien, or whether this statement is even related to the Non-Gemini Acquired Assets (as opposed to the Gemini Acquired Assets or Collaterally Assigned Notes as detailed in Exhibit 3 to the Motion). *See* ECF No. 142 at 8, 13.

23. To the extent that the Motion seeks to sell the Fifth Lien on the Property and concurrently cancel Home Bank's priority liens without their full satisfaction, Home Bank objects to the sale.

24. Should the Court be so inclined to permit the sale, Home Bank requests that any such order granting the sale include specific language that Home Bank's priority liens will not be altered or canceled by the sale of the Fifth Lien on the Property.

## III.  RESERVATION OF RIGHTS

25. Home Bank expressly reserves the right to amend or supplement this Limited Objection and otherwise take any additional or further action with respect to the subject matter hereof. Nothing herein is intended to nor shall be construed as a waiver or limitation of any rights or remedies of Home Bank, all of which are fully preserved.

## IV.  PRAYER

WHEREFORE, Home Bank, N.A. respectfully requests that this Limited Objection be deemed timely-filed and that this Honorable Court deny the *Trustee's Motion (i) Authorizing the Sale of Certain Assets Free and Clear of All Liens, Claims, Interests and Encumbrances Pursuant*

5

*to 11 U.S.C. §§ 363(b) and (f); (ii) Authorizing and Approving Asset Purchase Agreement; and (iii) Granting Related Relief* [ECF No. 142], or, in the alternative, include specified language pertaining to Home Bank's superior lien status in any such order granting the sale.

Respectfully submitted on August 14, 2026,

GORDON, ARATA, MONTGOMERY, BARNETT, MCCOLLAM, DUPLANTIS & EAGAN, LLC

By: */s/ Armistead M. Long*
**Armistead M. Long**
Texas Bar No. 24035576
S.D. Tex. Bar No. 631204
1015 Saint John Street
Lafayette, Louisiana, 70501
Telephone: 337.237.0132
Facsimile: 337.237.3451
E-Mail: along@gordonarata.com

**Nicholas Zuguro**
Texas Bar No. 24070905
S.D. Tex. Bar No. 1054893
**Jean M. Smith**
Texas Bar No. 24152594
S.D. Tex. Bar No. 3940207
1001 Fannin Street, Suite 3850
Houston, Texas 77002-6799
Telephone: 713.333.5500
E-Mails: nzugaro@gordonarata.com
         jsmith@gordonarata.com

*Counsel for Home Bank, N.A.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of August, 2026, a copy of the foregoing *Limited Objection to Trustee's Motion to Sell* was served in accordance with the Federal and Local Rules of Bankruptcy Procedure upon all parties receiving electronic notice through PACER/ECF and upon the below-listed pertinent parties via first-class mail, postage prepaid:

| | |
|---|---|
| **Debtors**<br>ILS Income Fund I, LP *and*<br>ILS Growth Fund I, LP<br>P.O. Box 87<br>Flynn, Texas 77855 | **Debtors' Counsel**<br>Elyse M. Farrow<br>Melissa Anne Haselden<br>708 Main St., 10th Floor<br>Houston, Texas 77002 |
| **Counsel for the Chapter 7 Trustee**<br>Simon R. Mayer<br>Troutman Pepper Locke LLP<br>600 Travis St., Ste. 2800<br>Houston, Texas 77002 | **Office of the United States Trustee**<br>515 Rusk Ave., Ste. 3516<br>Houston, Texas 77002 |
| **Proposed Buyer**<br>Impex DGW Capital, LLC<br>5251 Westheimer Rd., Ste. 925<br>Houston, Texas 77056 | **Non-Debtor/Co-Noteholder**<br>KK Houston Properties, Inc.<br>ATTN: Robert Burford<br>909 Fannin St., Ste. 2630<br>Houston, Texas 77010 |

*/s/ Armistead M. Long*
Armistead M. Long