**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Chapter 7** |
| | § | |
| **ILS Income Fund I LP, and** | § | **Case No. 25-37277 (EVR)** |
| **ILS Growth Fund I LP,** | § | |
| ***Debtors.*** | § | **(Jointly Administered)** |

**ORDER SUSTAINING LIMITED OBJECTION OF GREENWORKS LENDING LLC, ON BEHALF OF PACEWELL 3 LLC, TO TRUSTEE'S MOTION (I) AUTHORIZING THE SALE OF CERTAIN ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES PURSUANT TO 11 U.S.C. §§ 363(B) AND (F); (II) AUTHORIZING AND APPROVING ASSET PURCHASE AGREEMENT; AND (III) GRANTING RELATED RELIEF [Dk# 142]**

The Court has considered the Limited Objection of Greenworks Lending LLC, on Behalf of PACEWell 3 LLC, to Trustee's Motion (I) Authorizing the Sale of Certain Assets Free and Clear of All Liens, Claims, Interests and Encumbrances Pursuant to 11 U.S.C. §§ 363(b) and (f); (II) Authorizing and Approving Asset Purchase Agreement; and (III) Granting Related Relief [Dkt. No. 142] (the "Limited Objection"), filed by Greenworks Lending LLC ("Greenworks"), on behalf of PACEWell 3 LLC ("Capital Provider"), in connection with the Trustee's Motion (I) Authorizing the Sale of Certain Assets Free and Clear of All Liens, Claims, Interests and Encumbrances Pursuant to 11 U.S.C. §§ 363(b) and (f); (II) Authorizing and Approving Asset Purchase Agreement; and (III) Granting Related Relief [Dkt. No. 142] (the "Motion") filed by Ronald J. Sommers, Chapter 7 Trustee (the "Trustee") for the jointly administered bankruptcy estates of ILS Income Fund I LP ("ILS Income") and ILS Growth Fund I LP ("ILS Growth", and together with ILS Income, the "Estates"). Based upon the representations of Greenworks and the Trustee, and there being no objection to the relief requested in the Limited Objection, the Court is of the opinion that the Limited Objection should be sustained. The Court finds as follows:

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (N), and (O). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. Capital Provider is the beneficiary of a claim held by Galveston County, Texas (the "Local Government") against the real property commonly known as 402 – 33rd Street, Galveston, Texas 77550 (the "Falstaff Property"), owned by non-debtor JMK5 Falstaff Hotel, LLC, arising from a Property Assessed Clean Energy loan in the original principal amount of $5,622,500.00, secured by a contractual assessment lien on the Falstaff Property (the "PACE Lien") created and perfected pursuant to the Property Assessed Clean Energy Act, Texas Local Government Code Chapter 399 (the "PACE Act").

3. Pursuant to Texas Local Government Code § 399.014(a), the PACE Lien constitutes a first and prior lien against the Falstaff Property with the same priority status as a lien for ad valorem taxes, and is senior to each of the notes and liens identified in the Motion as encumbering the Falstaff Property, including the note identified in the Motion as the "1st" priority lien on the Falstaff Property.

4. The PACE Lien is not property of the Estates, is not a Note, Lien, or Loan Document within the meaning of the Motion or the Asset Purchase Agreement attached thereto, and is not included among the "Acquired Assets" the Trustee proposes to sell pursuant to the Motion.

5. Neither the Motion nor the Asset Purchase Agreement purports to sell, and no order approving the Motion should be construed to sell, the Falstaff Property or any interest senior to the Acquired Assets, including the PACE Lien, free and clear pursuant to 11 U.S.C. § 363(f).

6. The relief requested in the Limited Objection is in the best interest of Greenworks, Capital Provider, the Estates, and the Falstaff Property, and does not affect the relief sought by the

Trustee in the Motion as to the Acquired Assets.

Based upon the foregoing Findings of Fact, it is, therefore ORDERED that the Limited Objection is SUSTAINED. It is further

ORDERED that, notwithstanding anything to the contrary in the Motion, the Asset Purchase Agreement, or any order granting the Motion or approving the sale of the Acquired Assets (including any Sale Order entered in connection with the Motion), nothing in the Motion, the Asset Purchase Agreement, or any such order shall affect, impair, extinguish, subordinate, or prime the first-priority lien held by the Local Government, and the beneficial interest of Capital Provider therein, arising under that certain Notice of Contractual Assessment recorded against the Falstaff Property in the Official Public Records of Galveston County, Texas, pursuant to Texas Local Government Code § 399.014. It is further

ORDERED that the PACE Lien is not property of the Estates, is not included among the Acquired Assets, and shall survive the sale of the Acquired Assets contemplated by the Motion unaffected and in its existing first and prior priority. It is further

ORDERED that any order granting the Motion and approving the sale of the Acquired Assets to the Buyer shall include, or shall be deemed to incorporate, the foregoing clarification regarding the PACE Lien. It is further

ORDERED that all rights, claims, and defenses of Greenworks and Capital Provider with respect to the Motion, the sale of the Acquired Assets, the Acquired Assets, and the Falstaff Property, including without limitation all rights regarding notice, valuation, and the amount and priority of the PACE Lien, are preserved. It is further

ORDERED that this Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: ______________________

______________________________
Eduardo V. Rodriguez
Chief United States Bankruptcy Judge