**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Chapter 7** |
| | § | |
| **ILS Income Fund I LP, *and*** | § | **Case No. 25-37277 (EVR)** |
| **ILS Growth Fund I LP,** | § | |
| | § | |
| **Debtors.** | § | **(Jointly Administered)** |
| | § | |

**<u>CHAPTER 7 TRUSTEE'S MOTION TO LIMIT NOTICE</u>**

**This motion seeks an order that may adversely affect you. If you oppose the motion, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response within 21 days of the date this was served on you. Your response must state why the motion should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the motion and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the motion at the hearing.**

**Represented parties should act through their attorney.**

**To the Honorable Eduardo V. Rodriguez,**
**Chief United States Bankruptcy Judge:**

Ronald J. Sommers (the "***Trustee***"), chapter 7 trustee of the estates of ILS Income Fund I LP and ILS Growth Fund I LP (collectively, the "***Debtors***"), files this *Motion to Limit Notice* ("***Motion***"), and in support would show the Court as follows:

**<u>Background</u>**

3. ILS Income Fund I LP ("***ILS Income***") and ILS Growth Fund I LP ("***ILS Growth***") each filed voluntary petitions for relief under chapter 7 of the United States Bankruptcy Code, 11 U.S.C. § 101, *et seq*. (the "***Bankruptcy Code***") on December 1, 2025 (the "***Petition Date***").

4. Shortly thereafter, the Trustee was appointed as chapter 7 trustee for the Debtors' bankruptcy estates.

5. On December 8, 2025, the Debtors filed their verified creditor matrices in their respective Chapter 7 Cases. [Case No. 25-37277, Docket No. 5 and Case No. 25-37281, Docket No. 5] (collectively, the "***Creditors Matrices***").

6. On December 15, 2025, the Court ordered the bankruptcy cases jointly administered. [Docket No. 7].

7. The Trustee has acted diligently since his appointment to identify and investigate the Debtors' assets.

8. The combined creditor matrices currently on file for the Debtors include approximately 720 creditors and/or parties in interest. After removing exact duplicate entries, the total number of creditors and/or parties in interest is approximately 595. As a result, the cost to send and serve notice for an eight-page motion and proposed order (printed two pages per sheet of paper) to the matrix of 595 parties would be at least $916.30, based on $0.19 per page printing costs and $0.78 for postage. Given the number of parties on the matrices, the cost of serving all filings on all parties is cost prohibitive.

9. A majority of the parties listed in the matrices appear to be investors in the limited partnership interest of the Debtors. The ILS Income's schedules list 36 secured and unsecured creditors and their notice parties. [Docket No. 9, p.35–48]. The ILS Growth's schedules list 38 secured and unsecured creditors and their notice parties. [Docket No. 8, p.43–57]. It appears that a significant majority of the remaining 521 parties on the mailing matrices are investors.

10. The Debtors provided the Trustee with partner/investor lists. Each appears to identify each investor in the particular fund, each investor's alleged capital account balance, their respective contact information, among other information.

11. Requiring notice of all matters to all creditors, investors, and parties in interest has created an administrative burden on the two bankruptcy estates. The Trustee therefore seeks to limit notice to the following parties: (a) a party against whom relief is sought and its counsel, if known; (b) the Debtors, through their Counsel; (c) the Trustee; (d) any parties requesting and receiving notice through ECF; (e) all secured and unsecured creditors of each of the Debtors identified on the Debtors' schedules, including their notice parties; (f) any party known to be asserting an interest in property affected by the motion; (g) any party known to be claiming a lien on any property affected by the motion; (h) the top twenty (20) largest investors (by contribution amount) for each of the Debtors as identified on **Exhibit 1**; (i) the U.S. Trustee through ECF; (j) any party who has filed a *Notice of Appearance and Request for Notice*; and (k) any party on whom the Court has ordered notice.

12. By limiting notice as described herein, the Trustee seeks to preserve the assets of the estates for the benefit of all creditors by reducing the administrative expense burden. Of course, the Court could at any time order the Trustee to serve a particular pleading or notice on all parties if the Court were to decide that such pleading or notice warranted service on all parties. Furthermore, the relief requested is designed to ensure that any creditor who has asserted an interest in property will receive notice of a motion that may affect that interest, including lien rights in the property. Finally, by serving out the Notice for Service, the Trustee has provided all parties who wish to continue to receive notice in this Case with a process by which they may do so.

13. Attached hereto as **Exhibit 2** is a form of notice which includes a template *Notice of Appearance and Request for Notice*. The Trustee proposes to send this notice to all known creditors, investors, and parties in interest. The notice provides instructions for a party who would like to continue receiving notices in this Case. The Trustee requests that the Court authorize the Trustee to mail this document to all known creditors, investors and parties in interest.

14. This Motion is being served on all known creditors, investors, and parties in interest to give parties notice of the relief sought herein.

Ronald J. Sommers, Chapter 7 Trustee for the Debtors, prays that the Court limit future notices in this case as requested herein and grant any other appropriate relief.

Dated: October 22, 2026

Respectfully submitted,

*/s/ Simon R. Mayer*

Simon R. Mayer
Texas Bar Number 24060243
**TROUTMAN PEPPER LOCKE LLP**
600 Travis Street, Suite 2800
Houston, Texas 77002
Telephone: 713-226-1200
Email: simon.mayer@troutman.com

AND

Elizabeth M. Guffy
Texas Bar Number 08592525
**ELIZABETH M. GUFFY, ATTORNEY AT LAW**
1116 Autrey Street
Houston, Texas. 77006
Telephone: 832-715-3654
Email: eguffy@eguffylaw.onmicrosoft.com

***Attorneys for***
***Ronald J. Sommers, Chapter 7 Trustee***

**Certificate of Service**

I certify that on October 22, 2026, a copy of the foregoing document was served on parties listed below who are registered for electronic service via the Court's Electronic Case Filing System.

- T. Josh Judd on behalf of ILS Action Group of Investors
- Jeannie Andresen on behalf of City of Webster, Galveston County
- Daniel Joseph Gierut on behalf of Horizon Turf Grass Inc.
- Daniel Joseph Gierut on behalf of R&R Turf Farms LP
- Lydia R Webb on behalf of Donald Sutton
- Misty A. Segura on behalf of The Mint National Bank
- Richard A, Battaglia on behalf of Jet Lending LLC
- Aaron J. Power on behalf of Good Bull Lending L.P.
- Reginald J. Fox on behalf of Intervenors
- W. Lee Keeling on behalf of Greg Garcia
- Elyse M. Farrow on behalf of ILS Income Fund I LP
- Elyse M. Farrow on behalf of ILS Growth Fund I LP
- Melissa Anne Haselden on behalf of ILS Income Fund I LP
- Melissa Anne Haselden on behalf of ILS Growth Fund I LP
- Armistead Mason Long on behalf of Home Bank N.A.
- Jean Marie Smith on behalf of Home Bank N.A.
- Douglas James Buncher on behalf of Horizon Turf Grass Inc., and related parties
- John Mark Stern on behalf of Texas Comptroller of Public Accounts Revenue Accounting Division
- Kim Ellen Lewinski on behalf of KJT Memorial Foundation
- Kyle L Dickson on behalf of Greenworks Lending LLC
- W Lee Keeling on behalf of Greg Garcia
- Ronald J Sommers
- Elizabeth M. Guffy on behalf of Trustee Ronald J. Sommers
- Simon R. Mayer on behalf of Trustee Ronald J. Sommers
- US Trustee

*/s/ Simon R. Mayer*
Simon R. Mayer