**Exhibit 1**

MARC P. GORDON
ATTORNEY AND COUNSELOR AT LAW

4545 Post Oak Place
Suite 304
Houston, Texas 77027
(713) 974-5595
(713) 974-5596 Fax

October 20, 2026

(Via Email rsommers@nathansommers.com)
Ron Sommers,
Chapter 7 Trustee for ILS Growth Fund I LP & ILS
Income Fund I LP
1400 Post Oak Blvd., Suite 300
Houston, Texas 77056

Re: Engagement Agreement for Legal Representation of Ronald J. Sommers, as Trustee ("Client") for ILS Growth Fund I LP ("Debtor") by Marc P. Gordon (the "Lawyer")

Dear Mr. Sommers:

This Agreement, with an effective date of September 29, 2026, confirms the engagement of the Lawyer by the Client to notice, to post and to conduct a foreclosure sale of approximately 6.32 acres of commercial real property located at or near 10000 Emmett Lowry Expressway in Galveston County, Texas.

To avoid any misunderstanding regarding the scope of engagement and the identity of Client in this matter, Client acknowledges and agrees that he is the Lawyer's client and the only person or entity to whom Lawyer's professional duties extend; Lawyer does not and will not represent KK Houston Properties, Inc. Lawyer acknowledges and agrees that Client is a fiduciary for the Debtor's Chapter 7 estate and its creditors. Client understands that Lawyer does not practice either bankruptcy or litigation law and will not offer counseling in regard to any aspect of the Debtor's pending Chapter 7 case.

Lawyer's representation does not entail a continuing obligation to advise you concerning subsequent legal developments that might have a bearing on the affairs of Client.

In return for such representation, Client agrees to pay Lawyer reasonable attorneys' fees of $525.00 per hour. In addition to such fees, Client agrees to reimburse Lawyer for all reasonable expenses incurred in such matter including postage, long distance calls, courier and special delivery services, transportation costs and any other out-of-pocket expenses incurred in connection with such matters. Any figures quoted as to the total cost of legal services are merely estimates, based on stated hypothetical occurrences and they cannot be relied upon as an accurate estimate. Having said that, Lawyer estimates the total professional fees for this engagement to be $5,800.00.

Lawyer shall render monthly statements to Client detailing the work done during the prior month, the amount charged for such work, and all expenses incurred. All time shall be recorded in one-tenth (1/10) of an hour increments.

Notwithstanding anything to the contrary in this letter, the parties understand that Lawyer's engagement is subject to approval by the Bankruptcy Court in the Chapter 7 bankruptcy case styled In re ILS Growth Fund I LP (the "Bankruptcy Case") that is currently pending in the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the “Bankruptcy Court”), and which is jointly administered with that of ILS Income Fund I LP under Case No. 25-37277. Prior to payment of his fees and expenses, Lawyer must submit his fees and expenses to the Bankruptcy Court approval, and such payment is conditioned upon such approval. Lawyer understands that, under applicable provisions of the Bankruptcy Code, he may only apply to the Bankruptcy Court for interim compensation not more often than once every one hundred twenty (120) days.

Client agrees to pay all invoices promptly upon approval by the Bankruptcy Court. In the event that Lawyer’s invoices are not paid promptly after approval by the Bankruptcy Court, Lawyer reserves the right to withdraw as counsel to Client, provided that such withdrawal must be approved by the Bankruptcy Court.

All client-supplied materials and all attorney end product (collectively, “Client Materials”) are the property of the Client. Attorney work product is the property of the Lawyer. After completion of the matter, Lawyer shall return all documents provided by Client as well as all original documents generated in connection with the representation. Client has an affirmative duty to retrieve those Client Materials or to direct Lawyer to forward the Client Materials to Client at Client’s expense. Lawyer may retain copies of all such documents as well as all other materials. If Client fails to retrieve the Client Materials or to request Lawyer to forward them no later than one hundred eighty (180) days from the date of the conclusion of this engagement, this failure shall be regarded as Client’s authorization for Lawyer to destroy the client materials without further notice to Client. Lawyer may destroy any of Client’s files at any time with Client’s written consent and in any event, after five years from the conclusion of the representation. During that five-year period, Lawyer shall make such files available to Client for copying. No further notice to Client will be required prior to such destruction.

Nothing in this agreement and nothing in my statements to Client will be construed as a promise or guarantee about the outcome of Client's matter. Lawyer makes no such promises or guarantees and shall be paid for professional services rendered and expenses incurred regardless of the outcome of the Client's matter contemplated hereby. Client recognizes that Lawyer's entitlement to payment of

fees and expenses is not contingent upon the results obtained. To enable Lawyer effectively to perform the services contemplated, it is essential that Client disclose fully and accurately all facts and



keep Lawyer apprised of all developments relating to this matter. Client agrees to fully cooperate with Lawyer, and render such assistance to Lawyer, in Lawyer's performing its services as may be requested by Lawyer from time to time. Client agrees that in the event of either a billing dispute occurring between Lawyer and Client or non-payment of professional fees, costs or expenses by Client, then Lawyer may disclose to third parties Client information concerning such dispute and non-payment.

Client may terminate Lawyer's employment for cause or without cause by notifying Lawyer in writing of such termination. In the event of such termination, Client shall pay to Lawyer all professional fees, costs, and expenses that are accrued as provided in this agreement, and Lawyer shall not be entitled to any further compensation. Lawyer likewise reserves the right to terminate this Agreement with or without cause by notifying Client in writing of such termination; provided, however, if Client does not consent to the termination, such termination will not be effective until approved by the Bankruptcy Court. In the event of such termination, Client shall pay to Lawyer all professional fees earned by Lawyer up to the time of such termination and all costs and expenses incurred by Lawyer up to the time of termination, in accordance with the terms of this agreement.

Client understands that while Lawyer may share offices with other lawyers, Lawyer is not in partnership with any other lawyer. Client understands that Lawyer is the only lawyer providing legal services to Client.

This Agreement shall be governed by the laws of the State of Texas without regard to provisions pertaining to conflicts of law. This Agreement contains the entire agreement between Client and Lawyer regarding the matters described herein and supersedes all prior oral or written agreements regarding the subject matter hereof. This Agreement may only be amended in writing by Client and Lawyer, with approval from the Bankruptcy Court. This Agreement shall be binding upon Client and Lawyer and their respective heirs, executors, legal representatives, successors and assigns. If this letter does not accurately reflect our agreement in connection with the engagement of the Lawyer, please advise me immediately in writing.

I certainly appreciate the opportunity to represent you with respect to the matter referred to herein.

Sincerely,

Marc P. Gordon

ACCEPTED AND AGREED:

________________________________
Ron Sommers, as Chapter 7 Trustee
for ILS Growth Fund I LP & ILS Income Fund I LP