**EXHIBIT 2**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Chapter 7** |
| **ILS Income Fund I LP, *and* ILS Growth Fund I LP,** | § | **Case No. 25-37277 (EVR)** |
| **Debtors.** | § | **(Jointly Administered)** |

**DECLARATION OF MARC P. GORDON IN SUPPORT OF APPLICATION FOR EMPLOYMENT OF MARC P. GORDON AS SPECIAL GALVESTON COUNTY FORECLOSURE COUNSEL FOR THE ESTATE OF ILS GROWTH FUND I LP**

I, Marc P. Gordon, declare under penalty of perjury:

1. "I am an attorney licensed to practice in the State of Texas and have been a member in good standing of the Texas Bar since 1974. I am also admitted to practice before the United States District Court for the Southern District of Texas

2. I am Marc P. Gordon ("***Gordon***), proposed Special Galveston County Foreclosure Counsel for Ronald J. Sommers, as the chapter 7 trustee (the "***Trustee***") for the bankruptcy case of ILS Growth Fund I LP, which is jointly administered with the chapter 7 bankruptcy case of ILS Income Fund I LP (together, the "***Cases***"). My office address is 4545 Post Oak Place, Suite 304, Houston, Texas 77027. My office telephone number is 713-974-5595, and my office email address is mpgordon@marcgordonlaw.com.

3. Pursuant to section 327(a) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (as amended, the "***Bankruptcy Code***") and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "***Rules***"), I make this declaration in support of the *Application for Employment of*

**EXHIBIT 2**

*Marc P. Gordon as Special Galveston County Foreclosure Counsel for the Bankruptcy Estate of ILS Growth Fund I LP* (the "***Application***").

**GENERAL STATEMENT**

4. As required by sections 327(a), 328(a), 329, and 504 of the Bankruptcy Code, I represent that, to the best of my knowledge, I represent no interest adverse to the Trustee or the bankruptcy estates (the "***Estates***") of ILS Income Fund I LP ("***ILS Income***") and ILS Growth Fund I LP ("***ILS Growth***", and collectively with ILS Income, the "***Debtors***") in matters upon which the I am to be engaged by the Trustee.

5. Except as set forth herein, I have no connection with the Debtors, their creditors or any other party-in-interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee, and I believe that I am a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code.

6. I have reviewed and analyzed my records for the last three (3) years for names of each of the creditors identified by the Debtors, the Debtors, and the parties-in-interest listed in the Debtors' schedules and statements of financial affairs in order to determine if any conflict of interest or other connection existed.

7. Based on the conflicts search conducted to date and described herein, to the best of my knowledge, after reasonable inquiry, I have no connection with the Debtors, their creditors, any other party-in-interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee.

8. I do not hold any interest adverse to the Trustee or the Estates on the matters on which I am to be engaged. The disclosures identified herein are based upon all information reasonably available to me at the time of submission of the Application to the Bankruptcy Court

**EXHIBIT 2**

for approval. If during the representation of the Trustee a conflict does arise, I will immediately disclose such conflict to the Trustee and the Court and take all necessary steps to have non-conflicted counsel represent the Trustee in such matters.

9. The disclosures identified herein are based upon all information reasonably available to me at the time of submission of the Application to the Bankruptcy Court for approval. I will, to the extent necessary, supplement this Declaration as may be required by the Bankruptcy Code and Rules if and when any other relationships exist or are modified such that further disclosure is required.

10. I am a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code in that I:

a. Am not a creditor, equity security holder, or insider of the Debtors;

b. am not and was not, within two (2) years before the date of the filing of the petitions, a director, officer, or employee of the Debtors; and

c. do not have an interest materially adverse to the interest of the Estates or of any class of creditors or equity security holder, by reasons of any direct or indirect relationship to, connection with, or interest in, the Debtors, or for any other reason.

11. Based on the above, I do not believe that a conflict of interest exists with respect to my representation of the Trustee and the Estate of ILS Growth.

## SCOPE OF PROPOSED REPRESENTATION

12. The scope of my proposed retention as Special Galveston County Foreclosure Counsel includes the following:

(a) analysis of the relevant deed of trust and other loan documents with regard to the Property, as that term is defined in the Application;

(b) preparation of the documents necessary to conduct a foreclosure sale of the Property;

(c) posting the Property for the foreclosure sale; and

**EXHIBIT 2**

(d) conducting the foreclosure sale of the Property.

**TERMS OF GORDON'S ENGAGEMENT**

13. I have agreed to the hourly fee as set forth in the application and **Exhibit 1** to the application. The agreement is the product of free and arms-length discussions. To date, I have not received any funds from the Debtors, their estates or the Trustee in connection with the proposed representation as Special Galveston County Foreclosure Counsel for the Estate of ILS Growth.

14. For any compensation I receive as Special Galveston County Foreclosure Counsel, I have not promised, either directly or indirectly to share any such compensation with any other persons, nor do I have any agreement for the payment of attorney's fees and expenses expect as stated herein.

**CONCLUSION**

15. In the view of the foregoing, I believe that I (i) do not hold or represent an interest adverse to the Debtors or the Estates, and (ii) am a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code. I recognize, and take very seriously, my continuing responsibility to be aware of, and to further disclose, any relationship or connection between me and other parties-in-interest to the Debtors' respective Estates as they appear or become recognized during the Cases. Accordingly, I reserve the right to, and shall, supplement this disclosure, if necessary, as more information becomes available to us. The foregoing constitutes my statement pursuant to Rule 2014(a)."

**EXHIBIT 2**

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed on October 27, 2026

*/s/ Marc P. Gordon*
Marc P. Gordon